UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOE, | Case No.: 7:21-cv-03193-JD |
| **Plaintiffs,** | |
| vs. | **COMPLAINT** |
| | **(Jury Trial Demanded)** |
| LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, | |
| **Defendants.** | |

The Plaintiff, complaining of the Defendants, would respectfully show the Court the following:

## INTRODUCTION

1.    This is an action arising from Defendant Collins Murphy's (hereinafter referred to as "Defendant Murphy") intentional act of placing hidden spy cameras in the women's locker room. These spy cameras were used for the purpose of surreptitiously filming the Plaintiffs and other women in all stages of undress and then posting the video footage onto the Co-Defendants websites.

2.    The failure of Defendant Limestone College to reasonably investigate Defendant Murphy throughout the hiring process, despite similar sexual allegations being made against Defendant Murphy prior to his hiring, which resulted in the invasion of privacy and emotional distress of the Plaintiffs.

3.    The deliberate motivation of Defendants MG Freesites, Ltd. and Hammy Media Ltd. that lead to the creation of sexually lewd content for financial gain which resulted in the

surreptitious filming of nine innocent girls who can never regain their innocence nor their peace of mind as naked images of them are now available on the internet.

## PARTIES AND VENUE

4.      Plaintiff, Jane Doe (hereinafter referred to as "Plaintiff"), is and was at all times mentioned herein, a citizen and resident of Jeffersonville, Clark County, Indiana.

5.      At present, and all times relevant to this action, Defendant Limestone College (hereinafter referred as "Defendant Limestone") is a private co-ed liberal arts college located at 1115 College Drive, Gaffney, South Carolina 29340, and carries out its business by and through its agents, servants, and/or employees, and is therefore directly and vicariously liable for the wrongful acts described in this Complaint.

6.      Defendant, Collins Murphy, is a citizen and resident of Rockville, Maryland. At all times mentioned herein, Defendant, Collins Murphy, was employed by Limestone College as its intramural/summer conference director.

7.      Under the doctrine of *respondeat superior*, Defendant Limestone was and is responsible for the actions and conduct of Defendant Murphy done while employed by Limestone as its agent and employee and Defendants are thereby jointly and severally liable to Plaintiffs for their injuries and damages.

8.      Defendant MG Freesites, Ltd., d/b/a Pornhub.com (hereinafter referred to as "Defendant Pornhub") is a Cypress company with headquarters located at Block 1, Dali Industrial Area, 195-197 Old Road Nicosia-Limassol Dali, 2540 Cyprus.

9.      Upon information and belief Defendant Pornhub endorses, solicits, coordinates, and participates in the creation of sexually lewd content and monetizes its creation through payment by ad revenues generated by said content to those who have conspired with them. The

actions described herein are not new to this Defendant and are patterns of conduct which the Defendant derives great profit.

10.     Upon information and belief Defendant Pornhub, since beginning the practice of paying for lewd content views, has received numerous takedown notices by women who did not consent to be filmed in content posted on their website.  Further, the title of the videos that were advertised to the public indicated that the videos were secret and consensual.

11.     Defendant Hammy Media Ltd. d/b/a xHamster.com (hereinafter referred to as "Defendant xHamster") is a pornographic media company that is headquartered at P.O. Box 59532, Limassol, 4010 Cyprus and has a US office in Houston Texas.

12.     Upon information and belief, like Defendant Pornhub, Defendant xHamster endorses, solicits, coordinates, and participates in the creation of lewd sexual content by monetizing it through ad revenue payments made to those who have conspired with them.

13.     Upon information and belief Defendant xHamster has received takedown notices by women who did not consent to be filmed in content present on their website.

14.     Both Defendant Pornhub and Defendant xHamster have made purposeful electronic contacts with the State of South Carolina which resulted in a cause of action recognized by South Carolina.

15.     Jurisdiction is proper in this Court as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

16.     Venue is proper in this Court as a substantial part of the events complained of herein occurred in Gaffney, Cherokee County, South Carolina.

