UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>vs.<br><br>LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM,<br><br>            Defendants. | Case No.: 7:21-cv-03193-JD |

### HAMMY MEDIA LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO HOLD RULING IN ABEYANCE

*"As the Fourth Circuit has now repeatedly explained, judges 'are not like pigs, hunting for truffles buried in briefs. Similarly, it is not our job to [] make arguments for either party.'"*

            --    *Gillaspie v. Del. Toro*, 2022 U.S. Dist. LEXIS 56792, at *48 (D.S.C. Mar. 29, 2022)

In a motion that largely invites the Court to *guess* as to its factual and legal basis (not to mention the precise nature of the relief sought), Plaintiff asks this Court (in the eleventh hour)[1] to "hold in abeyance" its ruling on that motion and (presumably, though one again has to guess) to

---

[1] Plaintiff's opposition is currently due on Monday, April 4, 2022. Plaintiff filed the instant motion a little before 10 p.m. on Friday, April 1, 2022, without having first fulfilled its obligation to meet and confer pursuant to Local Rule 7.02. (Although LR 7.02 exempts certain Motions to Stay from the meet-and-confer requirement, Plaintiff's motion is not one such motion under LR 16.00). In short, proving the old adage that "no good deed goes unpunished," Plaintiff utilized its second consented-to extension to ambush HML with a surprise motion, requiring the present opposition to be expedited over the weekend.

relieve Plaintiff of its obligation to respond to HML's motion, which it has not yet done. In support of this motion, Plaintiff cryptically cites to the existence of a pending motion to reconsider filed by different plaintiffs in a different proceeding. The request is as mystifying as it is misguided and, because Plaintiff has failed to make any showing to support her motion, it should be denied.

## Background

Plaintiff filed the present case in September of 2021 (DE. 1) and filed an amended complaint on November 18, 2021 (DE. 11). ***Before the operative complaint in the present case was ever filed, Plaintiffs in the other litigation (represented by the same counsel as the Plaintiff here), had already amended their complaint four times and had filed a motion seeking leave to file a <u>fifth</u> amended complaint, which sought to add eleven (11) new potential defendants, including the addition of seven new foreign corporations as well as drop certain claims and add other, completely new claims.*** See *Does 1-9 v. Murphy,* 20-cv-00947-JD, DE. 145 (filed November 9, 2021).

Rather than seeking to amend the complaint in ***this*** case, however, counsel made a strategic decision to play a game of wait-and-see with the Court: presumably intending to amend its complaint in this case only if it first proved advantageous for Plaintiffs in the other litigation. Even to the present day, Plaintiff here has not sought to further amend her complaint.

On February 28, 2022, with there being no indication that Plaintiff in ***this*** case intended to seek leave to amend her complaint, HML answered the First Amended Complaint and moved for Judgment on the Pleadings, based on: (a) a complete lack of personal jurisdiction over Hammy, a Cyprus company, and (b) the immunity afforded to HML under Section 230 of the Communications Decency Act.

On March 21, 2022, this Court denied Plaintiffs' motion in the *other* case to amend their

complaint for a fifth time. *See Does 1-9 v. Murphy,* 20-cv-00947-JD, DE. 172. Even after that denial, Plaintiff here did not indicate an intention to move to amend her complaint or inform HML of her intent to move for a stay, but rather sought her second consent extension in order to file her opposition to HML's Motion for Judgment on the Pleadings. DE. 34.

On March 30, 2022, Plaintiffs in the *other* case moved for reconsideration of denial of their motion seeking to file a fifth amended complaint. *See Does 1-9 v. Murphy,* 20-cv-00947-JD, DE. 175. Finally, late on the Friday before the Monday on which Plaintiff's opposition is due, Plaintiff has brought the present motion, asking the Court to "hold in abeyance" a motion that Plaintiff has not even opposed, simply pointing to the existence of the motion for reconsideration in the other case as a "basis" for its motion here.

## Argument

As the Court may have already surmised, Plaintiff's motion, which spans a little bit more than one page, and for which Plaintiff chose not to submit a memorandum in support, is a bit of an enigma. It is unclear if Plaintiff is asking the Court, at this late date, to indefinitely extend the deadline for Plaintiff to file an Opposition to HML's Motion for Judgment on the Pleadings or if Plaintiff is asking the Court to stay its ruling on such a motion – which Plaintiff has not yet opposed – or perhaps both. At a minimum, this Court (and HML) should be able to discern what relief a motion seeks without having to resort to tarot cards and a Magic Eight Ball. (This confusion, of course, emphasizes one of the reasons that this Court requires a party to meet and confer *prior* to filing a motion.)

As best as HML can discern, however, Plaintiff seeks both another delay in its obligation to oppose HML's motion *and* for the Court to stay indefinitely its ruling on HML's motion. Neither is warranted.

There is no question, of course, but that this Court has the inherent power to control its docket and to issue stays of deadlines and proceedings where appropriate. *See, e.g., Xodus Med. Inc. v. Mullen,* 2022 U.S. Dist. LEXIS 34451, at *3 (D.S.C. Feb. 28, 2022)("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' …The decision to grant or deny a motion to stay 'calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'")

The key, of course, is the Court's determination as to whether, in its discretion, a stay is indeed appropriate. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative*." Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)(citations omitted). "'The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (citations omitted).

In the present case, Plaintiff has offered no reasonable explanation for its request that HML's motion "be held in abeyance," until such time as the Court issues a ruling in a different case, involving different plaintiffs, that followed a different timeline, with a drastically different procedural posture. In support of this motion, Plaintiff simply says – without explanation – that such an abeyance would "best serve judicial economy." It is unclear how that is possibly the case. The Plaintiff here has not sought to amend her complaint and, as such, it is unclear how the Court's decision in the other case – where the Plaintiffs seek leave to file a fifth amended complaint – would implicate the Court's decision on HML's motion here, which seeks judgment on the

pleadings based on a lack of personal jurisdiction and immunity under the Communications Decency Act.

Moreover, it is the Plaintiff who has had control over the form of her complaint in this action. And, in reasonable reliance on the form of the amended complaint that Plaintiff chose to file, HML has expended significant amounts to answer that complaint and file its Motion for Judgment on the Pleadings. Plaintiff should not now be permitted to ask the Court for permission to "hang out" to see how things work for other Plaintiffs in a different litigation so that she might adjust her legal strategy accordingly. In short, Plaintiff has failed entirely at demonstrating (or even trying to demonstrate) "by clear and convincing circumstances outweighing potential harm to the party against whom it is operative" that a stay (or abeyance) is proper.

## Conclusion

For the reasons stated hereinabove, Plaintiff's Motion to Hold Ruling in Abeyance should be denied.

Respectfully Submitted,

**/s/ Hannah Rogers Metcalfe**
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)

>BOSTON LAW GROUP, PC
>825 Beacon Street, Suite 20
>Newton Centre, Massachusetts 02459
>Telephone: 617-928-1804
>Facsimile: 617-928-1802
>vgurvits@bostonlawgroup.com
>frank@bostonlawgroup.com
>
>*Attorneys for Hammy Media, LTD*

April 4, 2022