

# DECISION

Hammy Media, Ltd. and xHamster IP Holdings Ltd v. WhoisProtectService.net / PROTECTSERVICE, LTD.
Claim Number: FA1704001725445

## PARTIES

Complainants are **Hammy Media, Ltd. and xHamster IP Holdings Ltd** ("Complainants"), represented by **Matthew Shayefar** of **Boston Law Group, PC**, Massachusetts, United States. Respondent is **WhoisProtectService.net / PROTECTSERVICE, LTD.** ("Respondent"), Cyprus.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<xhamsterporn.net>**, registered with **EVOPLUS LTD**.

## PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

David E. Sorkin as Panelist.

## PROCEDURAL HISTORY

Complainants submitted a Complaint to the FORUM electronically on April 5, 2017; the FORUM received payment on April 5, 2017.

On April 6, 2017, EVOPLUS LTD confirmed by email to the FORUM that the **<xhamsterporn.net>** domain name is registered with EVOPLUS LTD and that Respondent is the current registrant of the name. EVOPLUS LTD has verified that Respondent is bound by the EVOPLUS LTD registration agreement and has thereby agreed to resolve domain disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On April 10, 2017, the FORUM served the Complaint and all Annexes, including a Written Notice of the Complaint, setting a deadline of May 1, 2017 by which Respondent could file a Response to the Complaint, via email to all entities and persons listed on Respondent's registration as technical, administrative, and billing contacts, and to postmaster@xhamsterporn.net. Also on April 10, 2017, the Written Notice of the Complaint, notifying Respondent of the email addresses served and the deadline for a Response, was transmitted to Respondent via post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts.

Having received no response from Respondent, the FORUM transmitted to the parties a Notification of Respondent Default.

On May 8, 2017, pursuant to Complainants' request to have the dispute decided by a single-member Panel, the FORUM appointed David E. Sorkin as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the FORUM has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent" through submission of Electronic and Written Notices, as defined in Rule 1 and Rule 2. Therefore, the Panel may issue its decision based on the documents submitted and in accordance with the ICANN Policy, ICANN Rules, the FORUM's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any response from Respondent.

Complainants request that the domain name be transferred from Respondent to Complainant xHamster IP Holdings Ltd.

**PARTIES' CONTENTIONS**
A. Complainants
Complainants are affiliated companies with "similar owners and ultimate control," and state that they have been treated as a single entity in previous proceedings under the Policy. Complainant Hammy Media Ltd. operates an adult-content website at <xhamster.com> with users from around the world. Complainants cite various surveys ranking the website among the most popular sites in the world. Hammy Media Ltd. and its predecessors in interest have used the XHAMSTER mark for this purpose since 2007. The mark is licensed from Complainant xHamster IP Holdings Ltd, which owns a Benelux registration and has applied to register the mark elsewhere.

The disputed domain name **<xhamsterporn.net>** was registered by Respondent in December 2015, using a privacy registration service to conceal Respondent's true identity. Complainants state that the domain name is being used for a website that allows users to view adult-oriented videos copied or embedded from Complainant Hammy Media Ltd.'s website. Complainants state further that Respondent is not commonly known by the disputed domain name. Complainants contend on these grounds that the disputed domain name is confusingly similar to a mark in which Complainants have rights; that Respondent has no rights or legitimate interests in respect of the disputed domain name; and that the domain name was registered and is being used in bad faith.

B. Respondent
Respondent failed to submit a Response in this proceeding.

**FINDINGS**
The Panel finds that the disputed domain name is confusingly similar to a mark in which Complainants have rights; that Respondent lacks rights or legitimate interests in respect of the disputed domain name; and that the disputed domain name was registered and is being used in bad faith.

**DISCUSSION**
Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2) Respondent has no rights or legitimate interests in respect of the domain name; and
(3) the domain name has been registered and is being used in bad faith.

