**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>        **Plaintiff,**<br><br>vs.<br><br>COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,<br><br>        **Defendants.** | Case No.: 7:21-cv-03193-JD<br><br><br>**PLAINTIFF'S LOCAL RULE 26.03 ANSWERS** |

The Plaintiff, pursuant to Local Civil Rule 26.03 D.S.C., respectfully submits the following answers to the Court's interrogatories.

1.    A short statement of the facts of the case.

**RESPONSE: In the Fall of 2012, the Indiana College of Pennsylvania Hawks traveled to Gaffney, South Carolina to face the Limestone College Saints in women's field hockey. Plaintiff was members of the Crimson Hawks field hockey team.**

**Upon arrival, Limestone College agents directed Plaintiff to a men's locker room which was designated for their use both before and after the game. While in the subject locker room, Plaintiff showered and changed clothes such that she was in a state of nudity for periods of time.**

**A Limestone College employee, Collins Murphy, secretly placed a video camera in the subject locker room prior to Plaintiff' arrival on campus. The secretly placed video camera recorded Plaintiff, without her knowledge or consent, while she was in a state of nudity. As intramural/summer conference director, Mr. Murphy had knowledge of sporting events on**

campus and had access to athletic facilities, such as the subject locker room, with Limestone College's knowledge and consent.

During the course of his employment with Limestone College, Mr. Murphy secretly recorded multiple women changing clothes and taking showers in locker rooms between September 2012 and October 2013. At some point thereafter, the recording of the Plaintiff was found on various pornographic websites, including Pornhub and xHamster.

On October 10, 2019, the Gaffney Police Department opened an investigation into the illegal video recordings which took place on Limestone College's campus. The investigation remains ongoing.

2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE**:  Plaintiff is in the process of identifying witnesses but would generally identify the following witnesses:

The President of Limestone College during the periods alleged in the Third Amended Complaint. The President is expected to testify about the overall strategic planning in regards to the sustained performance of the institution and its hiring practices.

The Dean of Students/ Intramural affairs. The Dean is expected to testify about their involvement with the Student/Intramural affairs faculty and the overall operation and supervision of that department.

The Director of Human Resources. The Director of Human Resources is expected to testify about the hiring and firing practices of Limestone College, as well as the employee retention policies.

Members of the Board of Trustees of Limestone College. The members of the Board of trustees are expected to testify about the various board approved policies and procedures related to hiring and employee supervision at Limestone College.

Plaintiff anticipates to receive the names of the various related employees of Limestone College as Discovery is conducted.

Plaintiff reserves the right to supplement this response as more information becomes available.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE: Plaintiff has not yet identified an expert witness at this time, but will identify such in accordance with the deadlines set forth in the Scheduling Order.**

4. A summary of all claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE:   Plaintiff asserts the following causes of action without limitation:**

**Invasion of Privacy – Wrongful Intrusion upon Private Affairs.** *Swinton Creek Nursery v. EFC*, 334 S.C. 469, 514 S.E.2d 126 (S.C. 1999)

**Invasion of Privacy – Wrongful Publicizing of Private Affairs.** *Brown v. Pearson*, 326 S.C. 409, 483 S.E.2d 477 (S.C. App. 1996)

**Invasion of Privacy -Wrongful Appropriation of Personality.** *Gignilliat v. Gsb*, 684 S.E.2d 756, 385 S.C. 452 (S.C. 2009)

**Intentional Infliction of Emotional Distress -** *Hansson v. Scalise Builders of S.C.*, 650 S.E.2d 68 (S.C. 2007)

**Negligent Hiring -** *Kase v. Ebert*, 392 S.C. 57, 707 S.E.2d 456 (S.C. App. 2011)

**Negligent Supervision -** *Kase v. Ebert*, 392 S.C. 57, 707 S.E.2d 456 (S.C. App. 2011)

**Negligent Monitoring -** *Doe v. Wal–mart Stores Inc*., 393 S.C. 240, 711 S.E.2d 908 (S.C. 2011); *Huon v. Denton*, 841 F.3d 733, 742 (7th Cir. 2016)

**False Light –** *Gignilliat v. Gsb*, 684 S.E.2d 756, 385 S.C. 452 (S.C. 2009); Ballengee v. CBS Broad., Inc. (4th Cir. 2020)

**Civil Conspiracy-** *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 385 S.C. 110 (S.C. App. 2009)

**CONDUCTING THE AFFAIRS OF THE ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY - 18 U.S.C. § 1962(c) and 1964(c)**

**Plaintiff reserves the right to supplement this response.**

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16:02:
    (a)  Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

      (b)      Completion of discovery.

**RESPONSE: To date the parties have not established proposed dates for the exchange of expert disclosures and the completion of discovery. Plaintiff proposed a 120 day extension to the current scheduling order dates, however all parties have not yet agreed.**

6.      The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling Order.

**RESPONSE: The parties consulted and were unable to come to an agreement regarding the scheduling order. This matter is related to a case pending in this Court, Civil Action No.: 7:20-cv-00947-JD, that involves the same facts related to Defendants. Discovery in the related case is ongoing.**

7.      The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE: None at this time. Plaintiff reserves the right to supplement this response.**

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

4

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

s/J/ Edward Bell, III
J. Edward Bell, III, Fed ID 1280
Joshua M. W. Salley, Fed ID 13214
BELL LEGAL GROUP
219 N. Ridge Street
Georgetown, SC 29440
TEL: (843) 546-2408
FAX: (843) 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com
*Counsel for Plaintiff*

April 12, 2022
Georgetown, SC