UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>vs.<br><br>LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM,<br><br>            Defendants. | Case No.: 7:21-cv-03193-JD |

**DEFENDANT HAMMY MEDIA LTD.'S RESPONSES TO
LOCAL CIVIL RULE 26.03 (D.S.C.) INTERROGATORIES**

Pursuant to Local Civil Rule 26.03, Defendant Hammy Media, LTD ("HML") hereby answers interrogatories propounded by Local Civil Rule 26.03 (D.S.C.) as follows:

**GENERAL OBJECTIONS**

HML objects to providing answers to interrogatories inasmuch as it has, in its Motion for Judgment on the Pleadings, raised objections to any exercise of personal jurisdiction over HML and asserted that HML has immunity under Section 230 of the Communications Decency Act. HML asserts that it should not be required to participate in discovery in this action until such time as the Court has ruled on its Motion for Judgment on the Pleadings.

HML further reserves its right to amend or supplement these interrogatory answers as it learns of relevant information.

**(1) A short statement of the facts of the case:**

Ms. Doe, a resident of the state of Indiana, alleges in her Amended Complaint that, at some point in the Fall of 2012, she traveled with the Indiana University's field hockey team (of which she was a member) to Limestone College ("Limestone") to participate in a game against the

1

Limestone College team. Also according to the Amended Complaint, unbeknownst to Ms. Doe, Defendant Collins Murphy ("Murphy"), then Limestone's intramural/summer conference director, had surreptitiously placed cameras in the locker room and recorded Ms. Doe and her teammates as they changed their clothes and showered. HML had no involvement whatsoever in the creation of these videos.

According to the Amended Complaint, seven years later – in 2019 – the recordings of Ms. Doe and her teammates were uploaded to "countless pornographic websites," including xHamster.com, which is owned and operated by HML. Ms. Doe believes the videos to have been uploaded to these websites by Murphy. The content that appears on the xHamster website is not created by HML, but rather it is what is known as user generated content ("UGC"). This means that the users of the xHamster website themselves upload content to the website. The xHamster website hosts more than 7,895,000 videos. Users of the website upload approximately 1,000 videos a day.

In November of 2019, HML was contacted by Brian Blanton, a Detective with the Gaffney Police Dept. Detective Blanton informed HML – for the first time – that surreptitiously-recorded videos had been uploaded by a user to the xHamster website. Detective Blanton first requested information about the uploader of the video and HML immediately provided him with all of the information that it possessed. Detective Blanton then requested that he be provided access to the videos so that they could be downloaded for evidence and, following such downloading, that the videos be taken down. xHamster complied with each of these requests. Prior to being contacted by Detective Blanton, xHamster was unaware of the existence of the videos or that they had been recorded without consent.

The videos at question in this litigation were uploaded to the xHamster website by a user with the username "cwdistribution." At the time the cwdistribution account was created, it was

possible for users to upload videos without first going through an identity verification process. xHamster does not know the identity of user "cdwdistribution." HML has since changed its systems so that uploads are accepted only from accounts which have gone through an identity verification process, which includes providing a copy of a government-issued identification. HML has never paid any compensation of any sort to the user "cwdistribution." HML has never had any written or verbal communications with the user "cwdistribution."

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

HML has not completed its investigation of this action and may discover additional witnesses after submission of these initial disclosures.

HML does not have knowledge of either the creation, development, or overall distribution of the videos at issue or the identity of the person or persons who uploaded the videos to the xHamster website other than to say that they were uploaded by a user with the username "cwdistribution." None of HML's employees have direct knowledge of the circumstances or events that give rise to Plaintiff's claims and, indeed, HML is not currently aware of the Plaintiff's identity.

HML has not yet determined the identity of the witnesses it may call at trial to support its defense if the Court were to find HML subject to personal jurisdiction within the United Staes.

