**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | **Case No: 7:21-CV-03193-JD** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **LIMESTONE UNIVERSITY f/k/a** |
| | ) | **LIMESTONE COLLEGE'S** |
| **LIMESTONE UNIVERSITY F/K/A** | ) | **ANSWER TO AMENDED** |
| **LIMESTONE COLLEGE, COLLINS** | ) | **COMPLAINT AND CROSS-CLAIMS** |
| **MURPHY, MG FREESITES, LTD., d/b/a** | ) | **AGAINST COLLINS MURPHY** |
| **PORNHUB.COM and HAMMY MEDIA** | ) | |
| **LTD. d/b/a XHAMSTER.COM,** | ) | **(Jury Trial Demanded)** |
| | ) | |
| **Defendants.** | ) | |

COMES NOW, **LIMESTONE UNIVERSITY** (hereinafter "Defendant Limestone"), a Defendant in the above captioned matter and responds to the allegations of the Plaintiff's Amended Complaint showing this Honorable Court the following:

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim on which relief can be granted against Defendant Limestone and as such, it should be dismissed.

## SECOND DEFENSE

Defendant Limestone denies all allegations of the Amended Complaint except as specifically admitted in this Answer and demands strict proof of all allegations in Plaintiff's Amended Complaint which are not specifically admitted herein.

## THIRD DEFENSE

Subject to the affirmative defenses contained herein, and without waiving any of said defenses, Defendant Limestone responds to the specific allegations of Plaintiff's Amended Complaint as follows:

## INTRODUCTION

### 1.

Defendant Limestone avers that Plaintiff's Amended Complaint speaks for itself and therefor the allegations in the first sentence of Paragraph 1 do not require a response from Defendant Limestone. To the extent those allegations require response, they are denied.  Defendant Limestone denies all remaining allegations in Paragraph 1 and demands strict proof thereof.

### 2.

Defendant Limestone denies the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and demands strict proof thereof.

### 3.

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

## PARTIES AND VENUE

### 4.

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

### 5.

In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendant Limestone admits only that Limestone University is a private, nonprofit, co-ed liberal arts university with a main campus located at 1115 College Drive, Gaffney, South Carolina 29340. By way of further response to Paragraph 5 of Plaintiff's Amended Complaint and by way of clarification, though Defendant

Limestone formally changed its name to "Limestone University" in July 2020, it was known as "Limestone College" during the relevant time periods identified in Plaintiff's Amended Complaint. Defendant Limestone admits only that, as a nonprofit entity, it performs its mission of educating students through its Board of Trustees, and the officers and employees appointed on the Board's behalf. Defendant Limestone denies that it is liable for any wrongful acts alleged in Plaintiff's Amended Complaint, and denies all remaining allegations in Paragraph 5 of Plaintiff's Amended Complaint and demands strict proof thereof.

**6.**

Responding to Paragraph 6 of Plaintiff's Amended Complaint, Defendant Limestone admits that it employed Defendant Collins Murphy from August 2012 - October 2014 as the intramural/summer conference director. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint and, therefore, denies those allegations in their entirety and demands strict proof thereof.

**7.**

The allegation that Defendant Limestone was and is responsible for Defendant Murphy's alleged actions and conduct, as alleged in Paragraph 7 of Plaintiff's Amended Complaint, amounts to a legal conclusion to which no response is required. To the extent a response may be required, Defendant Limestone denies this allegation. Defendant Limestone denies all remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and demands strict proof thereof.

**8.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**9.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**10.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**11.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**12.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**13.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**14.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**15.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. By way of further response to Paragraph 15 of Plaintiff's Amended Complaint, Defendant Limestone expressly denies that Plaintiff's Amended Complaint against Defendant Limestone has merit.

**16.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. By way of further response to Paragraph 16 of Plaintiff's Amended Complaint, Defendant Limestone expressly denies that Plaintiff's Amended Complaint against Defendant Limestone has merit.

**<u>FACTS</u>**
**(As to Defendant Limestone and Defendant Murphy)**

**17.**

In response to Paragraph 17 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-16 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-16 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**18.**

Defendant Limestone admits the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

**19.**

In response to Paragraph 19 of Plaintiff's Amended Complaint, Defendant Limestone admits that its field hockey team competed against the Indiana University of Pennsylvania women's field hockey team on Defendant Limestone's campus in the Fall of 2012. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**20.**

In response to Paragraph 20 of Plaintiff's Amended Complaint, Defendant Limestone admits only that it provided the Bellarmine field hockey team with access to locker room facilities on Defendant Limestone's campus for the field hockey game between Defendant Limestone and Bellarmine University in the Fall of 2012. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in

Paragraph 20 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**21.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**22.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**23.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of Defendant Collins Murphy's knowledge of athletic competitions taking place at Defendant Limestone, and therefore denies that allegation. Defendant Limestone denies the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

**24.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**25.**

Responding to Paragraph 25 of Plaintiff's Amended Complaint, Defendant Limestone admits that it terminated Defendant Collins Murphy's employment in October 2014. Defendant

Limestone denies the remaining allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

### 26.

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 26 of Plaintiff's Amended Complaint.

### 27.

Defendant Limestone admits that the Gaffney Police Department is conducting an investigation concerning the videos which are the subject of Plaintiff's Amended Complaint. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of Plaintiff's Amended Complaint and therefore denies those allegations.

### 28.

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

### 29.

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**30.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**31.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**32.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**33.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**34.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**35.**

Defendant Limestone denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

**36.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding videotaping and dissemination and publication of videos contained in Paragraph 36 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 36 of Plaintiff's Amended Complaint, and denies that Plaintiff has been injured or damaged in any way by Defendant Limestone, including as alleged in Paragraph 36.

## FACTS
### (As to Defendant Pornhub and Defendant xHamster)

**37.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.  In further answer to Paragraphs 37 – 51 of Plaintiff's Amended Complaint—those paragraphs designated as to "Defendant Pornhub and Defendant xHamster"—Defendant Limestone responds to allegations against the otherwise undefined "Defendants" in Paragraphs 37 – 51 as if those allegations are against only "Defendant Pornhub and Defendant xHamster" and as if references to "Defendants" does not include Defendant Limestone.  Defendant Limestone reserves its right to amend this Answer if any other meaning for "Defendants" was intended by Plaintiff.

**38.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**39.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**40.**

Defendant Limestone denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint and, specifically denies that it was ever involved in any joint venture, partnership, civil conspiracy or any other relationship with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 40 of Plaintiff's Amended Complaint.

**41.**

Defendant Limestone denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint and, specifically denies that it has ever been involved in any way with the monetization of lewd content of any kind in any medium. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 41 of Plaintiff's Amended Complaint.

**42.**

Defendant Limestone denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint and, specifically denies that it has ever been involved in any way with the monetization of lewd content of any kind in any medium, or that it has posted anything of a lewd nature on any website that would predicate receipt of takedown notices.  Answering further,

Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 42 of Plaintiff's Amended Complaint.

**43.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 43 of Plaintiff's Amended Complaint.

**44.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**45.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 45 of Plaintiff's Amended Complaint.

