## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | Case No: 7:21-CV-03193-JD |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | LIMESTONE UNIVERSITY f/k/a |
| ) | LIMESTONE COLLEGE'S RESPONSE |
| LIMESTONE UNIVERSITY F/K/A ) | TO LR 26.03 INTERROGATORIES |
| LIMESTONE COLLEGE, COLLINS ) | |
| MURPHY, MG FREESITES, LTD., d/b/a ) | (Jury Trial Demanded) |
| PORNHUB.COM and HAMMY MEDIA ) | |
| LTD. d/b/a XHAMSTER.COM, ) | |
| ) | |
| **Defendants.** ) | |

Defendant **LIMESTONE UNIVERSITY** (incorrectly identified as "Limestone College" and hereinafter referred to as "Limestone") respectfully submits the following responses to the interrogatories set forth in Local Civ. Rule 26.03 (D.S.C.):

**A.     [26.03(A)(1)]:  A short statement of the facts of the case:**

Plaintiff is allegedly a former member of the 2012 Indiana University of Pennsylvania (IUP) women's field hockey team. Limestone University (formerly known as "Limestone College") is a private non-profit university located in Gaffney, South Carolina. IUP and Limestone University compete in intercollegiate athletics, including women's field hockey. Collins Murphy ("Murphy") was employed as Limestone's intramural/summer conference director from August 2012 to October 2014. Plaintiff alleges that Murphy hid cameras in a locker room on Limestone's campus used by the 2012 IUP women's field hockey team in order to make secret recordings of Plaintiff in various states of undress. In 2019, five (5) years after Murphy's employment was terminated by Limestone, he allegedly uploaded these video(s) to the internet, including to the websites Pornhub and xHamster.

Limestone is an accredited non-profit Christian non-denominational university with a core mission "to educate students from diverse backgrounds in the liberal arts and selected professional disciplines . . . . [in] an educational climate that upholds high academic standards and fosters respect for learning and beauty, creativity and hard work, tolerance and personal integrity, vigorous activity and spiritual reflection . . . . where students are challenged to become critical thinkers and effective communicators who are prepared for responsible citizenship, successful careers, and graduate study." Limestone has been fulfilling this mission for 175 years.

In August 2012, Limestone hired Murphy as the intramural/summer conference director after properly vetting him for employment. As he was responsible for coordinating Limestone's intramural athletics, he was often in Timken East, an on-campus recreational facility. Visiting intercollegiate athletics teams, such as the 2012 IUP women's field hockey team, were placed in locker rooms in Timken East to use before, during, and after their games. Murphy's job duties obviously did not include placing hidden cameras in these locker rooms to secretly record visiting student-athletes. However, Murphy allegedly used his access to Timken East to hide cameras and make the subject videos. This was all done without Limestone's knowledge. Limestone never received any complaints regarding Murphy's behavior during his employment or did anything that should have reasonably alerted Limestone that he was violating any of Limestone's staff or student guidelines, or abusing any privileges he was granted as a Limestone employee.

In October 2014, Limestone was alerted by a West Virginia State Police trooper that Murphy was apparently involved in the secret recording and distribution of students in their dormitories at Alderson Broaddus University ("ABU"), where Murphy was employed as a resident director prior to working for Limestone. Upon being alerted to the allegations, Limestone confronted Murphy about the allegations concerning his conduct at ABU, where he admitted to his involvement in inappropriate behavior at ABU. Murphy denied any similar behavior at Limestone. Limestone immediately terminated his employment and conducted an investigation

into his conduct at Limestone that did not reveal evidence of surreptitious recordings by Murphy at Limestone.

Some five (5) years after he was terminated from his employment at Limestone, in October 2019, videos began circulating on the internet that apparently show some members of the 2012 IUP women's field hockey teams in what appear to be locker room(s) located in Timken East. These recordings were allegedly made by Murphy. Limestone had no involvement in either the creation of the recordings, or their subsequent appearance on the internet.

