# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOE,<br>　　　　　Plaintiff,<br>vs.<br><br>LIMESTONE UNIVERSITY F/K/A<br>LIMESTONE COLLEGE, COLLINS MURPHY,<br>MG FREESITES, LTD., d/b/a PORNHUB.COM,<br>and HAMMY MEDIA, LTD. d/b/a<br>XHAMSTER.COM,<br>　　　　　Defendants. | Case No.: 7:21-cv-03193-JD |

## HAMMY MEDIA LTD.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Local Rule 16.00(c) and Fed. R. Civ. P. 26(c)(1)(B), Defendant Hammy Media Ltd. ("HML") respectfully requests that this Court order all discovery involving HML to be stayed until such time as the Court rules on HML's pending Motion for Judgment on the Pleadings. In support of this Motion, HML states as follows.

On February 28, 2022, HML filed its Answer and a Motion for Judgment on the Pleadings. Briefing on that Motion was completed on April 11, 2022 and the Motion is now pending with this Court.

In its Motion for Judgment on the pleadings, HML – a Cyprus company – argues both that it is not subject to personal jurisdiction in this Court and that, in any event, it is entitled to immunity pursuant to Section 230 of the Communications Decency Act. A ruling in HML's favor on either or both grounds would be fully dispositive of the claims against HML.

Local Rule 16.00(c) allows the Court to stay scheduling order deadlines when a dispositive motion is pending before the Court. Similarly, Fed. R. Civ. P. 26(c)(1)(B) allows the Court to specify the timing of discovery. This Court has previously recognized the wisdom and utility of

staying discovery when dispositive motions are pending. *See, e.g., Eleazu v. Dir. Us Army Network Enter. Ctr.,* 2020 U.S. Dist. LEXIS 219164, at *16 (D.S.C. Nov. 23, 2020)("The court has discretion to stay discovery where a dispositive motion may resolve all claims against a defendant and render discovery unnecessary"); *Boudreaux Grp., Inc. v. Nexsen*, 2018 U.S. Dist. LEXIS 228859, at *11 (D.S.C. Nov. 20, 2018)(" the court finds that Defendants have demonstrated that there is good cause to stay discovery pending the disposition of their Motion to Dismiss/Motion to Stay… and that such a stay is reasonable. …Notably, the Motion to Dismiss/Motion to Stay is potentially dispositive of the entire proceeding, as Defendants challenge whether or not this court has subject matter jurisdiction over the claims. Without making a finding on the merits of such claim at this time, if the court were to agree with Defendants that the OSE has exclusive jurisdiction over the claims presented in this case, discovery would not be needed"); *Cuyler v. Dep't of the Army*, 2009 U.S. Dist. LEXIS 53103, at *6-7 (D.S.C. June 22, 2009)(finding a stay pending resolution of dispositive motion appropriate and the proper to proper procedure to be the "filing of a request to stay deadlines based on pendency of a motion to dismiss" under Local Rule 16.00(c)).

In the present case, HML is a foreign corporation with no witnesses, documents, employees, property, or assets with the United States. As such, interests of equity weigh in favor of staying discovery until such time as the Court has had the opportunity to rule on HML's dispositive motion. Similarly, because Section 230 is a complete bar to most civil suits, the Fourth Circuit has emphasized that Section 230 "'is an immunity from suit rather than a mere defense to liability' and 'it is effectively lost if a case is erroneously permitted to go to trial.' … We thus aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly

and protracted legal battles.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 254-55 (4th Cir. 2009)(citations omitted). Accordingly, staying discovery while the Court has the opportunity to consider HML's Section 230 immunity defense will effectuate the purpose of the statute as described by the Fourth Circuit.

For the reasons stated hereinabove, HML respectfully requests that the Court Order that all discovery involving HML be stayed until such time as this Court rules on HML's Motion for Judgment on the Pleadings.

<div style="margin-left: 50%;">

Respectfully Submitted,

**/s/ Hannah Rogers Metcalfe**
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Hammy Media LTD*

</div>

May 2, 2022

Greenville, South Carolina