**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>        v.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD,<br><br>                Defendants. | CASE NO. 7:21-CV-03193-DCC<br><br><br>**DEFENDANT MG FREESITES'**<br>**ANSWER TO THIRD AMENDED**<br>**COMPLAINT** |

MG Freesites Ltd ("MG Freesites" or "Defendant"), a Defendant in the above captioned matter, responds to Plaintiff's allegations in her Third Amended Complaint (ECF No. 91) as follows:

## INTRODUCTION

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 that relate to Defendant Hammy Media Ltd., and denies those allegations on that basis. Defendant denies the remaining allegations of paragraph 1.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, including because Plaintiff does not identify the additional "Plaintiffs" referenced, and on that basis denies each and every allegation.

3.      Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 3, and on that basis denies each and every allegation.

4.     Defendants admit that Plaintiff purports to bring this lawsuit against Limestone. To the extent that the allegations of paragraph 4 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a basis as to the truth of the allegations, and on that basis denies each and every such allegation. Defendant denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5.     Paragraph 5 contains legal arguments that do not require a response. To the extent a response is required, Defendant denies each and every factual allegation contained in paragraph 5. Defendant is additionally without knowledge or information sufficient to form a belief as to the truth of the allegation that this matter is between citizens of different States, and on that basis denies such allegation.

6.     Paragraph 6 contains legal arguments that do not require a response. To the extent a response is required, Defendant denies each and every factual allegation contained in paragraph 6. Defendant is additionally without knowledge or information sufficient to form a belief as to the truth of the allegation that relevant events occurred in the judicial district where this action is brought, and on that basis denies such allegation.

## PARTIES

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies each and every allegation.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies each and every allegation.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies each and every allegation.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies each and every allegation.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies each and every allegation.

12.     Defendant denies that it is jointly and severally liable to Plaintiff for her injuries and damages.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and on that basis denies each and every allegation.

13.     Defendant admits it is a Cyprus company with a registered office located at Block 1, Dali Industrial Area, 195-197 Old Road Nicosia-Limassol Dali, 2540 Cyprus.  Defendant denies that Pornhub.com is a "d/b/a" of Defendant.  Defendant admits that it is an indirect subsidiary of Mindgeek S.A.R.L., and that it operates certain websites referred to in the Complaint.  Defendant denies the remaining allegations of paragraph 13.

14.     Defendant denies the allegations of paragraph 14.  As of December 10, 2020, MG Freesites II Ltd was dissolved.  The entire business of MG Freesites II Ltd. was transferred to MG Freesites.  MG Freesites is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies each and every allegation.

15.     Defendant admits that Mindgeek S.A.R.L. is a foreign entity incorporated in Luxembourg.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and on that basis denies each and every

3

allegation.

16.     Defendant admits that Mindgeek USA Incorporated is a corporation incorporated in the state of Delaware, and is an indirect subsidiary of Mindgeek S.A.R.L.  Defendant denies the remaining allegations in paragraph 16.

17.     Defendant admits that MG Billing Ltd. is a foreign entity incorporated in Ireland. Defendant denies the remaining allegations in paragraph 17.

18.     Defendant admits that Plaintiff refers to MindGeek S.A.R.L., MG Freesites Ltd, MG Freesites II Ltd, MindGeek USA Incorporated, MG Billing Ltd, and all of their parents, subsidiaries and affiliates as "MindGeek."  Defendant denies that such characterization is reasonable, accurate, or appropriate insofar as it includes unidentified "parents, subsidiaries and affiliates" as among Defendants or as part of "MindGeek."  Defendants do not file this Answer on behalf of any entities other than those specifically named as parties hereto.

19.     Defendant denies each and every allegation in paragraph 19.

20.     Defendant denies each and every allegation in paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies each and every allegation.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies each and every allegation.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies each and every allegation.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies each and every allegation.

14507516.2

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies each and every allegation.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies each and every allegation.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies each and every allegation.

