IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>Plaintiffs,<br><br>v.<br><br>COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM,<br><br>Defendants. | Civil Action Number: 7:20-cv-00947-DCC<br><br><br>**DEFENDANT MG FREESITES LTD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PURSUANT TO 18 U.S.C. § 1595(B)** |

Defendant MG FREESITES, LTD ("MG Freesites"), pursuant to Rule 7.02, Local Civil Rules, supports its motion to stay filed contemporaneously with this memorandum, as follows.

**INTRODUCTION**

On June 2022, Plaintiffs filed their Fifth Amended Complaint, ("5AC"), asserting for the first time claims for, *inter alia*, violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Plaintiffs' TVPRA and related claims (*e.g.*, for violation of the RICO statute, negligence, and civil conspiracy) arise from allegations that in 2014, while they were students at Bellarmine University visiting Limestone College for a sporting event, Plaintiffs were secretly recorded by Defendant Collins Murphy while changing in a locker room. Plaintiffs allege that in 2019 those video recordings surfaced on various online websites, including Pornhub.com.

Because this action now involves claims under the TVPRA, it must be stayed. Section 1595(b)(1) of the TVPRA provides that "[a]ny civil action filed under subsection (a) *shall* be stayed during the pendency of *any* criminal action," including an "investigation," "arising out of

the same occurrence in which the claimant is the victim." (emphasis added). Plaintiffs admit and affirmatively allege in their Fifth Amended Complaint that "[o]n October 19, 2019, the Gaffney Police Department opened an investigation into the illegal video recordings which took place on Limestone College's campus. Upon information and belief the investigation is continuing." 5AC, ¶ 83. The Police Department for Cherokee County, South Carolina, Gaffney Municipality (the "Gaffney PD") has now confirmed Plaintiffs' allegation.

The TVPRA mandates that this civil action is stayed until the criminal action is concluded: There is a pending criminal proceeding and the civil action arises out of the same occurrence in which Plaintiffs are the victims. In fact, in the court adjudicating a similar action against MG Freesites reached this precise conclusion under analogous circumstances. *See Doe v. MindGeek USA Inc.*, 2021 WL 6618628, at *4 (C.D. Cal. Dec. 28, 2021). Accordingly, the Court must stay this action until the conclusion of the criminal investigation and/or prosecution.

## STATEMENT OF FACTS

**Murphy and the Videos.** Plaintiffs are nine female students at Bellarmine University and members of the school's field hockey team. They allege that when they were playing an away game at Limestone College, they were secretly videotaped in the locker room by defendant Collin Murphy—a former employee (the "Videos"). 5AC ¶¶ 71-78. Murphy then, "at some point prior to October 2019," allegedly participated in uploading the Videos to "countless" websites, including the website Pornhub.com.

**The Pending Criminal Investigation Against Murphy.** In October 2019, the Gaffney PD became aware that female athletes from visiting college teams had been filmed inside a Limestone College locker room in or about 2012. Mayer Decl., Ex. A. The Gaffney PD assigned Officer Gaby Bridges and Detective Brian Blanton to the case. On October 10, 2019, the Gaffney

PD prepared and filed a full police report, and Detective Blanton began to investigate. *Id.* at Exs. A, B.

On October 17, 2019, the Gaffney PD served MG Freesites with a search warrant for certain videos (including the Videos) associated with the incidents and the name and contact information for the uploader, alias "cwdistribution." Mayer Decl., Ex. ¶ 4. The search warrant (executed by Judge Kaye Allison of the Gaffney Municipal Court) was "based upon an ongoing investigation by the Gaffney Police Dept. in reference to Voyeurism and Invasion of Privacy." *Id.* The search warrant further stated its purpose was to obtain information "critical in possibly identifying the person(s) responsible for uploading the video clips." *Id.* MG Freesites cooperated fully with the search warrant and provided information to the Gaffney PD, including information concerning the identity of a person that uploaded the content to the Website. *Id.* ¶ 5.