## FACTS
### (As to Defendant Limestone and Defendant Murphy)

17.     All of the allegations previously set forth are incorporated herein by reference.

3

18.    In August 2012 Limestone College hired Collins Murphy as its intramural/summer conference director.

19.    In the Fall of 2012, the Indiana University of Pennsylvania Crimson Hawks traveled to Gaffney, South Carolina to face the Limestone College Saints in women's field hockey. Plaintiff was member of the Crimson Hawks field hockey team.

20.    Upon arrival, Limestone College agents directed Plaintiff to a men's locker room which was designated for their use both before and after the game.

21.    While in the subject locker room, Plaintiff showered and changed clothes such that they were in a state of nudity for periods of time.

22.    Defendant Murphy, secretly placed a video camera in the subject locker room prior to Plaintiff's arrival on campus and recorded the Plaintiff, without her knowledge or consent, while she was in a state of nudity.

23.    As intramural/summer conference director, Defendant Murphy, had knowledge of sporting events on campus and had access to athletic facilities, such as the subject locker room, with Limestone College's knowledge and consent.

24.    Defendant Murphy, secretly recorded multiple women, including women who are not Plaintiffs in this action, changing clothes and taking showers in locker rooms between September 2012 and October 2013.

25.    Defendant Murphy's employment with Limestone College ceased in October 2014.

26.    At some point in 2019, the recordings of the Plaintiffs were uploaded and disseminated to countless pornographic websites, stripping the Plaintiffs of their innocence.

27.     On October 10, 2019, the Gaffney Police Department opened an investigation into the illegal video recordings which took place on Limestone College's campus. Upon information and belief, the investigation remains ongoing.

28.     On or about October 18, 2019, the Plaintiff was first made aware that she was secretly videotaped while showering and changing her clothes in the Limestone College locker room; and that the recording was posted to several pornographic websites.

29.     Upon information and belief Defendant Murphy continues to possess, upload, forward and/or disseminate the nude videos of Plaintiff and other female student athletes obtained by the use of the hidden camera in the Limestone locker room facility.

30.     Defendant Murphy maintained user accounts on both Pornhub and xHamster for many years.

31.     Defendant Murphy developed a large following of thousands of viewers who would regularly subscribe and watch the content he generated and posted on both Pornhub and xHamster.

32.     Defendant Murphy established these accounts and grew his following for the purpose of generating an income from creating lude sexual content that he filmed surreptitiously.

33.     Defendant Murphy regularly engaged in the surreptitious filming of women by spy camera to add to his catalog of content on the accounts found on both Pornhub and xHamster.

34.     Defendany Murphy gained an income from the content he provided on his accounts on the Pornhub and xHamster websites.

35.     Defendant Limestone failed to meet their duty owed to its students and those visiting when it failed to properly investigate Defendant Murphy during the hiring process.

36.    As a direct and proximate result of the secret and unauthorized videotaping, and the dissemination and publishing of the videos to other individuals and the general public on the Pornhub.com and other pornographic websites, Plaintiff has sustained, and will continue to sustain, injuries and damages, including but not limited to anxiety, humiliation, embarrassment, serious mental and emotional distress and mental pain and suffering.

## FACTS
### (As to Defendant Pornhub and Defendant xHamster)

37.    Upon information and belief both Defendant Pornhub and Defendant xHamster promote the creation of lewd sexual content by providing payment to those who submit such media to their website.

38.    This lewd sexual content increases the viewership to their respective platforms which increases their own financial gain.

39.    Upon information and belief Defendant Pornhub and Defendant xHamster individually schemed to increase their financial positions by enlisting others to create sexually deviant content and shared the revenues such content generated with the providers.

40.    This scheme created a joint venture partnership and civil conspiracy between Defendants(and the Defendant Murphy) and the individuals who provided the Defendants with the lewd, sexual, and pornographic content which the Defendants used to make money and removes any protections granted to them as they are no longer merely hosts of said content.

41.    But for the Defendants monetization of the creation of "homemade/ spy cam" style lewd content, such content would likely have not been so heavily sought after.