In view of Respondent's failure to submit a response, the Panel shall decide this administrative proceeding on the basis of Complainants' undisputed representations pursuant to paragraphs 5(f), 14(a) and 15(a) of the Rules and draw such inferences it considers appropriate pursuant to paragraph 14(b) of the Rules. The Panel is entitled to accept all reasonable allegations and inferences set forth in the Complaint as true unless the evidence is clearly contradictory. *See Vertical Solutions Mgmt., Inc. v. webnet-marketing, inc.*, FA 95095 (FORUM July 31, 2000) (holding that the respondent's failure to respond allows all reasonable inferences of fact in the allegations of the complaint to be deemed true); *see also Talk City, Inc. v. Robertson*, D2000-0009 (WIPO Feb. 29, 2000) ("In the absence of a response,

The disputed domain name combines Complainants' XHAMSTER mark with the generic term "porn" and the ".net" top-level domain. These additions do not substantially diminish the similarity between the domain name and Complainants' mark. *See, e.g., Hammy Media, Ltd. & xHamster IP Holdings Ltd v. Domain Admin / Whois Privacy Corp.*, FA 1704574 (Forum Dec. 31, 2016) (finding <xhamsterdeutsch.net> confusingly similar to XHAMSTER); *Mattel, Inc. v. domainsforsalenow@hotmail.com a/k/a domain sales*, FA 187609 (Forum Oct. 6, 2003) (finding <barbieporn.net> confusingly similar to BARBIE). The Panel finds that the disputed domain name is confusingly similar to Complainants' mark.

### Rights or Legitimate Interests

Under the Policy, Complainants must first make a prima facie case that Respondent lacks rights and legitimate interests in the disputed domain name, and then the burden shifts to Respondent to come forward with concrete evidence of such rights or legitimate interests. *See Hanna-Barbera Prods., Inc. v. Entm't Commentaries*, FA 741828 (Forum Aug. 18, 2006).

The disputed domain name combines Complainants' mark with a generic term associated with Complainants' business, and it is being used for a website that competes directly with Complainant Hammy Media Ltd.'s site. Such use does not give rise to rights or legitimate interests under the Policy, *see, e.g., Amazon Technologies, Inc. v. Thejeswar Reddy*, FA 1721564 (Forum Apr. 18, 2017), and Respondent has failed to come forward with any other basis for rights or legitimate interests. Accordingly, the Panel finds that Complainants have sustained their burden of proving that Respondent lacks rights or legitimate interests in respect of the disputed domain name.

### Registration and Use in Bad Faith

Finally, Complainants must show that the disputed domain name was registered and has been used in bad faith. Under paragraph 4(b)(iii) of the Policy, bad faith may be shown by evidence that Respondent registered the disputed domain name "primarily for the purpose of disrupting the business of a competitor." Under paragraph 4(b)(iv), bad faith may be shown by evidence that "by using the domain name, [Respondent] intentionally attempted to attract, for commercial gain, Internet users to [Respondent's] web site or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of [Respondent's] web site or location or of a product or service on [Respondent's] web site or location."

Respondent's use of a domain name incorporating Complainants' mark to profit from confusion by displaying content taken from Complainant Hammy Media Ltd.'s website is indicative of bad faith under paragraphs 4(b)(iii) and 4(b)(iv). *See, e.g., Hammy Media, Ltd. & xHamster IP Holdings Ltd v. Domain Admin / Whois Privacy Corp.*, *supra* (finding bad faith registration and use under similar circumstances). Respondent's use of a privacy registration service to conceal its identity, although not itself dispositive, is a further indication of bad faith. *See, e.g., State Farm Mutual Automobile Insurance Co. v. John Reddoch / Reddoch Media Group*, FA 1701162 (Forum Dec. 1, 2016). Accordingly, the Panel finds that the disputed domain names were registered and are being used in bad faith.

### DECISION

Having considered the three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<xhamsterporn.net>** domain name be **TRANSFERRED** from Respondent to Complainant xHamster IP Holdings Ltd.

Dated: May 10, 2017

[Click Here](#) to return to the main Domain Decisions Page.

[Click Here](#) to return to our Home Page