Subject to the foregoing, set forth below are persons likely to have discoverable information that HML may use to support its claims or defenses (other than solely for impeachment):

(a) **Custodian of Records, HML**:

Topics of Testimony: Authentication and explanation of records, if any, pertaining to: (i) the date of upload of the Videos, (ii) the user account that was used to upload the Videos, (iii) the

absence of any relevant communication between HML and any other Defendant, and (iv) confirmation that HML did not compensate user cwdistribution in any fashion

(b) **Employees and/or Executives of HML**:

Topics of Testimony: (i) The overall operation of the Website, (ii) the manner by which video content is uploaded to the Website, (iii) any revenue-sharing programs offered to members, and (iii) the absence of any communication or "conspiracy" with Defendant Murphy or any other Defendant in this action.

(c) **Plaintiff, "Jane Doe"**

Topics of Testimony: (i) any alleged damages suffered by Plaintiff; (ii) Plaintiff's discovery of the Videos; and (iii) Plaintiff's communications or lack of communications with HML.

(d) **Detective Brian Blanton**

Topics of Testimony: (i) communications between Detective Blanton and HML and (ii) actions requested by Detective Blanton/taken by HML.

(e) **Defendant Collins Murphy**

Topics of Testimony: (i) Murphy's lack of communication with HML; (ii) the absence of any enterprise, conspiracy, or agency relationship between Murphy and HML; (iii) Murphy's dissemination of the Videos over the Internet, including on websites other than the Website; and (iv) the absence of any payments from HML to Murphy.

(e) **All Other Defendants**

Topics of Testimony: (i) HML's lack of communication with the other defendants regarding any of the events alleged in Plaintiff's Amended Complaint and (ii) the absence of any enterprise, conspiracy, or agency relationship between HML and the other defendants.

**(3) The names and subject matter of expert witnesses.**

HML has not yet identified any expert witnesses in this case nor has it determined that expert testimony will be necessary. To the extent that such testimony may be necessary, HML expect that it would retain experts to testify about: (a) the damages alleged by Plaintiff including, but not limited to, alleged emotional distress damages; and (b) a technical or computer expert to testify concerning the operation of the Website and other UGC websites.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

HML has recently filed a Memorandum of Law in Support of its Motion for Judgment on the Pleadings. HML incorporates by reference the defenses raised in that Memorandum as if set forth in full herein. In addition, HML states that it is similarly situated to Defendant MG Freesites inasmuch as both defendants are UGC-based websites whose only connection to Plaintiff's complaint is that a user of the websites uploaded the videos in question to defendants' respective websites. As such, HML incorporates by reference the defenses raised in MG Freesites' Local Rule 26.03 interrogatory answers (DE. 57) as if set forth in full herein. Finally, HML incorporates by reference the affirmative defenses set forth in its Answer to the Amended Complaint, as if set forth herein.

**(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.**

On April 12, 2022, Plaintiffs' counsel made a proposal to all Defendants to extend all of the deadlines on the Court's scheduling order by 120 days. Counsel for MG Freesites responded shortly thereafter with a proposal for an extension of all deadlines by 150 days. HML has communicated its agreement that all of the deadlines on the Court's scheduling order should be extended by 150 days.

**(6) The parties shall inform the Court whether there are any special circumstances**

**which would affect the time frames applied in preparing the scheduling order.**

HML has filed a Motion for Judgment on the Pleadings in which it asserts, *inter alia*, that it is not subject to personal jurisdiction in the United States and that it is, in any event, entitled to immunity under Section 230 of the Communications Decency Act. HML asserts that it should not be expected to participate in discovery until such time as the Court has issued a decision on that Motion. In addition, HML notes that it is a Cyprus based company and all of its employees are located in Cyprus. Travel restrictions due to COVID-19 and/or witnesses' ability to obtain the necessary visas to travel to the United States could impact their ability to appear for trial.

**(7) The parties shall provide any additional information requested in the Pre-Scheduling order.**

None at this time.

Respectfully Submitted,

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (admitted *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (admitted *pro hac vice*)
Frank Scardino (admitted *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802

vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Hammy Media LTD*

April 12, 2022
Greenville, South Carolina