**46.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering

further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 46 of Plaintiff's Amended Complaint.

**47.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 47 of Plaintiff's Amended Complaint.

**48.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 48 of Plaintiff's Amended Complaint.

**49**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 49 of Plaintiff's Amended Complaint.

**50.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint

and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 50 of Plaintiff's Amended Complaint.

## 51.

Defendant Limestone denies the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 51 of Plaintiff's Amended Complaint and denies that Plaintiff has suffered any injuries or damages therefrom that were caused either directly or indirectly by Limestone or for which Limestone is responsible.

## FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS
### (Invasion of Privacy – Wrongful Intrusion upon Private Affairs – against Defendant Murphy and Defendant xHamster)

## 52.

In response to Paragraph 52 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-51 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-51 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

## 53.

Defendant Limestone admits that Defendant Collins Murphy previously had some access to certain locker room facilities at Defendant Limestone. Defendant Limestone denies all other allegations contained in Paragraph 53 of Plaintiff's Amended Complaint. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 53 of Plaintiff's Amended Complaint.

**54.**

Defendant Limestone denies the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint if asserted against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 54 of Plaintiff's Amended Complaint, as they relate to Defendant Collins Murphy, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 54 of Plaintiff's Amended Complaint.

**55.**

The allegation that Defendant Collins Murphy's actions constituted an intrusion into the private affairs of the Plaintiff and the other women, as alleged in Paragraph 55 of Plaintiff's Amended Complaint, amounts to a legal conclusion to which no response is required. To the extent a response may be required, Defendant Limestone denies this allegation. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 55 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**56.**

The allegations contained in contained in Paragraph 56 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

**57.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 57 of Plaintiff's Amended Complaint.

**58.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 58 of Plaintiff's Amended Complaint.

**59.**

Defendant Limestone denies the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 59 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 59 of Plaintiff's Amended Complaint and denies that Plaintiff has been injured or damaged in any way by Limestone.

**60.**

Defendant Limestone denies the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without

sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 60 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 60 of Plaintiff's Amended Complaint and denies that Plaintiff has been injured or damaged in any way by Limestone.

**61.**

Defendant Limestone denies the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 61 of Plaintiff's Amended Complaint and denies that Plaintiff is entitled to recover any damages of whatsoever nature from Limestone including, without limitation, punitive damages.

## FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS
### (Invasion of Privacy – Wrongful Publicizing of Private Affairs)

**62.**

In response to Paragraph 62 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-61 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-61 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**63.**

Defendant Limestone denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 63 of Plaintiff's Amended Complaint.

**64.**

Upon information and belief, Paragraphs 64 and 65 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a scrivener's error. The allegations contained in contained in Paragraphs 64 and 65 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof. To the extent there was no such scrivener's error and the allegations contained in Paragraph 64 require a response, they are denied.

**65.**

Upon information and belief, Paragraphs 64 and 65 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a scrivener's error. The allegations contained in contained in Paragraphs 64 and 65 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and

demands strict proof thereof. To the extent there was no such scrivener's error and the allegations contained in Paragraph 65 require a response, they are denied.

**66.**

The allegations contained in contained in Paragraph 66 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

**67.**

The allegations contained in contained in Paragraph 67 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

**68.**

Defendant Limestone denies the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 68 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 68 of Plaintiff's Amended Complaint.

**69.**

Defendant Limestone denies the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without

sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 69 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 69 of Plaintiff's Amended Complaint.

**70.**

Defendant Limestone denies the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 70 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 70 of Plaintiff's Amended Complaint.

**FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Invasion of Privacy – Wrongful Appropriations of Personality – against Defendant Murphy and Defendant xHamster)**

**71.**

In response to Paragraph 71 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-70 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-70 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**72.**

Defendant Limestone denies the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 72 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 72 of Plaintiff's Amended Complaint.

**73.**

The allegations contained in contained in Paragraph 73 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

**74.**

The allegations contained in contained in Paragraph 74 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

**75.**

The allegations contained in contained in Paragraph 75 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

**76.**

The allegations contained in contained in Paragraph 76 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

**77.**

Defendant Limestone denies the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 77 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 77 of Plaintiff's Amended Complaint.

**78.**

Defendant Limestone denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 78 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 78 of Plaintiff's Amended Complaint.

**FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Intentional Infliction of Emotional Distress – against Defendant Murphy and Defendant xHamster)**

**79.**

In response to Paragraph 79 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-78 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-78 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**80.**

Defendant Limestone denies the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 80 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 80 of Plaintiff's Amended Complaint.

**81.**

Defendant Limestone denies the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 81 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 81 of Plaintiff's Amended Complaint.

**82.**

Defendant Limestone denies the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 82 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 82 of Plaintiff's Amended Complaint.

**83.**

Defendant Limestone denies the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 83 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 83 of Plaintiff's Amended Complaint.

**84.**

Defendant Limestone denies the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any

allegations or inferences asserting liability against it in Paragraph 84 of Plaintiff's Amended Complaint.

**85.**

Defendant Limestone denies the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint as made against Defendant Limestone. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 of Plaintiff's Amended Complaint, as they relate to other Defendants, and therefore denies those allegations. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 85 of Plaintiff's Amended Complaint.

**<u>FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS</u>**
**(Negligent Hiring – Defendant Limestone)**

**86.**

In response to Paragraph 86 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-85 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-85 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**87.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any knowledge of allegations of misconduct made against Defendant Murphy prior to his employment with Defendant Limestone, and denies

any allegations or inferences asserting liability against it in Paragraph 87 of Plaintiff's Amended Complaint.

## 88.

Defendant Limestone denies the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 88 of Plaintiff's Amended Complaint.

## 89.

Defendant Limestone denies the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 89 of Plaintiff's Amended Complaint.

## 90.

Defendant Limestone denies the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 90 of Plaintiff's Amended Complaint.

## 91.

Defendant Limestone denies the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint and denies that Plaintiff has been injured or damaged by Limestone in any way. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 91 of Plaintiff's Amended Complaint.

## FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS
### (Negligent Supervision - Defendant Limestone)

## 92.

Upon information and belief, Paragraphs 92 and 93 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a

scrivener's error. In response to Paragraphs 92 and 93 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-91 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-91 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof. To the extent there was no such scrivener's error and the allegations contained in Paragraph 92 require a response, they are denied.

**93.**

Upon information and belief, Paragraphs 92 and 93 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a scrivener's error. In response to Paragraphs 92 and 93 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-91 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-91 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof. To the extent there was no such scrivener's error and the allegations contained in Paragraph 93 require a response, they are denied.

**94.**

The allegation as to Defendant Limestone's duty of care, as alleged in Paragraph 94 of Plaintiff's Amended Complaint, consists of a legal conclusion to which no response is required. To the extent a response may be required, Defendant Limestone denies this allegation. Defendant Limestone denies all remaining allegations contained in Paragraph 94 of Plaintiff's Amended Complaint and demands strict proof thereof.