Plaintiff alleges that Murphy was acting in the course and scope of his employment when he made and distributed these videos, and that Limestone negligently hired and/or supervised Murphy. Limestone vigorously denies these allegations.

> **B.     [26.03(A)(2)]:  The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Limestone has not yet identified all of the witnesses it may call at trial. Limestone expressly reserves the right to supplement this response to add other witnesses as discovery progresses, and to amend their expected testimony. Limestone believes its witnesses may include, without limitation:

1. **Plaintiff**: Plaintiff in this action. She is expected to provide testimony regarding her various allegations contained in the Amended Complaint.

2. **Collins Murphy**: Murphy is a Defendant in this action. He is expected to provide testimony regarding the allegations contained in the Amended Complaint, his hiring/firing from ABU and Limestone, his conduct at Limestone, the scope of his employment with Limestone including his duties as intramural/summer conference director, and the potential recording and distribution of the secret recordings.

3. **Robert Overton, former Dean of Student Life, Limestone University**: Mr. Overton is expected to testify regarding the hiring and firing of Collins Murphy,

being contacted by West Virginia State Police concerning the allegations against Murphy at ABU, Murphy's performance as an employee, and the responsibilities of the intramural/summer conference director.

4. **William Petty, Chief of Campus Safety, Limestone University:** Chief Petty is expected to testify regarding Limestone's cooperation with the Gaffney Police in investigating the incident at issue.

5. **Limestone Administrative Sergeant Daniel Huggin** is expected to testify regarding Limestone's cooperation with the law enforcement investigation.

6. **Trooper Shawn E. Hevener, West Virginia Highway Patrol:** Trooper Hevener is expected to testify regarding his 2014 contact with Limestone to inform them about the allegations against Murphy at ABU.

7. **Members of the Gaffney Police Department:** It is Limestone's understanding that the Gaffney Police Department have conducted, or are conducting, a criminal investigation into Murphy' behavior. Members of the Gaffney Police Department may be expected to testify regarding the findings of this investigation if it is completed at the time of trial.

8. **Other Parties' Witnesses**: Limestone reserves the right to call as a fact witness any witness identified by any other party to this action during the course of discovery in this matter including, without limitation, those identified by the other parties in their Responses to Local Rule 26.03 Interrogatories.

C. **([26.03(A)(3)]: The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Limestone has not retained an expert witness to testify at trial but reserves the right to do so in accordance with the Scheduling Order and the applicable procedural rules.

**D.     [26.03(A)(4)]: A summary of the claims or defenses with statutory and/or case citations supporting same.**

Limestone's defenses to Plaintiff's various claims and its cross claims against Murphy, and the relevant authority include, without limitation:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007).

2. Limestone cannot be vicariously liable for Murphy's actions, as Murphy was not acting within the scope of his employment with Limestone when he allegedly made the videos or disseminated them, as such actions were not reasonably necessary to accomplish the purpose of his employment or in furtherance of Limestone's business, and the release of the videos occurred five years after he was terminated by Limestone. *Armstrong v. Food Lion, Inc.*, 371 S.C. 271, 276, 639 S.E.2d 50, 52–53 (2006); *Gainey v. Kingston Plantation*, 2008 WL 706916 (D. S.C. 2008) (not reported in F.Supp.2d).

3. Limestone performed adequate due diligence when hiring Murphy by performing an investigation of his background, and did not know, nor should it have known, that its employment of Murphy created an undue risk of harm to Plaintiffs. *Holcombe v. Helena Chem. Co.*, 238 F. Supp. 3d 767, 770 (D.S.C. 2017).

4. Limestone did not know, nor should it have known, of Murphy's alleged conduct in hiding secret cameras to make surreptitious recordings, and thus Limestone is not liable to Plaintiff for negligent supervision. *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP*, 359 S.C. 635, 598 S.E.2d 717 (Ct. App. 2004).

5. To the extent Limestone was negligent as alleged in Plaintiff's Amended Complaint, which is specifically denied, Limestone is not jointly and severally liable with the other defendants as Limestone's fault was less than 50% of the total fault and that it should only be liable for that percentage of the indivisible damages determined by the jury or trier of fact pursuant to S.C. Code Ann. § 15-38-15.