## **BACKGROUND**

28.    Defendant admits that it operates the website pornhub.com.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, including because Plaintiff does not identify the "study" at the heart of this paragraph, and on that basis denies each and every allegation.

29.    Defendant admits that MindGeek S.A.R.L. is a foreign holding company organized and existing under the laws of Luxembourg and that MindGeek S.A.R.L.'s affiliates own or operate over 100 adult entertainment websites or brands.  The New York Times article speaks for itself.  Defendant denies any inconsistent or remaining allegations in paragraph 29.

30.    Defendant admits that the pornhub.com website is, in part, supported by advertising.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies each and every allegation.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies each and every allegation.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies each and every allegation.

14507516.2

33.     Defendant admits that prior to December 2020, individuals with a Pornhub.com account, and who agreed to the site's terms of service, had the ability to upload lawful content to the Pornhub video-sharing platform, that certain users could become "verified" users by providing a photo holding a handwritten sign to Defendant, and that only the uploading user was required to submit photographic identification to become a "verified" user entitled to share ad revenue.  To the extent that the remaining allegations of paragraph 33 pertain to Defendant, Defendant denies such allegations.  To the extent that the allegations of paragraph 33 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

34.     Defendant admits that it offers profit sharing programs with members of the Content Partner program and ModelHub program, but denies that such programs were available to all "verified" users or members of the public.  To the extent that the remaining allegations of paragraph 34 pertain to Defendant, Defendant denies such allegations.  To the extent that the allegations of paragraph 34 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

35.     Defendant denies the allegations of paragraph 35 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 35 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

36.     Defendant admits that a hearing took place in 2021 before a committee of the Canadian Parliament and that an attorney for a plaintiff in an unrelated case purported to give

testimony during that hearing. The testimony provided by such attorney speaks for itself. Defendant denies the remaining allegations of paragraph 36, and on that basis denies each and every allegation.

37.     Defendant denies the allegations of paragraph 37 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 37 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

38.     Defendant denies the allegations of paragraph 38 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 38 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

39.     Defendant admits that during the time period at issue millions videos were uploaded to the Pornhub.com website each year. Defendant denies the remaining allegations of paragraph 39 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 39 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies each and every allegation.

41.     Defendant admits that among the categories of videos posted to the Pornhub.com website are videos tagged as "amateur." Defendant denies the remaining allegations of paragraph 41 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 41

7

pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

42.    Defendant denies the allegations of paragraph 42 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 42 pertain to persons or entities other than Defendant, including "Jane Does 1-9," Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

43.    Defendant admits that the Pornhub.com website includes content uploaded by members of its "Content Partner" program, including content commissioned by affiliated companies; that the Modelhub program is made up of 'verified' users; and that Content Partners and Modelhub members share in revenue.  Defendant admits that GirlsDoPorn was a Content Partner until 2019, when all content uploaded by GirlsDoPorn was removed from Pornhub.com. Defendant denies the remaining allegations of paragraph 43 to the extent they pertain to Defendant. To the extent that the allegations of paragraph 43 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

44.    Defendant admits that the quoted statements appeared on certain pages of the Pornhub.com website.  Such statements speak for themselves.  Defendant denies the remaining allegations of Paragraph 44.

45.    Defendant denies the allegations of paragraph 45 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 45 pertain to persons or entities other

than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

46.    Defendant admits that in 2019, it did not require all uploaders to provide government-issued identification to Defendant for all performers but otherwise denies the allegations of paragraph 46 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 46 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

47.    Defendant admits that users may choose "tags" when uploading a video, and that verified uploaders are required to choose a minimum of two "tags" per video.  Defendant denies the remaining allegations in paragraph 47 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 47 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

48.    Defendant admits that Mindgeek maintains a website at www.mindgeek.com and that the MindGeek website speaks for itself.  Defendant denies the remaining allegations of paragraph 48 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 48 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

49.    Defendant denies the allegations in paragraph 49 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 49 pertain to persons or entities other

9

than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

50.    Defendant denies the allegations of paragraph 50 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 50 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and on that basis denies each and every allegation.