Subsequently, Police Chief Chris Skinner of the Gaffney PD publicly identified Collins Brandon Murphy as a "person of interest" in the case. Mayer Decl., Ex. C. Chief Skinner also issued the following statement:

> Videos were discovered in 2014 in which Murphy admitted to filming, using hidden cameras, in the female locker rooms and dorm rooms on the campus of Alderson Broaddus University. Murphy was named in a civil lawsuit along with Alderson Broaddus in 2018…

*Id.*

**The Civil Lawsuit.** In March of 2020, Plaintiffs filed their initial Complaint (Dkt. No. 1). This complaint and the four amended complaints that followed did not allege the Defendants violated the TVPRA. However, on June 3, 2022, Plaintiffs filed a Fifth Amended Complaint (Dkt. No. 193), which includes TVPRA claims against several Defendants, including MG Freesites. In support of these claims, Plaintiffs allege, *inter alia*, that Murphy and MG Freesites (and entities allegedly affiliated with the website XHamster.com) were part of a criminal sex trafficking

venture, and also participated in an "enterprise" … "to engage in the creation and dissemination of illegally obtained obscene footage of nonconsenting women." 5AC (Dkt. No. 193) at ¶ 116. In other words, Murphy's alleged criminal conduct is at the heart of all of these claims, and all of them depend on the Court finding the existence of a relationship between MG Freesites and Murphy.

**The Continuing Criminal Proceedings by The Gaffney PD.** On October 28, 2021, MG Freesites served a subpoena for the production of documents on the Gaffney PD. Mayer Decl., Ex. D. The subpoena sought basic information about Murphy and his participation in the creation of the Videos, such as documents received from search warrants, interview notes, and other materials concerning Murphy and the events that give rise to this lawsuit. *Id.*

On December 30, 2021, MG Freesites received a letter from the City Attorney for Gaffney, South Carolina, in response to the subpoena. Mayer Decl., Ex. E. The letter stated, in relevant part:

> ***There is an ongoing criminal investigation regarding the incident that occurred at Limestone College*** (now University) in the City of Gaffney, which, apparently is the subject of your civil lawsuit. ***In that investigation, Collins Murphy has been named a person of interest and I note that he is a Defendant in your civil suit.***
>
> The Gaffney Police Department is informed and believes that the production of materials in its law enforcement investigatory file will jeopardize its investigation. Therefore, the current Chief of the Gaffney Police Department claims a qualified law enforcement investigatory privilege against the production or release of the investigative file. (emphasis added).

*Id.* (emphasis added).

The letter was accompanied by an Affidavit from Gerald Knight, the Chief of Police of the City of Gaffney, confirming that "the City of Gaffney has an ongoing criminal investigation regarding the matter that appears to be the subject of this civil lawsuit." *Id.* Mr. Knight further noted that "a criminal investigation is a time-consuming and complex matter and the contents of

an investigatory file must be handled with extreme care in order to avoid compromising the investigation." *Id.*

## ARGUMENT

The TVPRA is, first and foremost, a criminal statute designed to "combat trafficking in persons[,]" "to ensure just and effective punishment of traffickers, and to protect their victims." Pub. L. 106-386, 114 Stat. 1464, Sec. 102(a) (2000). When first passed, the law was purely criminal in nature and did not contain a civil remedy provision. Pub. L. 106-386. In 2003, Congress amended the law to add such a provision—18 U.S.C. § 1595—permitting victims of sex trafficking to seek certain civil remedies against their perpetrators and persons who assisted in or financially benefited from participation in a sex trafficking venture. Pub. L. 108-193, 117 Stat. 2875 (2003). But in creating a private civil cause of action, Congress made clear that "prosecutions should take priority over civil redress [and] should be complete prior to going forward with civil suits," and that the civil remedy provision should not "hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery." H.R. REP. NO. 108-264(II), at *17 (2003); *see also Lunkes v. Yannai*, 882 F. Supp. 2d 545, 550 (S.D.N.Y. 2012). To effectuate this policy, Congress included an important limitation on private civil actions, namely that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). A "'criminal action' ***includes investigation*** and prosecution and is pending until final adjudication in the trial court." *Id.* § 1595(b)(2) (emphasis added). This "plain language of the TVPRA mandates a stay of the present civil action pending resolution of the criminal proceedings." *Sharma v. Mann*, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021).