42.    Upon information and belief the Defendants, after starting this practice, have received takedown notices by women who appeared on their websites but never consented to being filmed.

43.    Despite these takedown notices, which gave Defendant Pornhub and Defendant xHamster adequate notice of apparent issues involving their content, took no steps to mitigate the exposure of women even though they knew or should have known that the content they were being provided was filmed surreptitiously and without consent.

44.    Defendant Pornhub and Defendant xHamster, made no further efforts to monitor the uploads onto their websites despite a duty being created by the several takedown notices received.

45.    Upon information and belief Defendant Pornhub and Defendant xHamster provided payment to Defendant Murphy in exchange for the content he posted on his accounts found on their respective websites.

46.    Defendant Pornhub and Defendant xHamster rewarded Defendant Murphy for developing a large internet following for the purpose of making money and sharing spy camera footage of women without their consent.

47.    The content Defendant Murphy made an income from was similar to the content that both Defendant Pornhub and Defendant xHamster had previously received takedown notices for but they chose to ignore their similarity.

48.    By actively ignoring the trend that such takedown notices made aware to them, and by continuing to endorse and encourage the creation of such surreptitious sexual content, Defendant Pornhub and Defendant xHamster enabled the Plaintiff to be harmed by Defendant Murphy.

49.    Defendant Pornhub and Defendant xHamster normalized the invasion of privacy conducted by their agent Defendant Murphy by creating an avenue for which he could be compensated for the uploading of such media.

50.    Defendant Pornhub and Defendant xHamster painted the Plaintiff in a false light by allowing them to be present on their websites, permanently damaging their self-esteem, marital relationships, and the reputation.

51.    Defendant Pornhub's and Defendant xHamster's conduct in allowing those they have conspired with to upload sexually deviant media under the names "spy cam" or "hidden cam", without properly ensuring such content was created with authorization despite receiving several takedown notices from women who did not consent to similar content, both were the direct and proximate cause of the injuries suffered by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Invasion of Privacy – Wrongful Intrusion upon Private Affairs)

52.    Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

53.    Defendant Murphy, in his capacity as an employee and agent of Defendant Limestone, was given access to and/or control over the locker room facilities at Limestone.

54.    Utilizing that access, Defendant Murphy placed a hidden video camera in Defendant Limestone's locker room and captured video and images of the Plaintiff, her teammates, and other student athletes from around the nation, all while they were fully nude, or in various stages of undress.

55.    The secret and unauthorized videotaping by Defendant Murphy of the Plaintiff and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiff and the other women.

56.    The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiff's rights.

57.    The secret and unauthorized videotaping by Defendant Murphy was intentional.

8

58.    The secret and unauthorized videotaping by Defendant Murphy was motivated by the joint venture partnership between Defendant Murphy and Defendants Pornhub and xHamster respectively.

59.    The acts of Defendants, collectively, led to the wrongful intrusion of the Plaintiff's private affairs.

60.    As a direct and proximate result of the conduct by Defendants, the Plaintiff has sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.

61.    The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiff and the other student athletes, such that the Plaintiff is entitled to an award of punitive damages.

## FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Invasion of Privacy – Wrongful Publicizing of Private Affairs)

62.    Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

63.    The conduct of Defendants in secretly videotaping the Plaintiff and theother student athletes while totally nude, or in various stages of undress, was done intentionally, and without consent, to Defendants' benefit.

64.     The secret and unauthorized videotaping by Defendants of the Plaintiff

65.     and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiff and the other women.

66.    The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiff's rights.

67.    The Plaintiff has an enforceable right to their identities/personas.

9

68.    The Defendants use of Plaintiff's identity/persona without permission in this manner allows for Defendants to be advantaged by the appropriation and publication of their private affairs.

69.    As a direct and proximate result of the conduct by Defendants, the Plaintiff has sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.

70.    The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiff and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

**FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
**(Invasion of Privacy – Wrongful Appropriation of Personality)**

71.    Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

72.    The conduct of Defendants in secretly videotaping the Plaintiff and the other student athletes while totally nude, or in various stages of undress, was done intentionally, and without consent, to Defendants' benefit.