**95.**

Upon information and belief, Paragraphs 95 and 96 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a scrivener's error. Defendant Limestone denies the allegations contained in Paragraphs 95 and 96 of Plaintiff's Amended Complaint. To the extent there was no such scrivener's error and the allegations contained in Paragraph 95 require a response, they are denied.

**96.**

Upon information and belief, Paragraphs 95 and 96 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a scrivener's error. Defendant Limestone denies the allegations contained in Paragraphs 95 and 96 of Plaintiff's Amended Complaint. To the extent there was no such scrivener's error and the allegations contained in Paragraph 96 require a response, they are denied.

**97.**

Defendant Limestone denies the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint.

**98.**

Defendant Limestone denies the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 98 of Plaintiff's Amended Complaint.

**99.**

Defendant Limestone denies the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 99 of Plaintiff's Amended Complaint.

**100.**

Defendant Limestone denies the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint and denies that Plaintiff has been injured by Limestone in any way.

**FOR A SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Negligent Monitoring – Defendant Pornhub and Defendant xHamster)**
**101.**

In response to Paragraph 101 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-100 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-100 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**102.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**103.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**104.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**105.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**106.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**107.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

### FOR A EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANTS
**(False Light – Defendant Pornhub and Defendant xHamster)**

**108.**

In response to Paragraph 108 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-107 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-107 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**109.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 109 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**110.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 110 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**111.**

Upon information and belief, Paragraphs 111 and 112 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a scrivener's error. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 111 and 112 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 111 and 112 of Plaintiff's Amended Complaint. To the extent there was no such scrivener's error and the allegations contained in Paragraph 111 require a response, they are denied.

**112.**

Upon information and belief, Paragraphs 111 and 112 of Plaintiff's Amended Complaint were intended to be one single paragraph but were separated into separate paragraphs due to a scrivener's error. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 111 and 112 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 111 and 112 of Plaintiff's Amended

Complaint. To the extent there was no such scrivener's error and the allegations contained in Paragraph 112 require a response, they are denied.

**113.**

Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 113 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 113 of Plaintiff's Amended Complaint and that Plaintiff has been injured or damaged by Limestone in any way.

**114.**

To the extent the allegations in Paragraph 114 of Plaintiff's Amended Complaint are made against Defendant Limestone, it denies any knowledge whatsoever, whether actual, constructive, or otherwise, of the alleged videos of Plaintiff, and therefore denies both that it shared the videos in any way and that it could have or should have verified the consent of those videoed.  If the allegations in Paragraph 114 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 114 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 114 of Plaintiff's Amended Complaint.

**115.**

Defendant Limestone denies that Plaintiff has been injured or damaged in any way. Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth

or falsity of the remaining allegations contained in Paragraph 115 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.

**FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Civil Conspiracy – against Defendant Murphy and Defendant Pornhub)**

**116.**

In response to Paragraph 116 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-115 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-115 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**117.**

To the extent the allegations in Paragraph 117 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and further denies involvement in any way with creation of sexually lewd content or with the alleged invasion of Plaintiff's privacy, which purported invasion by Limestone is also denied. If the allegations in Paragraph 117 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 117 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 117 of Plaintiff's Amended Complaint.

**118.**

To the extent the allegations in Paragraph 118 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and further denies any filming of Plaintiff and any involvement therewith, denies and any other content creation for Defendant Pornhub's website, and denies any involvement with the publication of any content on Defendant Pornhub's website. If the allegations in Paragraph 118 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 118 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof.  Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 118 of Plaintiff's Amended Complaint.

**119.**

Defendant Limestone denies that Plaintiff has been injured by Limestone in any way and denies her entitlement to damages from Limestone of any kind including, without limitation, actual, consequential and punitive damages, and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 119 of Plaintiff's Amended Complaint.

**FOR A TENTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Civil Conspiracy – against Defendant Murphy and Defendant xHamster)**

**120.**

In response to Paragraph 120 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-119 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in Paragraphs 1-119 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

**121.**

To the extent the allegations in Paragraph 121 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and further denies involvement in any way with creation of sexually lewd content or with the alleged invasion of Plaintiff's privacy, which purported invasion by Limestone is also denied. If the allegations in Paragraph 121 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 121 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 121 of Plaintiff's Amended Complaint.

**122.**

To the extent the allegations in Paragraph 122 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a

Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and further denies any filming of Plaintiff and any involvement therewith, denies and any other content creation for Defendant Pornhub's website, and denies any involvement with the publication of any content on Defendant Pornhub's website. If the allegations in Paragraph 122 are not made against this Defendant, Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 122 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 122 of Plaintiff's Amended Complaint.

### 123.

Defendant Limestone denies that Plaintiff has been injured by Limestone in any way and denies their entitlement to damages of any kind from Limestone including, without limitation, actual, consequential and punitive damages, and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 123 of Plaintiff's Amended Complaint.

**FOR AN ELEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(CONDUCTING THE AFFAIRS OF THE ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY – 18 U.S.C. § 1962(c) and 1964(c) against Defendant Murphy and Defendant xHamster)**

### 124.

In response to Paragraph 124 of Plaintiff's Amended Complaint, Defendant Limestone expressly incorporates each of its responses to the allegations contained in Paragraphs 1-124 of Plaintiff's Amended Complaint as if set forth herein verbatim. All allegations set forth in

Paragraphs 1-124 of Plaintiff's Amended Complaint not specifically admitted herein are denied, and Defendant Limestone demands strict proof thereof.

## THE ENTERPRISE

### 125.

The allegations contained in contained in Paragraph 125 of Plaintiff's Amended Complaint amount to legal conclusions to which no response is required. To the extent a response may be required, Defendant Limestone denies the allegations in their entirety and demands strict proof thereof.

### 126.

To the extent the allegations in Paragraph 134 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014. If the allegations in Paragraph 126 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 126 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 126 of Plaintiff's Amended Complaint.

### 127.

To the extent the allegations in Paragraph 127 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial

relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and denies any participation in the alleged Enterprise. If the allegations in Paragraph 127 are not made against Defendant Limestone is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 127 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 127 of Plaintiff's Amended Complaint.

### 128.

To the extent the allegations in Paragraph 128 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any participation in the alleged Enterprise, and all allegations against Defendant Limestone contained in Paragraph 128 of Plaintiff's Amended Complaint. If the allegations in Paragraph 136 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 128 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 128 of Plaintiff's Amended Complaint.

**129.**

To the extent the allegations in Paragraph 129 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any participation in the alleged Enterprise, and denies all allegations against Defendant Limestone contained in Paragraph 129 of Plaintiff's Amended Complaint. If the allegations in Paragraph 129 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 129 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 129 of Plaintiff's Amended Complaint.

**130.**

To the extent the allegations in Paragraph 130 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any participation in the alleged Enterprise, and denies all allegations against Defendant Limestone contained in Paragraph 130 of Plaintiff's Amended Complaint. If the allegations in Paragraph 130 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 130 of Plaintiff's

Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 130 of Plaintiff's Amended Complaint.