6. To the extent that Plaintiff alleges any damages, those damages were not proximately caused by Limestone. *J.R. v. Walgreens Boots All., Inc.*, No. 2:19-CV-00446-DCN, 2020 WL 3620025 (D.S.C. July 2, 2020).

7. Plaintiff's claims against Limestone for punitive damages are barred, in whole or in part, because it did not display intentional malice, trickery, or deceit. *Mitchell, Jr. v. Fortis Ins. Co.*, 385 S.C. 570, 587, 686 S.E.2d 176, 185 (2009).

8. Limestone denies that punitive and/or exemplary damages are warranted because at no time did Limestone act wrongfully or with malice or reckless indifference toward Plaintiff's rights under the law but on the contrary Limestone made good faith efforts to comply with the law. *Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999); *Duncan v. Ford Motor Co.*, 385 S.C. 119, 142, 682 S.E.2d 877, 889 (Ct. App. 2009); *Lowery v. Circuit City Stores, Inc*., 206 F.3d 431 (4th Cir. 2000).

9. Any award of punitive damages against Limestone would violate the constitutional safeguards provided under the Constitution of the United States of America and the Constitution of the State of South Carolina in that punitive damages violate the due process and equal protection guarantees, place an undue burden on interstate commerce, violate the right to assembly and petition the government, and violate the prescription against excessive fines. *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (S.C. 1991).

10. Plaintiff's causes of action seek relief based on the same alleged underlying injury and, although Limestone specifically denies that Plaintiff are entitled to any recovery whatsoever, should Plaintiff succeed on more than one ground for relief, Plaintiff must elect their remedy so as to prevent a double recovery for a single purported wrong. *Cowart v. Poore*, 337 S.C. 359, 523 S.E.2d 182 (Ct. App. 1999).

11. If Limestone is found liable for Murphy's actions as Murphy's employer, which is denied, it is entitled to indemnification from Murphy for said liability. *Sky City Stores, Inc. v. Gregg Sec. Servs., Inc.*, 276 S.C. 556, 280 S.E.2d 807 (1981)

12. Limestone is entitled to recovery against Murphy for Murphy's actions taken against Limestone's best interests at a time when Murphy was on Limestone's payroll. *Lowndes Prods., Inc. v. Brower,* 259 S.C. 322, 191 S.E.2d 761, 767 (S.C.1972).

13. Limestone is entitled to recovery against Murphy for Murphy's failure to abide by his employer's instructions and policies. *Young v. McKelvey*, 286 S.C. 119, 333 S.E.2d 566 (1985).

14. Limestone is entitled to recover against Murphy for his knowing or unintentional actions and misrepresentations to Limestone regarding recording the subject illicit videos. *Cheney Bros. v. Batesville Casket Co.*, 47 F.3d 111, 114 (4th Cir. 1995).

15. Murphy's intrusions into the subject locker room to place or retrieve the hidden camera(s), if any, were unauthorized intentional affirmative acts, entitling Limestone to damages for harm caused by each of Murphy's trespasses. *Hawkins v. City of Greenville*, 358 S.C. 280, 594 S.E.2d 557 (Ct. App. 2004).

16. Any award of damages against Limestone would be subject to the limitations set forth in South Carolina Code §33-56-180(A).

17. While it denies that such damages are warranted or authorized against it, any award for punitive damages is subject to the limitations set forth in South Carolina Code §15-32-530.

The citations presented by Limestone are meant to be exemplary only and Limestone expressly reserves the right to rely on additional and/or different citations. Limestone further reserves the right to add defenses as the factual record is developed in the course of discovery and as additional defenses become apparent. These exemplary citations shall not, and are not meant to, limit the available defenses in this case.

> E. **[26.03(A)(5)]: Absent special instructions from the assigned judge, the parties shall submit proposed dates for the following deadlines listed in Local Civil Rule 16.02(D.S.C.):**
>
> **(1)   Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures**
> **(2)   Completion of Discovery**

Limestone agrees to the deadlines for these events set by the Court in the most recent scheduling order.