52.    Defendant denies the allegations of paragraph 52 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 52 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

53.    Defendant denies the allegations of paragraph 53 to the extent that they pertain to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 insofar as they pertain to other Defendants or third party "users", and on that basis denies each and every allegation.

54.    Defendant denies the allegations of paragraph 54.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and on that basis denies each and every allegation.

56.    Defendant denies the allegations of paragraph 56. Since mid-December 2020, Defendant does not allow content from any of the websites it operates to be downloaded, with the exception of paid downloads of lawful content posted by verified uploaders who have provided

express consent to having their content downloaded.  The limitations on the downloading of content are designed to prevent inappropriate content being re-uploaded to Defendant's websites or further disseminated by third parties.  Defendant also admits that all content uploaded to Pornhub.com is screened using automated detection technologies, including fingerprinting tools, that rely on a unique digital fingerprint to match a video or photograph to those already identified in databases including suspected child sexual abuse material.  Those tools include YouTube's CSAI Match, Microsoft's Photo DNA, Vobile's MediaWise, and MindGeek's own tool, Safeguard.  Any suspected child sexual abuse material identified by Defendant's moderation process or as a result of a flag or take down request is fingerprinted using MindGeek's fingerprinting tools, and the digital fingerprint is transmitted to Microsoft, YouTube, and Vobile to be added to their databases.  The fingerprinting process helps protect against the same content being uploaded to Pornhub.com and any third-party platforms that use these technologies.

57.     Defendant denies the allegations of paragraph 57.

58.     Defendant denies the allegations of paragraph 58 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 58 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

59.     Defendant denies the allegations of paragraph 59 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 59 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

60.     Defendant admits that an editorial was published in the New York Times in

December 2020.  The editorial speaks for itself.  Defendant denies the remaining allegations of Paragraph 60.

61.    Defendant admits that in December 2020, it removed certain content from the Pornhub.com website that was uploaded by users who had not been verified; implemented additional safeguards with respect to user-uploaded content; and eliminated the download button. Defendant denies the remaining allegations of Paragraph 61.

62.    Defendant denies that it "archives" content that has been removed, except to the extent required by statute or its evidence preservation obligations in connection with this lawsuit and other unrelated lawsuits.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.  To the extent that the allegations of paragraph 62 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

63.    Defendant denies the allegations of paragraph 63 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 63 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

64.    Defendant denies the allegations of paragraph 64 to the extent they pertain to Defendant, including on the basis that the Complaint does not define the meaning of "pushing" uploaded content "to other sites."  To the extent that the allegations of paragraph 64 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every

12

allegation.

<u>**FACTS**</u>

65.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 64, inclusive, of this Complaint as though fully set forth herein.

66.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and on that basis denies each and every allegation.

67.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and on that basis denies each and every allegation.

68.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and on that basis denies each and every allegation.

69.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and on that basis denies each and every allegation.

70.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and on that basis denies each and every allegation.

71.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and on that basis denies each and every allegation.

72.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and on that basis denies each and every allegation.

73.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and on that basis denies each and every allegation.

74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and on that basis denies each and every allegation.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and on that basis denies each and every allegation.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and on that basis denies each and every allegation.

77.     Defendant admits that a video entitled "Lockerroom Spy Cam" was previously uploaded by Lordfauger18 and subsequently taken down.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 77, including because Defendant does not know the identity of Plaintiff or the videos at issue in this case, and on that basis denies each and every allegation.

78.     Defendant admits that titles and tags contain keywords and that uploaders are required to add tags to every video they upload.  Defendant denies the remaining allegations of paragraph 78 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 78 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

79.     Defendant admits that thumbnails are generated for videos uploaded to the Pornhub website and that thumbnails are used in connection with advertising.  Defendant denies the allegations of paragraph 79 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 79 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

80.     Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 80, and on that basis denies each and every allegation.