Congress's use of the term "shall be stayed" in Section 1595(b)(1) is a deliberate choice. Under established principles of statutory construction, the term "shall" means that the action described is mandatory. *Lopez v. Davis*, 531 U.S. 230, 231 (2001) (noting that Congress's use of the mandatory term "shall" imposes "discretionless obligations"); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 27 (1998) (finding that the mandatory term "shall" "normally creates an obligation impervious to judicial discretion"); *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) (holding that the word "shall" makes a statutory stay mandatory). This is further confirmed by the fact that the same statute also includes the permissive term "may" in a different context, indicating that the drafters were well aware of the difference between permissive and mandatory language. *Compare* 18 U.S.C. § 1595(a) (An individual "may bring a civil action….").

As a result, courts consistently have held that Section 1595(b) creates a "mandatory stay provision" for civil lawsuits arising out of the same occurrence during the pendency of a criminal action. *Doe*, 2021 WL 6618628, at *2; *Lunkes*, 882 F. Supp. 2d at 549; *Ara v. Khan*, 2007 WL 1726456, at *1 (E.D.N.Y. June 14, 2007). Courts have issued stays pursuant to Section 1595 where there has been no government intervention in the civil case, and have treated the obligation to stay a civil case as a mandatory requirement, not a discretionary choice. *See, e.g., Doe v. Athens*, 2022 WL 1569979, at *1 (S.D. Ohio May 18, 2022); *Doe*, 2021 WL 6618628, at *3-4; *Sharma*, 2021 WL 4865281, at *1-2; *Lunkes*, 882 F. Supp. 2d at 548.

Moreover, this mandatory stay applies to the entire "civil action" and is thus "broad" and "encompassing." *Doe*, 2021 WL 6618628, at *2. Importantly, because the statute "focuses on the identity of the claimant-victim and the conduct at issue in the civil and criminal actions," *Doe*, 2021 WL 6618628, at *3, the fact that the civil case includes defendants who are not part of the

criminal action is irrelevant. *Lunkes*, 882 F. Supp. 2d at 550; *see also Doe v. Athens*, 2022 WL 1569979, at *1 (S.D. Ohio May 18, 2022). And the mandatory stay is also not limited to the claims brought under 18 U.S.C. § 1595. Rather, the stay applies to all claims brought in the civil action. *See Athens*, 2022 WL 1569979, at *1; *Sharma*, 2021 WL 4865281, at *2 (staying all proceedings pursuant to Section 1595(b)(1), including claims that were not brought under the TVPRA); *Ara*, 2007 WL 1726456, at *1; *Lunkes*, 882 F. Supp. 2d at 550; *see also Antonio–Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1–2 (E.D. La. Apr. 20, 2009).

Applying these principles, another court recently stayed a pending case against MG Freesites alleging violations of the TVPRA and other claims arising from a third-party's posting of explicit videos of the plaintiff because there was a pending criminal investigation against the perpetrator. *Doe*, 2021 WL 6618628, at *4. In *Doe*, the purported trafficker (the plaintiff's ex-boyfriend) was charged with a felony related to his creation and uploading of the videos. *Id.* at *1. In granting MG Freesites' motion, the Court concluded that "[s]imply put, § 1591(b) requires that a civil action be stayed if the victim of the criminal action is the same as the claimant in the civil action, and if the conduct underlying both cases arises out of the same occurrence." *Id.* at *3. Likewise here, each prerequisite for imposing a mandatory stay is satisfied.

### A.     The Criminal Actions at the Core of This Action Are Pending.

Section 1595 expressly defines a "criminal action" to mean, in relevant part, "investigation and prosecution," which "is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2). "Final disposition [under § 1595(b)(2)] logically coincides with the entry of the judgment in a criminal matter, which in turn occurs when a criminal defendant is sentenced." *Lunkes*, 882 F. Supp. 2d at 549. Here the Gaffney PD specifically advised MG Freesites that the criminal investigation is "ongoing" and that it is a "time consuming and complex matter." Accordingly, the "pending" element of Section 1595(b) is satisfied.