73.    The secret and unauthorized videotaping by Defendants of the Plaintiff and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiff and the other women.

74.    The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiff's rights.

75.    The Plaintiffs have an enforceable right to their identity/persona.

76.    The Defendants use of Plaintiff's identity/persona without permission in this manner allows for Defendants to be advantaged by the appropriation.

10

77.    As a direct and proximate result of the conduct by Defendants, the Plaintiff has sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.

78.    The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

## FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Intentional Infliction of Emotional Distress)

79.    Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

80.    The conduct of Defendants in secretly videotaping the Plaintiff and the other student athletes while totally nude, or in various stages of undress, was done intentionally to inflict severe emotional distress on the Plaintiff and/or Defendants knew that such distress would likely result from such conduct.

81.    Defendants' conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious and utterly intolerable in a civilized community.

82.    As a direct and proximate result of Defendants' wrongful conduct, the Plaintiff has suffered, and continue to suffer, severe emotional distress.

83.    The emotional distress caused by Defendant's wrongful conduct was, and is, so severe such that no reasonable person could be expected to endure it.

84.    As a direct and proximate result of Defendants' wrongful and unlawful conduct, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.

11

85.     The wrongful conduct by Defendants was willful, wanton and undertaken in reckless disregard for the privacy rights of the Plaintiff and the other student athletes, such that the Plaintiffs are entitled to an award of PUNITIVE damages.

## FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Negligent Hiring – Defendant Limestone)

86.     Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

87.     Prior to being hired by Defendant Limestone, allegations of misconduct were made against Defendant Murphy.

88.     The existence of these allegations gave notice to Defendant Limestone that there may be a potential undue risk presented to students in hiring Defendant Murphy.

89.     The risk of Defendant Murphy could have been discovered through a reasonable investigation.

90.     Defendant Limestone breached their duty by either failing to conduct a reasonable investigation into Defendant Murphy prior to hiring him, or by hiring Defendant Murphy despite being on notice that he presented a potential undue risk to female students.

91.     This negligent hiring of Defendant Murphy by Defendant Limestone was the direct and proximate cause of the Plaintiffs' injuries.

## FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Negligent Supervision – Defendant Limestone)

92.     Plaintiff incorporates by reference and reasserts all previous allegations contained

93.     in this Complaint as if fully set forth herein.

12

94.    Defendant Limestone had a duty of care to supervise its employees who had access to areas in which individual's privacy could be violated.

95.    Defendant Limestone breached this duty by its failure to supervise Defendant

96.    Murphy who had access to the women's locker rooms and other facilities on campus.

97.    Defendant Murphy was acting within the scope of his employment when entering, or accessing the women's locker rooms, and thus Defendant Limestone was able to control or supervise his conduct.

98.    Defendant Limestone knew or should have known that having access to women's locker rooms presented a foreseeable risk to privacy.

99.    Defendant Limestone's failure to supervise Defendant Murphy enabled the placement of hidden cameras used to videotape the Plaintiff while nude or in the stages of undress.

100.    Thus, the unfettered and unsupervised access to locker room facilities by Defendant Murphy was the result of Defendant Limestone's negligent supervision and is the direct and proximate cause of the Plaintiff's injuries.

### FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
**(Negligent Monitoring – Defendant Pornhub and Defendant xHamster)**

101.    Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

102.    Defendant Pornhub and Defendant xHamster both operate and maintain pornographic websites.

103.   In maintaining such websites, Defendant Pornhub and Defendant xHamster have received takedown notices by viewers who have indicated that content present on their respective websites were obtained illegally or contained illegal images.

104.   Such notices gave Defendant Pornhub and Defendant xHamster notice of various issues regarding their websites and created a duty owed to viewers and users of their websites to properly monitor their content.

105.   Defendant Pornhub and Defendant xHamster breached this duty when they failed to take reasonable steps to monitor the content present on their websites.