## THE PATTERN OF RACKETEERING

### 131.

To the extent the allegations in Paragraph 131 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any participation in the alleged Enterprise, and denies all allegations against Defendant Limestone contained in Paragraph 131 of Plaintiff's Amended Complaint. If the allegations in Paragraph 131 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 131 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 131 of Plaintiff's Amended Complaint.

### 132.

To the extent the allegations in Paragraph 132 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any

participation in the alleged Enterprise, and denies all allegations against Defendant Limestone contained in Paragraph 132 of Plaintiff's Amended Complaint. If the allegations in Paragraph 140 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 132 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 132 of Plaintiff's Amended Complaint.

**133.**

To the extent the allegations in Paragraph 133 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any racketeering activity, and denies all allegations against Defendant Limestone contained in Paragraph 133 of Plaintiff's Amended Complaint. If the allegations in Paragraph 133 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 133 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 133 of Plaintiff's Amended Complaint.

**134.**

To the extent the allegations in Paragraph 134 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial

relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any participation in the alleged Enterprise, and denies all allegations against Defendant Limestone contained in Paragraph 134 of Plaintiff's Amended Complaint. If the allegations in Paragraph 142 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 134 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 134 of Plaintiff's Amended Complaint.

### 135.

To the extent the allegations in Paragraph 135 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies the creation of videos or participation in a "scheme" concerning the creation of "Spy Cam Videos," and denies all allegations against Defendant Limestone contained in Paragraph 135 of Plaintiff's Amended Complaint. If the allegations in Paragraph 135 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 135 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering

further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 135 of Plaintiff's Amended Complaint.

**136.**

To the extent the allegations in Paragraph 136 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, denies any pattern of exploiting women, and denies all allegations against Defendant Limestone contained in Paragraph 136 of Plaintiff's Amended Complaint. If the allegations in Paragraph 136 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 136 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 136 of Plaintiff's Amended Complaint.

**137.**

To the extent the allegations in Paragraph 137 of Plaintiff's Amended Complaint are made against Defendant Limestone, they are denied. If the allegations in Paragraph 137 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 137 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 137 of Plaintiff's Amended Complaint.

**138.**

To the extent the allegations in Paragraph 138 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and denies all allegations against Defendant Limestone contained in Paragraph 138 of Plaintiff's Amended Complaint. If the allegations in Paragraph 138 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 138 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 138 of Plaintiff's Amended Complaint.

**139.**

To the extent the allegations in Paragraph 139 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and denies all allegations against Defendant Limestone contained in Paragraph 139 of Plaintiff's Amended Complaint. If the allegations in Paragraph 139 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 139 of Plaintiff's Amended Complaint and, therefore, denies

the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 139 of Plaintiff's Amended Complaint.

**140.**

To the extent the allegations in Paragraph 140 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and denies all allegations against Defendant Limestone contained in Paragraph 140 of Plaintiff's Amended Complaint. If the allegations in Paragraph 140 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 140 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 140 of Plaintiff's Amended Complaint.

**141.**

To the extent the allegations in Paragraph 141 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and denies all allegations against Defendant Limestone contained in Paragraph 141 of Plaintiff's Amended

Complaint. If the allegations in Paragraph 141 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 141 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 141 of Plaintiff's Amended Complaint.

**142.**

To the extent the allegations in Paragraph 142 of Plaintiff's Amended Complaint are made against Defendant Limestone, it specifically denies any relationship, including a conspiratorial relationship or associated-in-fact enterprise, with Defendants MG Freesites, Ltd., d/b/a Pornhub.com, Hammy Media Ltd., d/b/a Xhamster.com, or with Collins Murphy except for its employment relationship with Defendant Murphy from August 2012 to October 2014, and denies all allegations against Defendant Limestone contained in Paragraph 142 of Plaintiff's Amended Complaint. If the allegations in Paragraph 142 are not made against Defendant Limestone, then it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 142 of Plaintiff's Amended Complaint and, therefore, denies the allegations in their entirety and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 142 of Plaintiff's Amended Complaint.

**143.**

Defendant Limestone denies that Plaintiff has been injured by Limestone in any way and denies her entitlement to damages of any kind from Limestone including, without limitation, actual, consequential and punitive damages, and demands strict proof thereof. Answering further,

Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 143 of Plaintiff's Amended Complaint.

**144.**

Defendant Limestone denies that Plaintiff has been injured by Limestone in any way and denies her entitlement to damages of any kind from Limestone including, without limitation, general, special, treble, compensatory, actual, consequential and/or punitive damages, nor attorneys' fees and/or costs, and demands strict proof thereof. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 144 of Plaintiff's Amended Complaint.

**<u>DAMAGES</u>**

**153.**

Defendant Limestone denies the allegations contained in Paragraph 153 of Plaintiff's Amended Complaint and specifically denies that Plaintiff has suffered any injuries of any kind as a result of Limestone's actions including, without limitation, those listed in subparagraphs 1, 2, and 3 of Paragraph 153. Answering further, Defendant Limestone specifically denies any allegations or inferences asserting liability against it in Paragraph 153 of Plaintiff's Amended Complaint.

**<u>PRAYERS FOR RELIEF</u>**

Defendant Limestone denies the allegations contained in the "WHEREFORE" paragraph of Plaintiff's Amended Complaint, and specifically denies that Plaintiff is entitled to any relief or damages including the relief and damages prayed for in subparagraphs A., B., C., D., E., and C. (sic) of the "WHEREFORE" paragraph.

## FOURTH DEFENSE
### Preservation of Affirmative Defenses/Reservation of Rights)

Defendant Limestone reserves the right to rely upon and does not waive such other affirmative defenses as the evidence may reveal during the course of discovery and reserves the right to amend this Answer to assert any such defenses.

## FIFTH DEFENSE
### (Apportionment)

Should the jury find that Defendant Limestone was in any way a contributing proximate cause to the accident in question, which is specifically denied, then Defendant Limestone would show that its liability was less than 50% of the total fault and that it should only be liable for that percentage of the indivisible damages determined by the jury or trier of fact pursuant to S.C. Code Ann. § 15-38-15.

## SIXTH DEFENSE
### (No Joint and Several Liability)

There was no concert of action between Defendant Limestone and any other Defendants and, therefore, Defendant Limestone was not a joint tortfeasor with any other Defendant and may not be held joint and severally liable.

## SEVENTH DEFENSE
### (No Vicarious Liability)

Plaintiff's claims against Defendant Limestone fail because Defendant Collins Murphy was not acting within the scope of his employment and therefore Defendant Limestone is not vicariously liable for Defendant Collins Murphy's alleged actions.

## EIGHTH DEFENSE
### (Election of Remedies)

Plaintiff's claims seek relief based on the same alleged underlying injury and, although Defendant Limestone specifically denies that Plaintiff is entitled to any recovery whatsoever,

should Plaintiff succeed on more than one ground for relief, Plaintiff must elect her remedy so as to prevent a double recovery for a single purported wrong.

**NINTH DEFENSE**
**(Punitive Damages Not Warranted – Good Faith Efforts)**

Defendant Limestone cannot be held liable for any punitive damages because any wrongful conduct, which is expressly denied, was contrary to Defendant Limestone's good faith efforts to comply with the law.