> F. **[26.03(A)(6)]: The parties shall inform the Court whether there are any special circumstances that would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civil Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

This Defendant does not have any requested modifications at this time to the scheduling order already entered by the Court in this matter.

> G. **[26.03(A)(7)]: The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

Not applicable at this time.

This 29th day of April, 2022

**RAHIMI, HUGHES & PADGETT, LLC**

**/s/ JOSEPH Y. RAHIMI II**
**JOSEPH Y. RAHIMI II**
Federal ID No. 9670

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com

**JOHN A. HUBERT**
Federal ID No. 13154
**ATTORNEYS FOR DEFENDANT LIMESTONE**

**JENNIFER S. CLUVERIUS**
Federal ID No. 9992
**L. GRANT CLOSE III**
Federal ID No. 10810
**ATTORNEYS FOR DEFENDANT LIMESTONE**

**NEXSEN PRUET, LLC**
55 East Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: (864) 370-2211
jcluverius@nexsenpruet.com
gclose@nexsenpruet.com

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing **LIMESTONE UNIVERSITY f/k/a LIMESTONE COLLEGE'S RESPONSE TO LR 26.03 INTERROGATORIES** has been served on counsel for all parties by placing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon and/or via electronic mail to all other counsel of record to ensure delivery to:

| **Attorney for Plaintiffs** | **Attorneys for Plaintiffs** |
|---|---|
| J. Edward Bell, III<br>Bell Legal Group, LLC<br>219 North Ridge Street<br>Georgetown, SC 29440<br><br>ebell@edbelllaw.com | Liz Jeanette Shepherd<br>Jordan Alexander Stanton<br>Tyler Smyth Thompson<br>Dolt Thompson Shepherd and Conway PSC<br>13800 Lake Point Circle<br>Louisville, KY 40223<br><br>lshepherd@kytrial.com<br>jstanton@kytrial.com<br>tthompson@kytrial.com |
| **Attorneys for Murphy** | **Attorneys for MG Freesites** |
| Alan R Belcher Jr.<br>Thomas Augustine Barrow<br>Hall Booth Smith, P.C.<br>111 Coleman Boulevard, Suite 301<br>Mount Pleasant, SC 29464<br><br>abelcher@hallboothsmith.com<br>cjohnson@hallboothsmith.com | R. Taylor Speer<br>J. Kenneth Carter<br>Turner, Padget, Graham and Laney, P.A.<br>P.O. Box 1509<br>Greenville, SC 29602<br><br>tspeer@turnerpadgett.com<br>kcarter@turnerpadget.com |
| **Attorneys for Limestone** | **Attorneys for Hammy Media Ltd.** |
| Jennifer S. Cluveris<br>L. Grant Close III<br>Nexen Pruet, LLC<br>P.O. Drawer 10648<br>Greenville, SC 29603<br><br>jcluverius@nexsenpruet.com<br>gclose@nexsenpruiet.com | Valentin D. Gurvits<br>Frank B. Scardino<br>Boston Law Group PC<br>825 Beacon Street, Suite 20<br>Newton Centre, MA 02459<br>vgurvits@bostonlawgroup.com |

                                    Evan M. Fray-Witzer
                                    Ciampa Fray-Witzer
                                    20 Park Plana, Suite 505
                                    Boston, MA 02116
                                    evan@cfwlegal.com

                                    Hannah Rogers Metcalfe
                                    Metcalfe & Atkinson
                                    1395 S Church St
                                    Greenville, SC 29605
                                    hmetcalfe@malawfirmsc.com

This 29th day of April, 2022        **RAHIMI, HUGHES & PADGETT, LLC**

                                    **/s/ JOSEPH Y. RAHIMI II**
                                    **JOSEPH Y. RAHIMI II**
                                    Federal ID No. 9670
                                    **JOHN A. HUBERT**
                                    Federal ID No. 13154
                                    **ATTORNEYS FOR DEFENDANT LIMESTONE**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com