81.     Defendant admits the allegations in paragraph 81.

82.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and on that basis denies each and every allegation.

83.     Defendant admits that it has preserved the videos at issue in this lawsuit to the extent they were in Defendant's possession, custody, or control, consistent with its evidence preservation obligations in connection with this lawsuit.  Such videos speak for themselves. Defendant denies that any of the videos are accessible for viewing on any of its websites. Defendant denies that it "archives" content that has been removed, except to the extent required by statute or its evidence preservation obligations in connection with this lawsuit and other unrelated lawsuits.  To the extent that the allegations of paragraph 83 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

84.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and on that basis, denies each and every allegation.

85.     Defendant admits that the individual who used the username "Lordfauger18" was a member of the ModelHub program.  Defendant denies the remaining allegations of paragraph 85, and specifically denies Defendant made any payments to "Lordfauger18."

86.     Defendant admits that "Lordfauger18" was a "verified" Modelhub member, a fact that was visible to viewers.  Defendant denies the remaining allegations of paragraph 86.

87.     The referenced blog post speaks for itself.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87,

including because Plaintiff does not identify "the videos at issue," and on that basis, Defendant denies each and every allegation.

88. Defendant denies the allegations of paragraph 88 to the extent they pertain to Defendant. To the extent that the allegations of paragraph 88 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

89. Defendant denies the allegations of paragraph 89 to the extent they pertain to Defendant. To the extent that the allegations of paragraph 89 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

90. Defendant denies the allegations of paragraph 90 to the extent that they pertain to Defendant. To the extent that the allegations of paragraph 90 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

91. Defendant denies the allegations of paragraph 91 to the extent they pertain to Defendant. To the extent that the allegations of paragraph 91 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

92. Defendant denies the allegations of paragraph 92 to the extent they pertain to Defendant. To the extent that the allegations of paragraph 92 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

14507516.2

93.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and on that basis denies each and every allegation.

94.     Defendant denies the allegations of paragraph 94 to the extent they pertain to Defendant.  To the extent that the allegations of paragraph 94 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS MURPHY, MINDGEEK and XHAMSTER
### (Violation of the TVPRA, 18 U.S.C. §§ 1591, 1595)

95.     Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 94, inclusive, of this Complaint, as though fully set forth herein.

96.     Defendant admits that the Trafficking Victims Protection Act was passed by Congress in or about 2000.  The remainder of this paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and on that basis denies each and every allegation.

97.     This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and on that basis denies each and every allegation.

98.     This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and on that basis denies each and every

14507516.2

allegation.

99.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and on that basis denies each and every allegation.

100.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and on that basis denies each and every allegation.

101.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and on that basis denies each and every allegation.

102.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 102 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 102 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

103.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 103 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 103 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form

18

a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

104.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 104 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 104 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

105.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 105 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 105 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

106.    Defendant denies the allegations of paragraph 106 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 106 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

107.    Defendant denies the allegations of paragraph 107 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 107 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

108.    Defendant denies the allegations of paragraph 108 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 108 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to

the truth of such allegations, and on that basis denies each and every such allegation.

109.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 109 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 109 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

110.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 110 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 110 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS MURPHY, MINDGEEK and xHAMSTER**
**(Conducting the Affairs of an Enterprise Through a Pattern of Racketeering Activity)**

111.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 110, inclusive, of this Complaint, as though fully set forth herein.

**THE ENTERPRISE**

112.    Paragraph 112 contains legal arguments that do not require a response.

113.    Paragraph 113 contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies each and every factual allegation contained in paragraph 113.

114.    Paragraph 114 contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies each and every factual allegation contained in

paragraph 114.

115.    Paragraph 115 contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies each and every factual allegation contained in paragraph 115.