### B.     The Pending Criminal Actions Arise Out of the Same Occurrences as Those Alleged in the Amended Complaint.

The Gaffney PD also confirmed that the pending criminal action arises from the same "matter that appears to be the subject of this civil lawsuit." Mayer Decl. Ex. E (Knight Decl. at ¶ 4). Indeed, this entire action is *premised* upon the criminal conduct that resulted in the Videos being created and disseminated. The Gaffney PD is investigating the crime of alleged "Sex/Peeping Voyeurism or Aggravated Voyeurism" by Murphy relating to several videos "uploaded on a Porn Hub website" that appear to show "different female teams in the male soccer locker room" … "changing clothes and taking showers[.]" Mayer Decl., Ex. A. The Gaffney PD's search warrant encompassed the specific Videos at issue in this case. Mayer Decl., ¶ 4. In turn, given this overlap, Defendant Collins Murphy has answered the vast majority of Plaintiffs' fifth amended complaint by either claiming lack of knowledge or invoking his Fifth Amendment right to not become "a witness against himself in a criminal proceeding" or otherwise give "answers" in a civil action which "might incriminate him in future criminal actions." Murphy Answer (Dkt. No. 195) at ¶ 1, n. 1; *see also* ¶¶ 3, 4, 6, 10, 20, 26, 30, 35, 36, 44, 46, 47, 50, 54, 55, 57, 60. Thus, the criminal proceeding plainly "aris[es] out of the same occurrence" as this action and a stay is appropriate and warranted. *See, e.g.*, *Doe*, 2021 WL 6618628, at *3; *Lunkes*, 882 F. Supp. 2d at 546-48 (finding Section 1595(b) mandated stay where plaintiffs brought civil TVPRA claim and tort claims against two defendants for enslaving and sexually abusing them after luring them to the U.S. with false promises of employment, and government had commenced criminal prosecution against one defendant for "inducing women to travel to the United States for the purpose of committing sexual abuse, attempted forced labor, forced labor, fraud in labor contracting, importing aliens for immoral purposes, inducing aliens to illegally enter and reside in the United States, and unlawful employment of aliens"). Indeed, the overlap apparently is so

substantial that the Gaffney PD believes that "the production of materials in its law enforcement investigatory file [to MG Freesites] *will jeopardize its investigation*." Mayer Decl., Ex. E. Notably, this is precisely why the TVPRA's mandatory stay provision exists: To prevent civil claims from jeopardizing criminal investigations.

## CONCLUSION

For the foregoing reasons, the Court should stay this action pending the conclusion of the criminal investigation into the Videos.

Respectfully submitted,

| | | |
|---|---|---|
| DATED June 17, 2022 | | TURNER, PADGET, GRAHAM AND LANEY, P.A. |
| Greenville, South Carolina | By: | */s/ Mark Goddard* <br> Mark Goddard \| Attorney ID: 09691 <br> email \| mgoddard@turnerpadget.com <br> direct \| 803-227-4334 <br><br> J. Kenneth Carter \| Attorney ID: 05108 <br> email \| kcarter@turnerpadget.com <br> direct \| 864-552-4611 <br><br> Post Office Box 1509 <br> Greenville, South Carolina 29602 <br> facsimile \| 864-282-5993 <br><br> *Attorneys for Defendant MG Freesites Ltd* |
| | | MITCHELL SILBERBERG & KNUPP LLP |
| Los Angeles, California | By: | .<br>r<br>Marc E. Mayer \| Admitted Pro Hac Vice <br> email \| mem@msk.com <br> direct \| 310-312-3154 <br><br> 2049 Century Park East <br> 18th Floor |

12243830.3

Los Angeles, California 90067
facsimile | 864-282-5993

*Attorneys for Defendant MG Freesites Ltd*