106.   This breach in failing to reasonably monitor content on their websites resulted in the presence of illegally filmed pornographic content being present on their websites respectively.

107.   This failure to reasonably monitor was the direct and proximate cause of the injuries suffered by the Plaintiffs.

### FOR A EIGTH CAUSE OF ACTION AGAINST DEFENDANTS
### (False Light – Defendant Pornhub and Defendant xHamster)

108.   Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

109. Defendant Pornhub and Defendant xHamster both operate and maintain pornographic websites.

110.   Both Defendants websites hosted videos of the Plaintiffs which exposed them in the various stages of undress and revealed their nude presence to numerous viewers under the guise of a "spy cam" or "hidden cam" porn film.

111.   These videos portray the Plaintiffs as sexual deviants/pornstars which the

112.   Plaintiffs are not as the videos were recorded surreptitiously.

14

113.   These videos of the Plaintiff are highly offensive and embarrassing and has resulted in permanent mental anguish in the Plaintiffs.

114.   The Defendants took no steps in verifying whether the videos were filmed with the consent of the girls, thus shared these videos with a reckless and wanton disregard for their offensiveness.

115.   This reckless and wanton disregard depicted the Plaintiff in a false light and is the direct and proximate cause of their injuries.

**FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Civil Conspiracy- against Defendant Murphy and Defendant Pornhub)**

116.   Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

117.   The Defendants conspired for the purpose of creating sexually lewd content which directly invaded the Plaintiffs' rights to privacy guaranteed by the United States Constitution. More particularly, the Plaintiffs have been harmed as a direct and proximate result.

118.   During period alleged in this Complaint, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs. Such scheme was intended to, and, throughout timeframe alleged in this Complaint, did create content that was published on the Defendant Pornhub's website which exposed Plaintiffs to viewers on the internet for profit.

119.   As a direct and proximate result of the improper actions of the Defendants, Plaintiffs have been damaged in ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES.

## FOR A TENTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (Civil Conspiracy- against Defendant Murphy and Defendant xHamster)

120.   Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

121.   The Defendants conspired for the purpose of creating sexually lewd content which directly invaded the Plaintiffs' rights to privacy guaranteed by the United States Constitution. More particularly, the Plaintiffs have been harmed as a direct and proximate result.

122.   During period alleged in this Complaint, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs. Such scheme was intended to, and, throughout timeframe alleged in this Complaint, did create content that was published on the Defendant xHamster's website which exposed Plaintiffs to viewers on the internet for profit.

123.   As a direct and proximate result of the improper actions of the Defendants, Plaintiffs have been damaged in ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES.

## FOR A ELEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (CONDUCTING THE AFFAIRS OF THE ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY - 18 U.S.C. § 1962(c) and 1964(c) against Defendant Murphy, Defendant Pornhub, and Defendant xHamster)

124.   Plaintiff incorporates by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

### THE ENTERPRISE

125. From on or about 2014,  continuing through the filing of this Complaint, each Defendant was a "person" within the meaning of  18 U.S.C. § 1961(3).

16

126. From on or about 2014, continuing through the filing of this Complaint, defendants, and others known and unknown, including agents and employees of the defendants, formed an associated-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961(4).

127. From on or about 2014, continuing through the filing of this Complaint, the Enterprise formed by these parties engaged in, and the activities of which affected, interstate and foreign commerce.

128. Defendants formed the Enterprise to execute and attempt to execute schemes to engage in the creation and dissemination of illegally obtained obscene footage of nonconsenting women. Defendants knowingly engaged in the illegal filming of women in all stages of undress for the specific purpose of exploiting their innocence for financial gain.