**TENTH DEFENSE**
**(Punitive Damages Not Warranted – No Malice/Reckless Indifference)**

Defendant Limestone denies that punitive and/or exemplary damages are warranted because at no time did Defendant Limestone act wrongfully or with malice or reckless indifference toward Plaintiff's legal rights under applicable law.

**ELEVENTH DEFENSE**
**(Punitive Damages Unconstitutional)**

Any award of punitive damages against Defendant Limestone would violate the constitutional safeguards provided under the Constitution of the United States of America and the Constitution of the State of South Carolina in that punitive damages violate the due process and equal protection guarantees, place an undue burden on interstate commerce, violate the right to assembly and petition the government, and violate the prescription against excessive fines.

**TWELFTH DEFENSE**
**(Attorneys' Fees Inappropriate)**

An award of attorneys' fees and costs to Plaintiff is neither factually, legally, or equitably appropriate.

### THIRTEENTH DEFENSE
### (Other Causes)

Any damage or injury Plaintiff may have suffered, which is expressly denied, was caused, in whole or in part, by persons or factors unrelated to Defendant Limestone.

### FOURTEENTH DEFENSE
### (Proximate Cause)

Defendant Limestone denies that Plaintiff has suffered any damage or injury. Alternatively, to the extent Plaintiff allege that she was harmed or injured, such harm or injury was caused, in whole or in part, by persons or factors unrelated to Defendant Limestone.

### FIFTEENTH DEFENSE
### (No Duty Owed)

Plaintiff's claims for negligent hiring and negligent supervision fail because Plaintiff cannot establish that Defendant Limestone owed Plaintiff a duty of care.

### SIXTEENTH DEFENSE
### (Punitive Damages Cap)

Defendant Limestone would show that any award of punitive damages is subject to the limitations set forth in South Carolina Code §15-32-530.

### SEVENTEENTH DEFENSE
### (South Carolina Solicitation of Charitable Funds Act/South Carolina Tort Claims Act Damages Cap)

Defendant Limestone is a charitable organization, as defined in Section 33-56-170 of the Solicitation of Charitable Funds Act (S.C. Code Ann. Section 33-56-10 *et seq.* (Supp 1998)). The Plaintiff's allegations in this action are governed by the Solicitation of Charitable Funds Act and Limestone University pleads all immunities and defenses available under the Solicitation of

Charitable Funds Act as potential defenses, including the statutory cap on damages set forth in S.C. Code Ann. Section 33-56-180.

Any allegations not previously responded to are hereby denied by Defendant Limestone. The responses contained in this pleading are based upon the information currently available to Defendant Limestone and are a good faith attempt to respond to each and every allegation.

WHEREFORE, having responded to each and every paragraph of Plaintiff's Amended Complaint, Defendant Limestone prays as follows:

a)      That the prayers of Plaintiff's Amended Complaint be denied;

b)      That Plaintiff's Amended Complaint against Defendant Limestone be dismissed with prejudice and without cost to Defendant Limestone;

c)      That Defendant Limestone have a jury trial; and

d)      That Defendant Limestone have such other and further relief as the Court deems appropriate, including recovery of its costs and attorneys' fees.

## FURTHER ANSWERING AND AS AN ADDITIONAL DEFENSE AND BY WAY OF CROSS-CLAIM AGAINST CO-DEFENDANT COLLINS MURPHY

Defendant Limestone ("Limestone" or "Cross claimant") asserts the following cross-claim action against Co-Defendant Collins Murphy ("Murphy") pursuant to Fed. R. Civ. P. 13:

## INTRODUCTION

Limestone's core mission "is to educate students from diverse backgrounds in the liberal arts and selected professional disciplines . . . . [in] an educational climate that upholds high academic standards and fosters respect for learning and beauty, creativity and hard work, tolerance and personal integrity, vigorous activity and spiritual reflection . . . . where students are challenged to become critical thinkers and effective communicators who are prepared for responsible

citizenship, successful careers, and graduate study." Limestone has been fulfilling this mission for 175 years.

Plaintiff alleges that Limestone acted negligently, wrongfully, willfully, wantonly, and in violation of Plaintiff's rights by hiring Murphy and failing to properly supervise him, which she alleges would have prevented Murphy from recording videos of her in various states of undress. Solely because of Limestone's employment of Murphy, Plaintiffs lump Limestone—a respected institution of education for 175 years—together with Murphy, and two pornographic websites, which Plaintiff accuses of engaging in a conspiratorial scheme to produce lewd "spy cam" videos for profit via public internet consumption.

However, Limestone was not in any way involved in Murphy's alleged misdeeds, or the alleged conspiracy to engage, perpetuate, or profit from those misdeeds as Plaintiff alleges the two pornographic website defendants did. Limestone merely hired an employee (Murphy) after properly vetting him for employment and continued his employment without any indication that he might be committing any wrongdoing whatsoever, much less the surreptitious recording of locker room videos. At the first indication that Murphy *might* have engaged in the alleged conduct, not at Limestone, but at a prior employer no less, Limestone acted swiftly, thoroughly, and decisively by terminating Murphy's employment and conducting an investigation into his conduct at Limestone that did not reveal evidence of surreptitious recordings by Murphy at Limestone. Now, more than five years later, Limestone has been thrust into this legal action as a defendant in the company of distasteful actors that are in no way its peers. This cross-claim action seeks to put the responsibility for the misconduct alleged by Plaintiff squarely where it belongs, with Murphy.

**1.**

Defendant Limestone repeats its foregoing allegations in its Answer to Plaintiff's Amended Complaint where consistent with the relief claimed herein.

**2.**

Defendant Limestone's cross-claims against Co-Defendant Collins Murphy arise out of the transaction or occurrence that is the subject matter of the original action.

**3.**

As both parties to these cross-claims have appeared in the above-captioned case, jurisdiction and venue are proper in this Court as to the cross-claims contained herein under 28 U.S.C.A. § 1367.

**FACTS**

**4.**

During the times relevant hereto, Defendant Limestone was operating under the laws of the State of South Carolina as a private, nonprofit, co-ed liberal arts university.

**5.**

Murphy applied for the position of intramural/summer conference director at Limestone in June 2012.

**6.**

In filling the intramural/summer conference director position Limestone followed its regular and reasonable process for hiring new staff members.

**7.**

Limestone's Vice President for Student Services conducted multiple interviews, including in person, with Murphy.

**8.**

Limestone performed its due diligence with respect to Murphy, including reference, education, and background checks, and even including a federal and state criminal background check, and sex offender registry check, the results of which showed that Murphy had no criminal record and was not a registered sex offender.

**9.**

In fact, Murphy had no criminal record at the time Limestone hired him, nor at any time during his employment with Limestone.

**10.**

Limestone hired Murphy as its intramural/summer conference director in August 2012.

**11.**

During Murphy's employment, Limestone received no complaints about Murphy, his job performance, his nature, his conduct at or outside of work, or of any other kind, from anyone inside or outside of Limestone.

**12.**

To Limestone's knowledge, Murphy performed his job in a satisfactory manner.