116.    Defendant denies each and every factual allegation contained in paragraph 116.

117.    Defendant denies each and every factual allegation contained in paragraph 117.

118.    Defendant denies each and every factual allegation contained in paragraph 118.

119.    Defendant denies each and every factual allegation contained in paragraph 119.

120.    Defendant denies each and every factual allegation contained in paragraph 120.

## THE PATTERN OF RACKETEERING

121.    Defendant denies each and every factual allegation in paragraph 121.

122.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies each and every factual allegation in paragraph 122.

123.    Defendant denies each and every factual allegation in paragraph 123.

124.    Defendant denies each and every factual allegation in paragraph 124.

125.    Defendant denies each and every factual allegation in paragraph 125.

126.    Defendant denies each and every factual allegation in paragraph 126.

127.    Defendant denies each and every factual allegation in paragraph 127.

128.    Defendant denies each and every factual allegation in paragraph 128.

129.    Defendant denies each and every factual allegation in paragraph 129.

130.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies each and every factual allegation in paragraph 130.

131.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies each and every factual allegation in paragraph 131.

132.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies each and every factual allegation in paragraph 132.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT MURPHY
### (Invasion of Privacy – Wrongful Intrusion upon Private Affairs)

133.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 132, inclusive, of this Complaint, as though fully set forth herein.

134.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and on that basis denies each and every allegations.

135.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and on that basis denies each and every allegations.

136.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, and on that basis denies each and every allegations.

137.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and on

that basis denies each and every allegations.

138. No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138, and on that basis denies each and every allegations.

139. No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and on that basis denies each and every allegations.

140. No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, and on that basis denies each and every allegations.

141. No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and on that basis denies each and every allegations.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT MURPHY
### (Invasion of Privacy – Wrongful Publicizing of Private Affairs)

142. Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 141, inclusive, of this Complaint, as though fully set forth herein.

143. No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim. To the extent a response is required, Defendant is without knowledge or

14507516.2

information sufficient to form a belief as to the truth of the allegations in paragraph 143, and on that basis denies each and every allegations.

144.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, and on that basis denies each and every allegations.

145.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145, and on that basis denies each and every allegations.

146.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, and on that basis denies each and every allegations.

147.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and on that basis denies each and every allegations.

148.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, and on that basis denies each and every allegations.

14507516.2

149.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, and on that basis denies each and every allegations.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANT MURPHY
#### (Invasion of Privacy – Wrongful Appropriation of Personality)

150.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 149, inclusive, of this Complaint, as though fully set forth herein.

151.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151, and on that basis denies each and every allegations.

152.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and on that basis denies each and every allegations.

153.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153, and on that basis denies each and every allegations.

154.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154, and on

14507516.2

that basis denies each and every allegations.

155.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.    To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155, and on that basis denies each and every allegations.

156.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.    To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156, and on that basis denies each and every allegations.

157.    No response is required because Defendant is not named in Plaintiff's Invasion of Privacy claim.    To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and on that basis denies each and every allegations.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANT MURPHY
**(Intentional Infliction of Emotional Distress)**

158.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 157, inclusive, of this Complaint, as though fully set forth herein.

159.    No response is required because Defendant is not named in Plaintiff's Intentional Infliction of Emotional Distress claim.    To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and on that basis denies each and every allegations.

160.    No response is required because Defendant is not named in Plaintiff's Intentional Infliction of Emotional Distress claim.    To the extent a response is required, Defendant is without

14507516.2

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160, and on that basis denies each and every allegations.

161.    No response is required because Defendant is not named in Plaintiff's Intentional Infliction of Emotional Distress claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161, and on that basis denies each and every allegations.

162.    No response is required because Defendant is not named in Plaintiff's Intentional Infliction of Emotional Distress claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162, and on that basis denies each and every allegations.

163.    No response is required because Defendant is not named in Plaintiff's Intentional Infliction of Emotional Distress claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163, and on that basis denies each and every allegations.

164.    No response is required because Defendant is not named in Plaintiff's Intentional Infliction of Emotional Distress claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164, and on that basis denies each and every allegations.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS LIMESTONE and HAMMONDS
### (Negligent Hiring)

165.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 164, inclusive, of this Complaint, as though fully set forth herein.