129. From on or about 2014, continuing through the filing of this Complaint, defendants, and each of them individually, together with others known and unknown to Plaintiff, acting in concert, were each employed or were employed by and associated with the Enterprise and have in the past, continuously and currently continue to, in an ongoing manner, knowingly and intentionally conduct the activities of the enterprise, directly or indirectly, through a continued pattern of racketeering activity consisting of numerous acts of racketeering in the State of South Carolina and elsewhere. Their actions include multiple, related acts in violation of the following provisions of the United States Code: Wire Fraud, 18 U.S.C. § 1343;

130. From on or about 2014, the Enterprise has existed separate and apart from defendants' racketeering acts and their conspiracy to commit such acts. The Enterprise has an ascertainable structure and purpose beyond the scope and commission of defendants' predicate acts.

<strong>THE PATTERN OF RACKETEERING</strong>

131.  The Enterprise as described herein is at all relevant times a continuing enterprise because it continues to execute schemes to create and disseminate illegally obtained obscene footage of nonconsenting woman for the purpose of generating revenue. In furtherance of schemes to create and disseminate illegally obtained obscene footage of nonconsenting woman for the purpose of generating revenue, Defendants continue to create videos under the moniker "Spy came videos" or "Hidden Cam Videos" and displays them as consensual recordings when they are not.

132.  The conduct of the racketeering enterprise has continued from its inception through the date of this Complaint and threatens to continue into the future, by virtue of repeated patterns of behavior by its members.

133.  The pattern of racketeering activity, as defined by 18 U.S.C. §§ 1961(1) and (5), presents both a history of criminal conduct and distinct threat of continuing criminal activity. Such activity consists of multiple acts of racketeering by each defendant herein, is interrelated, not isolated and is perpetrated for the same or similar purposes by the same persons. Such activity extends over a substantial period of time, before, up to and beyond the date of this Complaint. Such activities occurred after the effective date of 18 U.S.C. §§ 1961 et seq., and the last such act occurred within 10 years after the commission of a prior act of racketeering activity.

134.  Each defendant had a role in the racketeering activity that was distinct from the undertaking of those acting on its behalf. Each defendant also attempted to benefit, and did benefit, from their activity as alleged herein, and thus were not passive victims of racketeering activity, but active perpetrators.

135.  Defendants, despite receiving notice that the videos they have been creating violate the law, continued their scheme and resumed the creation of "Spy Cam Videos".

18

136.  Defendants have continued the pattern of exploiting women by illegally filming them and then monetizing the surreptitiously filmed content under the guise of legitimate pornography. Since at least 2014 Defendants have advertised these "Spy cam" videos and continue to endorse the genre.

137. Defendant Pornhub and Defendant xHamster continue to work with and even rewarded Defendant Murphy for developing a large internet following for the purpose of making money and sharing spy camera footage of women without their consent.

138.  Defendants maintained a presence worldwide to even include the illegal videos being disseminated in Japan and South America.

139.  Defendants advertise their great successes to continue the pattern and practice of the illegal recording of women to then share under the guise of a specific genre.

140.  This lewd, illegal, sexual content increases the viewership to their respective platforms which increases their own financial gain.

141.  Defendants continue to conspire to create and disseminate surreptitiously filmed videos of women and pay members of the Enterprise to further this scheme.

142.  As a direct and proximate result of the defendants' violations of 18 U.S.C. §1962(c), including injury by reason of the predicate acts constituting the pattern of racketeering activity.

143.  As a result of the violations of 18 U.S.C. § 1962(c) by the defendants, Plaintiff suffered substantial damages in an amount to be proved at trial.

144.  Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover treble its general and special compensatory damages, plus interest, costs and attorneys' fees, incurred by reason of defendants' violations of 18 U.S.C. § 1962(c).

## DAMAGES

153.   As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants herein, Plaintiff suffered injuries including, but not limited to:

1.    mental pain and anguish.

2.    loss of quality in the marital relationship.

3.    humiliation and embarrassment.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each of the Defendants **Jointly** and **Severally**:

A.    for actual and consequential damages, including damages for emotional distress, pain and suffering, in an amount to be determined at trial;

B.    for punitive damages;

C.    special damages in an amount to be determined at trial;

D.    attorney's fees

E.    treble damages

C.    such other and further relief as this Court deems just and proper.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD &
CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY,
PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFF**

Georgetown, SC
September 30, 2021