**13.**

No one from Murphy's former employer, Alderson Broaddus University, ever contacted Limestone regarding Murphy during or after his employment with Limestone.

**14.**

As contained in her Amended Complaint, Plaintiff alleges that she was a member of a visiting athletic team to Defendant Limestone's campus in the Fall of 2012, and alleges that was

the date she was secretly videotaped in various states of undress in Limestone's locker room by Murphy.

**15.**

Upon information and belief, no one had reported videotaping by Murphy, secret or otherwise, until on or about September 17, 2014, when such a report was made to the West Virginia State Police.

**16.**

In late October 2014, Limestone was made aware by West Virginia State Police that Collins Murphy had allegedly used hidden cameras to video students of his previous employer, Alderson-Broaddus University ("ABU").

**17.**

Upon learning of the investigation in West Virginia, Limestone questioned Collins Murphy about the allegations concerning hidden camera use at ABU. Upon Murphy's admission that the allegations were true, Limestone immediately terminated Murphy's employment at Limestone.

**18.**

Limestone's Vice President for Student Services, Robert Overton, directly questioned Murphy regarding whether he had made any surreptitious video recordings at Limestone and Murphy stated that he had not used hidden cameras on Defendant Limestone's campus.

**19.**

After Limestone terminated Murphy's employment, its then Chief of Campus Security, Richard Simmons, again asked Murphy if he had made any surreptitious recordings at Limestone, and Murphy again denied having done so.

**20.**

Limestone searched for and did not find any hidden cameras in the women's locker room or Collins Murphy's former office after it terminated Murphy's employment.

**21.**

Limestone also searched Murphy's school-issued computer for evidence of hidden camera recordings and did not find any such evidence.

**22.**

According to the allegations of Plaintiff's Amended Complaint, the videos Murphy allegedly made of Limestone's locker rooms began to circulate on the internet in 2019, almost five (5) years after Collins Murphy's employment with Limestone was terminated.

**23.**

Limestone was unaware of the existence of the videos until they were brought to Limestone's attention in October of 2019.

**24.**

Upon information and belief, Murphy has not been on Limestone's campus from the time of his termination in October 2014 to the present.

**25.**

Defendant Limestone informed law enforcement of the existence of the videos online and continues to cooperate with law enforcement's investigation.

**26.**

Throughout Murphy's employment, Limestone did not know, and did not have any reasonable cause to suspect, that Murphy was hiding cameras in the locker room(s).

**27.**

After Murphy's employment, Limestone did not find hidden cameras that might have been used by Murphy for surreptitious recording, did not find evidence of such recordings on his school-issued electronic devices, and did not receive any reports or other outside information indicating the existence of surreptitious recordings.

**28.**

Plaintiff alleges two (2) causes of action against Defendant Limestone in her Amended Complaint. To wit, Plaintiff claims that Defendant Limestone was negligent in failing to reasonably investigate Collins Murphy's history before hiring him or by hiring despite being on notice "that he presented a potential undue risk to female students," and failing to supervise Collins Murphy while he was in Defendant Limestone's employ.

**29.**

Limestone has denied all allegations or inferences of wrongdoing as alleged in Plaintiff's Amended Complaint because, *inter alia*:

- Murphy was acting outside the course and scope of his employment when he allegedly made the videos at issue, and therefore Limestone cannot be liable for his tortious conduct as a matter of law;

- Limestone conducted a reasonable investigation into Murphy's background prior to hiring him in 2012, by performing a criminal background check that showed no criminal history and showed that Murphy was not on the sex offender registry—and to Limestone's knowledge he had no criminal history at the time it hired him or through the time Limestone terminated his employment—his former employer did not disclose any malfeasance to Limestone, and his inappropriate conduct at his former employer was not public knowledge

at the time of his hiring, and in fact did not become public knowledge until after Limestone terminated Murphy's employment; and

- In 2012-2014, Defendant Limestone had no reason to suspect that Murphy would engage in the conduct as alleged in Plaintiff's Amended Complaint. Upon learning about the allegations concerning videotaping students at ABU, Limestone terminated Murphy's employment, and a search of the women's locker room and Murphy's office did not reveal any spy/hidden cameras.

## FIRST CROSS-CLAIM AGAINST MURPHY
### (Indemnification)

**30.**

Limestone restates and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

**31.**

As noted above, Plaintiff alleges that Limestone is liable to Plaintiff on the basis of its employment of Murphy at the time he allegedly recorded the subject videos.

**32.**

Limestone denies all claims based on its status as Murphy's employer, as none of his allegedly tortious actions were in the course and scope of his employment, Limestone was not aware of his alleged illicit activities and had no reason to be aware of them,  Limestone did not have the power to confer the authority on an agent to commit an unlawful act and did not attempt to confer that authority on Murphy, and Limestone has not ratified or otherwise approved of Murphy's alleged actions.

**33.**

As a result of the foregoing, Limestone has been required to defend this action and incur attorney's fees and costs and uncertain liability exposure.

**34.**

To the extent that the fact-finder in this action determines that Murphy was acting in the course and scope of his employment with Defendant Limestone, a special relationship existed between Defendant Limestone and Murphy.

**35.**

If Limestone is found liable on any ground related to Murphy's actions taken while he was purportedly employed by Limestone, the fault would lie entirely with Murphy and Defendant Limestone's liability would be secondary and passive.

**36.**

Limestone is, therefore, entitled to full indemnification from Murphy for any liability which may be imposed on Limestone or which it pays in settlement of Plaintiff's claims which relates to any of Murphy's actions or omissions, as outlined above, including recovery of reasonable attorney's fees and costs incurred in the defense of this lawsuit.

## SECOND CROSS-CLAIM AGAINST MURPHY
### (Fraud)

**37.**

Defendant Limestone restates and incorporates by reference the allegations in paragraphs 1 through 36 as if fully set forth herein.

**38.**

Upon being confronted with the allegations of his surreptitious video recordings from ABU, Murphy twice represented to Limestone that he had not made surreptitious video recordings at Limestone—once to Vice President Overton, and a second time to Chief Simmons.

**39.**

According to the allegations of Plaintiff's Amended Complaint, Murphy's representation to Limestone was false because he in fact recorded surreptitious videos at Limestone. Murphy, naturally, knew this representation was false. Murphy's false representation was material in that it obstructed Limestone from finding the truth and preventing Plaintiff's alleged injuries from Murphy's conduct.

**40.**

Murphy acted intentionally in making the false representation for the obvious purpose to avoid being caught in wrongful and potentially criminal conduct, and in the same way intended for his false representation to be acted upon by Limestone.

**41.**

Limestone was not aware of the falsity of Collins Murphy's misrepresentations at the time of said misrepresentations. Limestone had the right to rely on Murphy's misrepresentations and its reliance thereon was reasonable and justified based on Limestone's pre-employment review of Murphy's background including reference, and criminal background and sex offender registry checks; the absence of problems with Murphy during his employment with Limestone; the fact that, to Limestone's knowledge, he performed his job satisfactorily; and the fact that Murphy admitted to Vice President Overton when asked during his termination meeting that he had, in fact, surreptitiously made recordings while previously employed at ABU, among other reasons.