27

166.     No response is required because Defendant is not named in Plaintiff's Negligent Hiring claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166, and on that basis denies each and every allegations.

167.     No response is required because Defendant is not named in Plaintiff's Negligent Hiring claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, and on that basis denies each and every allegations.

168.     No response is required because Defendant is not named in Plaintiff's Negligent Hiring claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and on that basis denies each and every allegations.

169.     No response is required because Defendant is not named in Plaintiff's Negligent Hiring claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169, and on that basis denies each and every allegations.

170.     No response is required because Defendant is not named in Plaintiff's Negligent Hiring claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170, and on that basis denies each and every allegations.

171.     No response is required because Defendant is not named in Plaintiff's Negligent Hiring claim.  To the extent a response is required, Defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 171, and on that basis denies each and every allegations.

172.     No response is required because Defendant is not named in Plaintiff's Negligent Hiring claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, and on that basis denies each and every allegations.

## EIGTH CAUSE OF ACTION AGAINST DEFENDANTS LIMESTONE, HAMMONDS, and WALKINS
### (Negligent Supervision)

173.     Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 172, inclusive, of this Complaint, as though fully set forth herein.

174.     No response is required because Defendant is not named in Plaintiff's Negligent Supervision claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174, and on that basis denies each and every allegations.

175.     No response is required because Defendant is not named in Plaintiff's Negligent Supervision claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175, and on that basis denies each and every allegations.

176.     No response is required because Defendant is not named in Plaintiff's Negligent Supervision claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, and on that basis denies each and every allegations.

14507516.2

177.    No response is required because Defendant is not named in Plaintiff's Negligent Supervision claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177, and on that basis denies each and every allegations.

178.    No response is required because Defendant is not named in Plaintiff's Negligent Supervision claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, and on that basis denies each and every allegations.

179.    No response is required because Defendant is not named in Plaintiff's Negligent Supervision claim.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179, and on that basis denies each and every allegations.

### NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS MINDGEEK and xHAMSTER
### (Negligent Monitoring)

180.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 179, inclusive, of this Complaint, as though fully set forth herein.

181.    Defendant admits and alleges that it operates and maintains pornhub.com, and that the pornhub.com website contains sexually explicit material.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within paragraph 181, and on that basis denies each and every such allegation.

182.    Defendant denies the allegations of paragraph 182 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 182 pertain to persons or entities other

than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

183.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 183 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 183 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

184.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 184 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 184 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

185.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 185 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 185 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

186.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 186 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 186 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

14507516.2

## TENTH CAUSE OF ACTION AGAINST THE DEFENDANTS MINDGEEK and xHAMSTER
### (False Light)

187.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 186, inclusive, of this Complaint, as though fully set forth herein.

188.    Defendant admits and alleges that it operates and maintains pornhub.com, and that the pornhub.com website contains sexually explicit material.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within paragraph 188, and on that basis denies each and every such allegation.

189.    Defendant admits that it hosts video content and that it hosted a video that is alleged to contain images of Plaintiff.  Defendant denies the remaining allegations of paragraph 189.

190.    Defendant denies the allegations of paragraph 190.

191.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191, and on that basis denies each and every allegation.

192.    Defendant denies the allegations of paragraph 192.

193.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 193 to the extent that they pertain to Defendant.  To the extent that the allegations of paragraph 193 pertain to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every such allegation.

14507516.2

## ELEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS MURPHY, MINDGEEK, and xHAMSTER
### (Civil Conspiracy)

194.    Defendant re-alleges and incorporates herein by reference its response to paragraphs 1 through 193, inclusive, of this Complaint, as though fully set forth herein.

195.    Defendant denies the allegations of paragraph 195.

196.    Defendant denies the allegations of paragraph 196.

197.    This paragraph contains legal arguments that do not require a response.  To the extent a response is required, Defendant denies the allegations of paragraph 197.