**42.**

As a direct and proximate result of Limestone's justifiable reliance on Murphy's knowing false representations, Limestone has been injured and is entitled to recover special damages in the form of wages paid to Murphy under false pretext and other related expenses incurred from Limestone's employment of Murphy, the costs associated with terminating Murphy's employment and finding a replacement for his position, damages to Limestone's reputation, and other economic and noneconomic, nominal, consequential, compensatory, exemplary, and other special damages as may be proved at trial.

## THIRD CROSS-CLAIM AGAINST MURPHY
(Constructive Fraud)

**43.**

Defendant Limestone restates and incorporates by reference the allegations in paragraphs 1 through 42 as if fully set forth herein.

**44.**

Upon being confronted with the allegations of his surreptitious video recordings from ABU, Murphy twice represented to Limestone that he had not made surreptitious video recordings at Limestone—once to Vice President Overton, and a second time to Chief Simmons.

**45.**

According to the allegations of Plaintiff's Amended Complaint, Murphy's representation to Limestone was false because he in fact recorded surreptitious videos at Limestone. Murphy, naturally, knew these representations were false. Murphy's false representations were material in that they obstructed Limestone from finding the truth and preventing Plaintiff's alleged injuries from Murphy's conduct.

**46.**

As an employee of Limestone, Murphy had a duty of loyalty to Limestone that required him to honestly disclose to Limestone his actions on campus, and otherwise regarding or important to Limestone, and as a former employee of Limestone Murphy in possession of important information that could impact Limestone, Murphy's obligation to disclose his actions continued.

**47.**

Limestone was not aware of the falsity of Murphy's misrepresentations at the time of said misrepresentations. Limestone had the right to rely on Murphy's misrepresentations  and its reliance thereon was reasonable and justified based on Limestone's pre-employment review of Murphy's background including reference check, and criminal background and sex offender registry checks, the lack of any indication of problems with Murphy during his employment with Limestone, the fact that to Limestone's knowledge he performed his job satisfactorily, and the fact that he had admitted his surreptitious recording while at ABU to Vice President Overton, among other reasons.

**48.**

As a direct and proximate result of Limestone's justifiable reliance on Murphy's knowing false representations, Limestone has been injured and is entitled to recover special damages in the form of wages paid to Murphy under false pretext and other related expenses incurred from Limestone's employment of Murphy, the costs associated with terminating Murphy's employment and finding a replacement for his position, damages to Limestone's reputation, and other economic and noneconomic, nominal, consequential, compensatory, exemplary, and other special damages as may be proved at trial.

## FOURTH CROSS-CLAIM AGAINST MURPHY
(Fraudulent Concealment)

**49.**

Defendant Limestone restates and incorporates by reference the allegations in paragraphs 1 through 48 as if fully set forth herein.

**50.**

Murphy did not disclose, and thereby concealed, his surreptitious video recording while employed at ABU at any time during his application for, or employment with, Limestone, including when applying, interviewing, or accepting employment with Limestone, and during his employment with Limestone until directly asked by Limestone after it was informed of his misconduct by the West Virginia State Police in October 2014, more than two years after his employment began.

**51.**

Murphy did not disclose to, and thereby concealed from, Limestone that he surreptitiously recorded videos while employed by Limestone, despite that Limestone asked Murphy this question twice thus giving him multiple opportunities to disclose in addition the opportunity to disclose created by the circumstances themselves, i.e. his admission upon being asked that he had recorded such videos while employed at ABU.

**52.**

Murphy's employment duties for Limestone, including his duties to direct the student-centric function of running the intramural program and community interfacing role of directing summer conferences, for which his office was located in a student and community recreation facility, involved Limestone placing trust and confidence in Murphy, and called for perfect good faith from Murphy and his full disclosure to Limestone of matters impacting its trust and confidence in his required good faith.

**53.**

Murphy's concealments were knowingly false, and were material in that they obstructed Limestone from finding the truth and preventing Plaintiff's alleged injuries from Murphy's conduct.

**54.**

Murphy acted intentionally in concealing his conduct for the obvious purpose to avoid being caught in wrongful and potentially criminal conduct, and in the same way intended for his concealments to be acted upon by Limestone.

**55.**

Limestone was not aware of Murphy's concealments at the time they occurred.  Limestone had the right to rely on Murphy's concealments and its reliance thereon was reasonable and justified based on Limestone's pre-employment review of Murphy's background including reference, and criminal background and sex offender registry checks, the lack of any indication of problems with Murphy during his employment with Limestone, the fact that to Limestone's knowledge he performed his job satisfactorily, and the fact that he had admitted his surreptitious recording while at ABU to Vice President Overton, among other reasons.

**56.**

Murphy's concealment of his surreptitious video recordings at ABU, and of his surreptitious video recordings alleged by Plaintiffs to have been made at Limestone, each constitute separate acts of fraudulent concealment.

**57.**

As a direct and proximate result of Limestone's justifiable reliance on Murphy's knowing concealments, Limestone has been injured and is entitled to recover special damages in the form

of wages paid to Murphy under false pretext and other related expenses incurred from Limestone's employment of Murphy, the costs associated with terminating Murphy's employment and finding a replacement for his position, damages to Limestone's reputation, and other economic and noneconomic, nominal, consequential, compensatory, exemplary, and other special damages as may be proved at trial.

## FIFTH CROSS CLAIM AGAINST MURPHY
(Negligent Misrepresentation)

### 58.

Defendant Limestone restates and incorporates by reference the allegations in paragraphs 1 through 57 as if fully set forth herein.

### 59.

Upon being confronted with the allegations of his surreptitious video recordings from ABU, Murphy twice represented to Limestone that he had not made surreptitious video recordings at Limestone—once to Vice President Overton, and a second time to Chief Simmons.

### 60.

According to the allegations of Plaintiff's Amended Complaint, Murphy's representation to Limestone was in his pecuniary interest to post the surreptitious videos to certain websites that paid Murphy for that content.

### 61.

As an employee of Limestone, Murphy had a duty of care in the form of a duty of loyalty to Limestone that required him to honestly disclose to Limestone his actions on campus, and otherwise regarding or important to Limestone, and as a former employee of Limestone Murphy in possession of important information that could impact Limestone, Murphy's obligation to disclose his actions continued.

**62.**

Murphy breached these duties to Limestone when he misrepresented that he had not surreptitiously recorded vides at Limestone.

**63.**

Limestone had the right to rely on Murphy's misrepresentations  and its reliance thereon was reasonable and justified based on Limestone's pre-employment review of Murphy's background including reference check, and criminal background and sex offender registry checks, the lack of any indication of problems with Murphy during his employment with Limestone, the fact that to Limestone's knowledge he performed his job satisfactorily, and the fact that he had admitted his surreptitious recording while at ABU to Vice President Overton, among other reasons.