### PRAYER FOR RELIEF

The remainder of Plaintiff's Third Amended Complaint constitutes Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought.  All allegations that have not been specifically admitted or alleged are hereby denied.

### AFFIRMATIVE DEFENSES

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims, and reserves the right to amend this Answer.  Subject to the foregoing, and without waiving or excusing Plaintiff's burden of proof, or admitting that any of the following are in fact defenses upon which Defendant has any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses.

14507516.2

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

1.    The Complaint fails to state facts sufficient to constitute a claim for relief.

**SECOND AFFIRMATIVE DEFENSE**
**(Superseding/Intervening Acts of Others)**

2.    Plaintiff's claims are barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the superseding and/or intervening acts of parties other than Defendant, and over whom Defendant has no right of control.

**THIRD AFFIRMATIVE DEFENSE**
**(Proportionate Responsibility, Equitable Allocation, Recoupment, Set-off, and/or Comparative Fault)**

3.    Plaintiff's claims are barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including those who actually created the videos at issue and uploaded them to a number of online websites.

**FOURTH AFFIRMATIVE DEFENSE**
**(Statutory Immunity)**

4.    Defendant is immune from liability for the actions as alleged by Plaintiff pursuant to Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Jurisdiction)**

5.    This Court lacks personal jurisdiction over Defendant.

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

6.    Plaintiff lacks standing to assert claims against Defendant, including standing to bring claims under 18 U.S.C. § 1962(c) and 1964(c).

**SEVENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

7.      Plaintiff's claims against Defendant are barred, in whole or in part, by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Freedom of Speech)**

8.      Plaintiff's claims against Defendant are barred, in whole or in part, by the protections of the First and Fourteenth Amendments to the United States Constitution and any freedom of speech protections afforded by the South Carolina Constitution.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

9.      Plaintiff's claims against Defendant are barred, in whole or in part, based on Plaintiff's failure to mitigate their damages.

**TENTH AFFIRMATIVE DEFENSE**
**(Laches, Waiver, Estoppel)**

10.      Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Punitive Damages Limitations)**

11.      With respect to Plaintiff's claims for punitive damages, Defendant specifically pleads the recovery limits of S.C. Code Ann. §15-32-530 and incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of No. America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 438 (2003), and their progeny.

35

## TWELFTH AFFIRMATIVE DEFENSE
### (Constitutional Limitations)

12.    With respect to Plaintiff's claims for punitive damages, any such damages claims are in violation of and are barred by the Constitution of the United States and any relevant comparable state constitutional provisions, including but not limited to, the Due-Process and Equal Protection Clauses contained in the Fifth and Fourteenth Amendments; the Excessive Fines Clause of the Eighth Amendment; and the Tenth Amendment.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Additional Defenses)

13.    Defendant reserves the right to assert additional defenses that become apparent during discovery or otherwise.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant MG Freesites Ltd requests relief on Plaintiff's Complaint as follows:

1.    That Plaintiff's Complaint be dismissed with prejudice, judgment entered in favor of Defendant, and Plaintiff take nothing by their Complaint;

2.    That Defendant be awarded full costs incurred herein;

3.    That Defendant be awarded reasonable attorneys' fees; and

14507516.2

4.    That this Court award such other and further relief as it deems just and equitable.

DATED August 23, 2022                    TURNER, PADGET, GRAHAM AND LANEY, P.A.

                                         By:    */s/ Mark Goddard*
Columbia, South Carolina                        Mark Goddard | Attorney ID: 09691
                                                email | mgoddard@turnerpadget.com
                                                direct | 803-227-4334

                                                1901 Main Street, 17th Floor
                                                Columbia, SC 29201

                                                J. Kenneth Carter | Attorney ID: 05108
                                                email | kcarter@turnerpadget.com
                                                direct | 864-552-4611

                                                Post Office Box 1509
                                                Greenville, South Carolina 29602
                                                facsimile | 864-282-5993
                                                *Attorneys for Defendant MG Freesites Ltd*

14507516.2