**64.**

As a direct and proximate result of Limestone's justifiable reliance on Murphy's knowing false representations, Limestone has been injured and suffered pecuniary loss in the form of wages paid to Murphy under false pretext and other related expenses incurred from Limestone's employment of Murphy, the costs associated with terminating Murphy's employment and finding a replacement for his position, damages to Limestone's reputation, and other economic and nominal, consequential, compensatory, and exemplary damages as may be proved at trial.

**<u>SIXTH CROSS-CLAIM AGAINST MURPHY</u>**
**(Trespass)**

**65.**

Defendant Limestone restates and incorporates by reference the allegations in paragraphs 1 through 64 as if fully set forth herein.

**66.**

Limestone owned and/or operated the locker room(s) where the subject videos were allegedly taken, and had right to the exclusive, peaceable possession of the property.

**67.**

Murphy was not authorized to enter the locker room(s) when they were to be closed pursuant to posted notice for the purpose of visiting sports teams on days when Limestone was hosting an athletic event.

**68.**

According to the allegations in Plaintiff's Amended Complaint, and the facts as recited herein, Murphy made at least one unauthorized entry into the locker rooms that were closed for use by visiting sports teams.

**69.**

Murphy did not have permission to enter into the locker rooms when he presumably placed and retrieved the hidden cameras to make the subject videos, or for the purpose of allegedly placing and retrieving the hidden cameras to make the subject videos.

**70.**

Each of the aforementioned entries into the locker rooms constituted an intentional trespass onto Limestone's property.

**71.**

Limestone is entitled to nominal and exemplary damages for each of Murphy's trespasses, as well as any other damages that may be proved at trial.

### SEVENTH CROSS-CLAIM AGAINST MURPHY
**(Breach of Duties of Employee - Loyalty, Fidelity, Disclosure and Devoting Working Time)**

**72.**

Defendant Limestone restates and incorporates by reference the allegations in paragraphs 1 through 71 as if fully set forth herein.

**73.**

As Limestone's employee, Murphy owed Limestone certain duties, including without limitation the duty of loyalty to Limestone, the duty to disclose any information concerning his employment which Limestone would be likely to want to know, and the duty to devote his best efforts to the benefit of his employer.

**74.**

Murphy breached the duties an employee owes to his employer, by:

- concealing his illicit activities at ABU, and allegedly at Limestone, from Limestone;

- lying to Limestone about his illicit activities allegedly committed while employed with Limestone;

- presumably using his efforts during normal working hours to his own benefit at the detriment of his employer's interests, and as Plaintiffs allege, for the financial gain of himself and Defendants MG Freesites, Ltd., d/b/a Pornhum.com and Hammy Media, Ltd. d/b/a Xhamster.com, entities with which Limestone has no relationship whatsoever, and whose alleged business is contrary to Limestone's mission and now with which, through Murphy's alleged conduct and the underlying complaint, Limestone has been publicly linked; and

- such other breaches as may be proved at trial.

**75.**

Murphy's above-referenced breaches to the duty owed to an employer are the direct and proximate cause of damages suffered by Limestone.

**76.**

As a result of the above-referenced breaches and their resulting damage to Limestone, Limestone is entitled to recover from Murphy the costs associated with terminating Murphy's employment and finding a replacement for his position, damages to Limestone's reputation, and other economic and noneconomic, nominal, consequential, compensatory, exemplary, and other damages as may be proved at trial.

WHEREFORE, having pled its cross claims against Murphy, Defendant Limestone prays as follows:

a)     That Limestone be granted judgment on its cross claims against Murphy;

b)     That Limestone have trial by jury; and

c)     That Limestone have such other and further relief as the Court deems appropriate, including recovery of its costs and attorneys' fees.

This 29th day of April, 2022.                    **RAHIMI, HUGHES & PADGETT, LLC**


**/s/ JOSEPH Y. RAHIMI II_____**
**JOSEPH Y. RAHIMI II**
Federal ID No. 9670
**JOHN A. HUBERT**
Federal ID No. 13154
**ATTORNEYS FOR DEFENDANT**
**LIMESTONE**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9998
jrahimi@rhp-law.com
jhubert@rhp-law.com

**JENNIFER S. CLUVERIUS**
 (Federal ID No. 9992)
**L. GRANT CLOSE III**
(Federal ID No. 10810)
**ATTORNEYS FOR DEFENDANT
LIMESTONE**

**NEXSEN PRUET, LLC**
55 East Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: (864) 370-2211
jcluverius@nexsenpruet.com
gclose@nexsenpruet.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing **LIMESTONE UNIVERSITY f/k/a LIMESTONE COLLEGE'S ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIMS AGAINST COLLINS MURPHY** has been served on counsel for all parties by placing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon and/or via electronic mail to all other counsel of record to ensure delivery to:

| <u>Attorney for Plaintiffs</u> | <u>Attorneys for Plaintiffs</u> |
|---|---|
| J. Edward Bell, III<br>Bell Legal Group, LLC<br>219 North Ridge Street<br>Georgetown, SC 29440<br><br>ebell@edbelllaw.com | Liz Jeanette Shepherd<br>Jordan Alexander Stanton<br>Tyler Smyth Thompson<br>Dolt Thompson Shepherd and Conway PSC<br>13800 Lake Point Circle<br>Louisville, KY 40223<br><br>lshepherd@kytrial.com<br>jstanton@kytrial.com<br>tthompson@kytrial.com |
| <u>Attorneys for Murphy</u> | <u>Attorneys for MG Freesites</u> |
| Alan R Belcher Jr.<br>Thomas Augustine Barrow<br>Hall Booth Smith, P.C.<br>111 Coleman Boulevard, Suite 301<br>Mount Pleasant, SC 29464<br><br>abelcher@hallboothsmith.com<br>cjohnson@hallboothsmith.com | R. Taylor Speer<br>J. Kenneth Carter<br>Turner, Padget, Graham and Laney, P.A.<br>P.O. Box 1509<br>Greenville, SC 29602<br><br>tspeer@turnerpadgett.com<br>kcarter@turnerpadgett.com |

**Attorneys for Limestone**

Jennifer S. Cluveris
L. Grant Close III
Nexen Pruet, LLC
P.O. Drawer 10648
Greenville, SC 29603

jcluverius@nexsenpruet.com
gclose@nexsenpruiet.com

**Attorneys for Hammy Media Ltd.**

Valentin D. Gurvits
Frank B. Scardino
Boston Law Group PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
vgurvits@bostonlawgroup.com

Evan M. Fray-Witzer
Ciampa Fray-Witzer
20 Park Plana, Suite 505
Boston, MA 02116
evan@cfwlegal.com

Hannah Rogers Metcalfe
Metcalfe & Atkinson
1395 S Church St
Greenville, SC 29605
hmetcalfe@malawfirmsc.com

This 29th day of April, 2022.

**RAHIMI, HUGHES & PADGETT, LLC**


**/s/ JOSEPH Y. RAHIMI II**
**JOSEPH Y. RAHIMI II**
Federal ID No. 9670
**JOHN A. HUBERT**
Federal ID No. 13154
**ATTORNEYS FOR DEFENDANT**
**LIMESTONE**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com