## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

JANE DOES 1-9,

          Plaintiffs,

    v.

COLLINS MURPHY, LIMESTONE
COLLEGE, MG FREESITES, LTD., d/b/a
PORNHUB.COM, and HAMMY MEDIA
LTD. d/b/a XHAMSTER.COM,

          Defendants.

CASE NO. 7:20-CV-00947-DCC

### DECLARATION OF MARC E. MAYER

I, Marc E. Mayer, hereby declare as follows:

1.      I am an attorney at law, duly licensed to practice law in the State of California. I have been admitted on a *pro hac vice* basis to practice before this Court in connection with this matter. I am, through my professional corporation, a partner of the law firm Mitchell Silberg & Knupp LLP, counsel of record for Defendant MG Freesites Ltd ("MG Freesites") in this action. I make the following declaration in support of MG Freesites' Motion to Stay pursuant to 18 U.S.C. § 1595(b). I make all of the following statements of my own personal knowledge and, if called as a witness, could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of a police report from the Gaffney Police Department ("Gaffney PD"), printed on October 22, 2019. This document was produced to my office by Plaintiffs in response to discovery requests on August 27, 2021.

3.      Attached hereto as **Exhibit B** is a true and correct copy of a police report from the Gaffney Police Department ("Gaffney PD"), printed on December 31, 2019. This document was produced to my office by Plaintiffs in response to discovery requests on August 27, 2021.

4.      The Gaffney PD has sought the participation of MG Freesites to aid in the active investigation referenced within Exhibits A and B.  On October 21, 2019, the Gaffney PD served a search warrant upon MG Freesites.  The search warrant (executed by Judge Kaye Allison of the Gaffney Municipal Court) identified and sought the same videos allegedly at issue in this case. The warrant stated that it was "based upon an ongoing investigation by the Gaffney Police Dept. in reference to Voyeurism and Invasion of Privacy."  The search warrant further stated its purpose was to obtain information "critical in possibly identifying the person(s) responsible for uploading the video clips."

5.      MG Freesites cooperated fully with the search warrant and provided information to the Gaffney PD, including information concerning the identity of a person that uploaded the content to the Website.

6.      Attached hereto as **Exhibit C** is a true and correct copy of a screen capture of a story from the WYFF Channel 4 website titled "Police chief names person of interest after video from Limestone college surfaces on porn site," located at the URL https://www.wyff4.com/article/police-chief-names-person-of-interest-after-video-from-limestone-college-surfaces-on-porn-site/32631558#.  I caused this web page to be captured by my office on June 16, 2022.

7.      Attached hereto as **Exhibit D** is a true and correct copy of a subpoena issued by my office to the Gaffney PD on or about October 12, 2021.  The subpoena was served on the Gaffney PD on or about October 15, 2021.

8.      Attached hereto as **Exhibit E** is a true and correct copy of documents I received from the Office of the City Attorney of the City of Gaffney in response to the October 12, 2021 subpoena.  These documents, which include an Affidavit of Gerald Knight, were received by my

office in late December 2021 or early January 2022.  To date, MG Freesites has not received any further substantive documents from the Gaffney PD related to this action or to its investigation.

9.       During the course of this lawsuit, I have had several conversations with counsel for Collins Murphy, Alan Belcher.  Mr. Belcher has advised me that Mr. Murphy intends to exercise his Fifth Amendment rights with respect to discovery in this matter.  Accordingly, I have reason to believe that Mr. Murphy will decline to answer questions concerning criminal conduct that he is alleged to have engaged in (and that MG Freesites is alleged to have participated in or conspired to effectuate.)  To date, Mr. Murphy has not produced any documents in this action, including in response to a document request served by MG Freesites.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 17th day of June, 2022 at Calabasas, California.

_____

Marc E. Mayer

14288737.2

# Gaffney Police Department

201 North Limestone Street
Gaffney, SC 29342
(864) 489-8115



Case GInc1902637 - UNAPPROVED DRAFT                    Printed on October 22, 2019

| | |
|---|---|
| **Status** | Active |
| **Report Type** | Incident |
| **Primary Officer** | Gaby Bridges |
| **Investigator** | Brian Blanton |
| **Reported At** | 10/19/19 10:07 |
| **Incident Date** | 10/07/19 10:07 - 10/10/19 11:00 |
| **Incident Code** | Peeping Tom |
| **Location** | 1115 College Dr, GAFFNEY, SC 29340 (Limestone College College Dr) |
| **Zone** | |
| **Beat** | |
| | |
| **Disposition** | Under Investigation |
| **Disposition Date/Time** | 10/10/19 10:26 |
| **Review for Gang Activity** | None |
| | |
| **Status Indicator** | Administrative Filler |
| **Status Change Date** | 10/10/19 |

## Offense Information

| | |
|---|---|
| **Offense** | SEX/PEEPING VOYEURISM OR AGGRAVATED VOYEURISM |
| **Statute** | 16-17-470(A) |
| **SCIBRS Code** | 90H - Peeping Tom |
| **Counts** | 1 |
| **Date** | 10/10/19 |
| **Include In NIBRS** | Yes |
| **Completed** | Yes |
| **Bias Motivation** | None (no bias) |
| **Location** | School - College/University |
| **Entry Forced** | No |
| **DID YOU FILL OUT THE SCIBRS CODE?** | YES |

## Complainant

**LIMESTONE COLLEGE**

1115 COLLEGE DR
GAFFNEY, SC 29340

(864) 488-4608 Business
(864) 488-8344 Cell

16-17-470(A) - SEX/PEEPING VOYEURISM OR
AGGRAVATED VOYEURISM

## Victim

---



**LIMESTONE COLLEGE**

1115 COLLEGE DR

GAFFNEY, SC 29340

(864) 488-4608 Business
(864) 488-8344 Cell

16-17-470(A) - SEX/PEEPING VOYEURISM OR
AGGRAVATED VOYEURISM

## Primary Narrative By Gaby Bridges

On 10/10/2019 at 10:13 AM, SRGT Huggin arrived at the City of Gaffney Police Department located within the City Limits of Gaffney, SC 29340 to file a report.  Huggin stated that there had been 5 different video surveillance  of 5 different female teams in the male  soccer locker room. Huggins stated that the surveillance was between the dates of 09/2012- 10/2013 of the females changing clothes and taking showers. Huggin stated that the video shows the entrance to the shower and the changing area of the locker room. Huggins stated that two months ago the 5 videos were uploaded on a Porn Hub website. Huggin stated that the security division is unsure who would be responsible  for the videos. Huggin stated that the video seemed to be sitting on a sink in the males locker room recording the females.  Huggin stated that he talked to Captain Ron Ramsey and was advised to file a police report. No further information was given at this time.



# FREEDOM OF INFORMATION REQUEST FOR PUBLIC RECORDS

**To:**  **City of Gaffney**          **Email: cityclerk@cityofgaffney-sc.gov**
        **P. O. Box 2109**
        **Gaffney, SC 29342**

| FOIA Activity | | Associated Charges |
|---|---|---|
| Search Retrieval Time Per Hour | | $17.50 |
| Black & White Copies | 8 ½" x 11" | 10¢ per page |
| | 8 ½" x 14" | 13¢ per page |
| | 11" x 17" | 20¢ per page |
| Color Copies | 8 ½" x 11" | 42¢ per page |
| | 8 ½" x 14" | 42¢ per page |
| | 11" x 17" | 75¢ per page |
| DVD Copy | | $15.00 per DVD |
| Accident Report | | $5.00 each copy |
| Standard Maps/Plots | Up to 11" x 17" | $10.00 each |
| | 24" x 36" | $20.00 each |

**Description of records requested:** Copies of all reports, notes, prepared by any city attorney or city official, including Gaffney County Police Dept; copies of all interviews of witnesses, either written or recorded, colored photographs, if taken, copies of any videos, if taken, by the city attorney or city official, including Gaffney County Police Dept regarding their investigation commencing on 10/07/2019, Case 1902637, involving Limestone College and events that transpired during September 2012 - October 2013, Offense Code 16-17-470(A)

**Are you asking for these records for a commercial use/purpose?** ☐ Yes   ☑No
*SC Law provides that it is a crime to knowingly obtain or use personal information from a public body for commercial solicitation.*

**Please indicate the format in which you would like the City to respond to your request. Please know the City may not be able to accommodate the requested format. Cost from fee schedule may be applied to any of these formats.**

☐Inspection Only          ☑Hard Copy          ☐Email: _____

☐Fax:_____          ☐Other Format: _____

By my signature, I hereby state that I have received information about the City of Gaffney's FOIA process and a copy of the Fee Schedule outlining possible charges I may incur as part of this request.

Signature: _____          Date: 12/30/2019

Printed Name: Tyler S Thompson          Phone No.: (502) 244-7772

---

**For Office Use Only:**

Date Received_____     Due Date_____     Response Date_____

Department and Staff Member Responsible for Response_____



# *Gaffney Police Department*

201 North Limestone Street
Gaffney, SC 29342
(864) 489-8115



Case GInc1902637                                    Printed on December 31, 2019

| | |
|---|---|
| **Status** | Approved |
| **Report Type** | Incident |
| **Primary Officer** | Gaby Bridges |
| **Investigator** | Brian Blanton |
| **Reported At** | 10/10/19 10:07 |
| **Incident Date** | 10/07/19 10:07 - 10/10/19 11:00 |
| **Incident Code** | Peeping Tom |
| **Location** | 1115 College Dr, GAFFNEY, SC 29340 (Limestone College College Dr) |
| **Zone** | |
| **Beat** | |
| | |
| **Disposition** | Under Investigation |
| **Disposition Date/Time** | 10/10/19 10:26 |
| **Review for Gang Activity** | None |
| | |
| **Status Indicator** | Administrative Filler |
| **Status Change Date** | 10/10/19 |

## Offense Information

| | |
|---|---|
| **Offense** | SEX/PEEPING VOYEURISM OR AGGRAVATED VOYEURISM |
| **Statute** | 16-17-470(A) |
| **SCIBRS Code** | 370 - Pornography/Obscene Material |
| **Counts** | 1 |
| **Date** | 10/10/19 |
| **Include in NIBRS** | Yes |
| **Completed** | Yes |
| **Bias Motivation** | None (no bias) |
| **Location** | School - College/University |
| **Entry Forced** | No |
| **Criminal Activities** | Cultivating/Manufacturing/Publishing |
| **DID YOU FILL OUT THE SCIBRS CODE?** | YES |

## Complainant

**LIMESTONE COLLEGE**

1115 COLLEGE DR
GAFFNEY, SC 29340

(864) 488-4608 Business
(864) 488-8344 Cell

16-17-470(A) - SEX/PEEPING VOYEURISM OR
AGGRAVATED VOYEURISM

## Victim



0116

# Gaffney Police Department

201 North Limestone Street
Gaffney, SC 29342
(864) 489-8115



**Case Notes**                                          Printed on December 31, 2019

---

**Brian Blanton**, 10/14/19 10:14

CONTACTED SLED ON 10/10/2019 WHO ADVISED PORNHUB IS A CANADIAN BASED COMPANY WHO DOESN'T COMPLY WITH US ISSUED COURT DOCUMENTS.

**Brian Blanton**, 10/14/19 15:28

Contacted Alderson Broaddus University in reference to Collin Murphy who was investigated for a similar incident.

**Brian Blanton**, 10/14/19 15:42

Contact Tiffany Durst who was the lawyer who represented Alderson Broaddus in the Civil Suit in WV.

---

EXHIBIT B

0117

GRINDSTAFF'S PRINTING & MORE, LLC 864-849-1053

# Victim Notification Information
## GAFFNEY POLICE DEPARTMENT

**AGENCY I.D. SC 0110200**

| | |
|---|---|
| **Victim Information** | Case # 1902637 |

Name of Victim: Limestone College     Victim is ☐ deceased or ☐ minor

Mailing Address: 1115 College Drive Gaffny SC 29340

Telephone #: (H) 864-4888344 (B) _____ Emergency #: _____

Relative or Contact Person: _____

Mailing Address: _____

Telephone #: (H) _____ (B) _____ Emergency #: _____

Additional Information or Comments: _____

In order for Law Enforcement to make a reasonable attempt to contact you of the arrest or detention and of the appropriate bond or other pretrial release hearing or procedure, **it is your responsibility to notify the appropriate agency of any change in your address or phone number.**

The information given on this form will be provided to the jail, prison, detention or holding facility having physical custody of the defendant. It will also be made available to the prosecuting agency and the Department of Juvenile Justice System, if the defendant is a juvenile.

| **Court Date Information** (if available at time of report) | |
|---|---|

State vs _____ Warrant # / Ticket # _____

Date and Time: _____ Location: _____

An arrest or juvenile detention can occur anytime during a 24 hour period. Arraignment may take place within several hours of the arrest. A juvenile detention hearing is usually held within 48 hours of the detention, excluding holidays and weekends. Please check the boxes below if you do or do not wish to be notified.

I do ☒   I do not ☐   wish to be notified when the defendant is arrested and when arraignment of juvenile detention hearing may take place, anytime day or night.

I do ☒   I do not ☐   wish to be contacted when bond is set, anytime day or night.

I do ☒   I do not ☐   wish to be contacted when the defendant is released from jail, anytime day or night.

**As a victim of crime I have received a copy of the Victim Notification Information Form provided to me by the Gaffney Police Department and I agree that the victim information is correct. I have also received a copy of the 1997 Victims and Witness Services Statute.**

_____     10/30/19
Signature of person receiving information     Date

_____     10/10/19
Signature of Reporting Officer     Date

**EXHIBIT B**

0118

6/16/2022 7:21-cv-03193-DCC Police chief names person of interest after video from Limestone college surfaces on porn site

Date Filed 06/25/22 Entry Number 101-2 Page 10 of 55

NOWCAST                                          Watch on Demand ▶



☀ 88°

**SEVERE WEATHER**                               ‹ 1 / 2 › ⏸

There is currently 1 active weather alert

☰ SHOW TRANSCRIPT

Advertisement

# Police chief names person of interest after video from Limestone college surfaces on porn site

## Collins Brandon Murphy named person of interest in case, chief says

Updated: 9:42 AM EDT May 25, 2020



6/16/2022, 7:21 AM
7:21-cv-03193-DCC    Date Filed 09/25/22    Entry Number 101-2    Page 1 of 55
Police chief names person of interest after video from Limestone college surfaces on porn site

Infinite Scroll Enabled 

**GAFFNEY, S.C. —** The Gaffney police chief has named a person on interest after videos surfaced on a porn site showing former female-athletes from visiting schools inside Limestone College locker rooms.

The investigation began in October 2019 when a police report was filed by a Gaffney police officer who stated that five different videos were recorded of five different female teams in the soccer locker room.

Advertisement



The videos were taken down from the porn sites, police said. The report said the incidents happened between September 2012 and October 2013.

On Thursday, Gaffney Police Chief Chris Skinner named Collins Brandon Murphy as a person of interest in the case.

Skinner did not say Murphy was charged in the case at Limestone College.

Skinner said Murphy was employed at Limestone College between September 2012 and October 2013. He was previously employed by Alderson Broaddus University in West Virginia, Skinner said.

A new release from Skinner said:

### Recommended



**Investigation underway after suspect's in-custody death in North Carolina, police say**

*"Videos were discovered in 2014 in which Murphy admitted to filming, using hidden cameras, in the female locker rooms and dorm rooms on the campus of Alderson Broaddus University. Murphy was named in a civil lawsuit along with Alderson Broaddus in 2018. No criminal charges in reference to the Invasion of Privacy were filed in West Virginia due to the states Statute of Limitations. Murphy, however, was indicted on six counts of Burglary at the beginning of 2020. Murphy, who is a resident of Maryland, is currently out on bond."*

Limestone College released the following statement:

*"Limestone officials have confirmed that Collins Murphy was employed at the college from August 2012 until October 2014. Murphy was the Director of Intramural Sports and Summer*



Conferences. He was terminated immediately once Limestone College learned of the allegations made against him at Alderson Broaddus University.**"**

## More background on the case:

All of the women were recorded without their knowledge, according to the police report. According to the police report, in all of the videos, the women can be seen showering and changing clothes.

The videos appear to have been recorded from a sink in the male locker room, the police report said.

Police said the women in the videos were on teams visiting Limestone.

## GOOD HOUSEKEEPING

**Pillow Cube Review: Is a Rectangular Pillow the Answer for Side Sleepers?**

**8 Best Portable Grills to Buy in 2022**



EXHIBIT C

Police chief names person of interest after video from limestone college surfaces on porn site

**Kate Hudson Shared the Tinted Sunscreen That Keeps Her Summer Skin Protected and Glowing**

**15+ Celebrity Home Lines To Spiff Up Your House's Interior**

## WYFF GREENVILLE

  

Contact Us

News Team

Apps & Social

Email Alerts

Careers

Internships

Advertise

Digital Advertising Terms & Conditions

Broadcast Terms & Conditions

RSS

EEO Reports

Captioning Contacts

Public Inspection File

Public File Assistance

FCC Applications

News Policy Statements

Hearst Television participates in various affiliate marketing programs, which means we may get paid commissions on editorially chosen products purchased through our links to retailer sites.

©2022, Hearst Television Inc. on behalf of WYFF-TV.

Privacy Notice    Your California Privacy Rights    Interest-Based Ads    Terms of Use    Si



EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTH CAROLINA

| | |
|---|---|
| JANE DOES 1-9, | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| COLLINS MURPHY, et al. | ) |
| *Defendant* | ) |

Civil Action No. 7:20-CV-00947-TMC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Gaffney Police Department, 201 North Limestone Street Gaffney, SC 29340 United States of America

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Turner Padget Graham and Laney P.A., 200 East Broad Street, Suite 250 Greenville, SC 29601 (864) 552-4618, c/o R. Taylor Speer | Date and Time: November 1, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2021

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant MG Freesites, Ltd. _____ , who issues or requests this subpoena, are:

Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / mem@msk.com / Telephone: 310-312-2000

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

13554608.1

American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT D**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:20-CV-00947-TMC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                            *Server's signature*

                                            _____
                                                            *Printed name and title*

                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:




AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---





EXHIBIT D

## EXHIBIT A – DOCUMENTS TO BE PRODUCED

## INSTRUCTIONS

1.    Gaffney, South Carolina Police Department ("GPD" or "YOU"), including its subsidiaries, related entities, and/or divisions, and any of its successors and/or assigns, is to make available for copying all requested documents that are in its possession, custody, or control, including documents in the possession, custody, or control of its attorneys, accountants, agents, representatives, or any other persons acting on its behalf.  If you cannot answer any of the below Requests fully, answer to the fullest extent possible and explain the reasons why you cannot answer more fully.

2.    Electronically stored information ("ESI"), including Microsoft Excel databases, must be produced in their native electronic format or in a format that preserves metadata.

3.    Should a claim be made that any subpoenaed document is not subject to discovery by reason of privilege or some other legal protection, please provide a privilege log containing the information required by Fed. R. Civ. P. 26(b)(5), including (a) the name and address of the speaker or author of the document; (b) the date of the communication or document; (c) the name and address of any person to whom the communication was made and of every person who was present when the communication was made or the document was sent or to whom copies were sent or circulated at any time; (d) the form of the communication or document (*i.e.* letter, memorandum, invoice, contract, etc.); (e) The title and length of the document; (f) the names and addresses of any person currently in possession of the document or a copy thereof; (g) A detailed description of the communication or document; and (h) The nature of the privilege claimed.

4.    For any documents no longer in your custody or control, please also state and include: (a) identification and summary of the document; (b) whether the document is missing, lost, destroyed, or transferred to others; and (c) identify any person who currently has custody or



control of the document and all who have knowledge of the contents for the documents or any copy.

## **DEFINITIONS**

1. "YOU," "YOUR" and "GPD" means and refers to the Gaffney, South Carolina Police Department and its REPRESENTATIVES, assignees, and agents.

2. "PLAINTIFFS" (plural) means and refers to Plaintiffs Jane Does 1-9 and their REPRESENTATIVES, or any one or more of them, each a member of the Bellarmine University women's field hockey team.  The names of Plaintiffs are subject to a protective order but may be provided subject to an appropriate confidentiality order or agreement.

3. "DEFENDANT" or "MINDGEEK" shall mean Defendant MG FREESITES, Ltd. and its REPRESENTATIVES, assignees and agents.

4. "ACTION" shall mean the above-captioned litigation.

5. "COMPLAINT" shall mean the Fourth Amended Complaint filed in the ACTION on January 27, 2021 (Docket No. 99), which is attached hereto.

6. "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34.  It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation:  correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications, memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies,

13561827.1



publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of agreement(s), microfilm, microfiche, and electronic or computerized data compilations, computer records, computer tapes, disks, and printouts. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate DOCUMENT. This definition specifically incorporates electronically stored information ("ESI") as that term is used by Fed. R. Civ. P. 34. For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

7. "COMMUNICATION" or "COMMUNICATIONS" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise), in any manner and/or medium.

8. "INCLUDING" means including, but not limited to.

9. "REPRESENTATIVES" shall mean and include anyone acting on behalf of the individual or entity.

10. The term "PERSON" or "PERSONS" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

11. "The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating,



summarizing, constituting, comprising, reflecting, supporting or are otherwise pertinent to the matter or any aspect thereof.

12.    The term "VIDEO" or "VIDEOS" shall mean the videos that are the subject of this ACTION, and are referenced in the COMPLAINT.

13.    The term "MURPHY" shall mean Defendant Collins Murphy.

14.    The term "LIMESTONE" shall mean Defendant Limestone College.

15.    The term "INCIDENTS" refers to claims of nonconsensual filming, "spy cams," or other unlawful voyeuristic behavior at or in connection with LIMESTONE or in a LIMESTONE locker room, including the events that gave rise to this lawsuit.

16.    The term "BELLARMINE INCIDENT" refers to claims or allegations by certain members of the Bellarmine women's hockey team, including the PLAINTIFFS, that they were unlawfully filmed at LIMESTONE without their consent in or about 2012.

## DOCUMENTS REQUESTED

1.    All reports, memoranda, notes, or other DOCUMENTS that reflect or refer to allegations or claims of nonconsensual filming, "spy cams," or other unlawful voyeuristic behavior at or in connection with LIMESTONE.

2.    All DOCUMENTS that constitute, embody, reflect or refer to any investigation conducted by YOU into the INCIDENTS, including the BELLARMINE INCIDENT.

3.    All DOCUMENTS received by YOU from any person or entity in connection with YOUR investigation of the INCIDENTS, including the BELLARMINE INCIDENT.


EXHIBIT D

4.      All DOCUMENTS that constitute, embody, reflect or refer to any witness or victim statements or interviews taken, collected, or received by YOU in connection with the INCIDENTS, including the BELLARMINE INCIDENT.

5.      All DOCUMENTS that constitute, embody, reflect or refer to any COMMUNICATIONS between YOU and any other person or entity, including but not limited to LIMESTONE, MURPHY, or MINDGEEK, concerning the INCIDENTS, including the BELLARMINE INCIDENT.

6.      All search warrants or subpoenas issued by YOU in connection with the INCIDENTS, including the BELLARMINE INCIDENT and all DOCUMENTS received by YOU in response to those search warrants or subpoenas.

7.      DOCUMENTS reflecting all evidence, including but not limited to photographs, collected by YOU in connection with the INCIDENTS, including the BELLARMINE INCIDENT.

8.      All DOCUMENTS reflecting any analysis, including any forensic analysis, conducted by YOU concerning the VIDEOS.

9.      All DOCUMENTS that reflect or refer to YOUR discovery that any of the VIDEOS had been made available on any MINDGEEK website, including the website Pornhub.com.

10.      All DOCUMENTS that reflect or refer to YOUR investigation into any and all Internet websites or social media networks where the VIDEOS had been made available to the public.

11.      All DOCUMENTS that reflect or refer to YOUR investigation into the identity of the uploader of any VIDEO.

13561827.1



12.     All internal COMMUNICATIONS, memoranda, and notes (including text messages, meeting minutes, summaries of conversations, and the like) between or among employees or representatives of the Gaffney Police Department or any public agency concerning the VIDEOS or the INCIDENTS, .

13.     All DOCUMENTS that reflect or refer to any criminal proceeding against any person or entity related to the INCIDENTS, including the BELLARMINE INCIDENT.

14.     All DOCUMENTS that reflect or refer to YOUR discovery of the INCIDENTS, including the BELLARMINE INCIDENT.

15.     All DOCUMENTS that constitute, embody, reflect or refer to any communications between YOU and any person suspected of distributing the VIDEOS.

16.     All DOCUMENTS that constitute, embody, reflect or refer to any communcations between YOU and any person suspected of participating in the creation of the VIDEOS.

13561827.1



# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,** | **Case No.: 7:20-cv-00947-TMC** |
| **Plaintiffs,** | |
| **vs.** | **FOURTH AMENDED COMPLAINT** |
| | **(Jury Trial Demanded)** |
| **COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,** | |
| **Defendants.** | |

The Plaintiffs, complaining of the Defendants, would respectfully show the Court the following:

## **INTRODUCTION**

1. This is an action arising from Defendant Collins Murphy's (hereinafter referred to as "Defendant Murphy") intentional act of placing hidden spy cameras in the women's locker room. These spy cameras were used for the purpose of surreptitiously filming the Plaintiffs and other women in all stages of undress and then posting the video footage onto the Co-Defendants websites.

2. The failure of Defendant Limestone College to reasonably investigate Defendant Murphy throughout the hiring process, despite similar sexual allegations being made against Defendant Murphy prior to his hiring, which resulted in the invasion of privacy and emotional distress of the Plaintiffs.

3. The deliberate motivation of Defendants MG Freesites, Ltd. and Hammy Media Ltd. that lead to the creation of sexually lewd content for financial gain which resulted in the



surreptitious filming of nine innocent girls who can never regain their innocence nor their peace of mind as naked images of them are now available on the internet.

## PARTIES AND VENUE

4.    Plaintiff, Jane Doe 1 (hereinafter referred to as "Plaintiff 1"), is and was at all times mentioned herein, a citizen and resident of Jeffersonville, Clark County, Indiana.

5.    Plaintiff, Jane Doe 2 (hereinafter referred to as "Plaintiff 2"), is and was at all times mentioned herein, a citizen and resident of Louisville, Jefferson County, Kentucky.

6.    Plaintiff, Jane Doe 3 (hereinafter referred to as "Plaintiff 3"), is and was at all times mentioned herein, a citizen and resident of Louisville, Jefferson County, Kentucky.

7.    Plaintiff, Jane Doe 4 (hereinafter referred to as "Plaintiff 4"), is and was at all times mentioned herein, a citizen and resident of Louisville, Jefferson County, Kentucky.

8.    Plaintiff, Jane Doe 5 (hereinafter referred to as "Plaintiff 5"), is and was at all times mentioned herein, a citizen and resident of Louisville, Jefferson County, Kentucky.

9.    Plaintiff, Jane Doe 6 (hereinafter referred to as "Plaintiff 6"), is and was at all times mentioned herein, a citizen and resident of Louisville, Jefferson County, Kentucky.

10.    Plaintiff, Jane Doe 7 (hereinafter referred to as "Plaintiff 7"), is and was at all times mentioned herein, a citizen and resident of Louisville, Jefferson County, Kentucky.

11.    Plaintiff, Jane Doe 8 (hereinafter referred to as "Plaintiff 8"), is and was at all times mentioned herein, a citizen and resident of LaGrange, Oldham County, Kentucky.

12.    Plaintiff, Jane Doe 9 (hereinafter referred to as "Plaintiff 9"), is and was at all times mentioned herein, a citizen and resident of San Antonio, Bexar County, Texas.

13.    At present, and all times relevant to this action, Defendant Limestone College (hereinafter referred as "Defendant Limestone") is a private co-ed liberal arts college located at

2



1115 College Drive, Gaffney, South Carolina 29340, and carries out its business by and through its agents, servants, and/or employees, and is therefore directly and vicariously liable for the wrongful acts described in this Complaint.

14.     Defendant, Collins Murphy, is a citizen and resident of Rockville, Maryland. At all times mentioned herein, Defendant, Collins Murphy, was employed by Limestone College as its intramural/summer conference director.

15.     Under the doctrine of *respondeat superior*, Defendant Limestone was and is responsible for the actions and conduct of Defendant Murphy done while employed by Limestone as its agent and employee and Defendants are thereby jointly and severally liable to Plaintiffs for their injuries and damages.

16.     Defendant MG Freesites, Ltd., d/b/a Pornhub.com (hereinafter referred to as "Defendant Pornhub") is a Cypress company with headquarters located at Block 1, Dali Industrial Area, 195-197 Old Road Nicosia-Limassol Dali, 2540 Cyprus.

17.     Upon information and belief Defendant Pornhub endorses, solicits, coordinates, and participates in the creation of sexually lewd content and monetizes its creation through payment by ad revenues generated by said content to those who have conspired with them. The actions described herein are not new to this Defendant and are patterns of conduct which the Defendant derives great profit.

18.     Upon information and belief Defendant Pornhub, since beginning the practice of paying for lewd content views, has received numerous takedown notices by women who did not consent to be filmed in content posted on their website. Further, the title of the videos that were advertised to the public indicated that the videos were secret and consensual.



19.     Defendant Hammy Media Ltd. d/b/a xHamster.com (hereinafter referred to as "Defendant xHamster") is a pornographic media company that is headquartered at P.O. Box 59532, Limassol, 4010 Cyprus and has a US office in Houston Texas.

20.     Upon information and belief, like Defendant Pornhub, Defendant xHamster endorses, solicits, coordinates, and participates in the creation of lewd sexual content by monetizing it through ad revenue payments made to those who have conspired with them.

21.     Upon information and belief Defendant xHamster has received takedown notices by women who did not consent to be filmed in content present on their website.

22.     Both Defendant Pornhub and Defendant xHamster have made purposeful electronic contacts with the State of South Carolina which resulted in a cause of action recognized by South Carolina.

23.     Jurisdiction is proper in this Court as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

24.     Venue is proper in this Court as a substantial part of the events complained of herein occurred in Gaffney, Cherokee County, South Carolina.

## **FACTS**
### **(As to Defendant Limestone and Defendant Murphy)**

25.     All of the allegations previously set forth are incorporated herein by reference.

26.     In August 2012 Limestone College hired Collins Murphy as its intramural/summer conference director.

27.     On October 5, 2012, the Bellarmine University Knights traveled to Gaffney, South Carolina to face the Limestone College Saints in women's field hockey. Plaintiffs were members of the Bellarmine Knights field hockey team.

4



28.    Upon arrival, Limestone College agents directed Plaintiffs to a men's locker room which was designated for their use both before and after the game.

29.    While in the subject locker room, Plaintiffs showered and changed clothes such that they were in a state of nudity for periods of time.

30.    Defendant Murphy, secretly placed a video camera in the subject locker room prior to Plaintiffs' arrival on campus and recorded the Plaintiffs, without their knowledge or consent, while they were in a state of nudity.

31.    As intramural/summer conference director, Defendant Murphy, had knowledge of sporting events on campus and had access to athletic facilities, such as the subject locker room, with Limestone College's knowledge and consent.

32.    Defendant Murphy, secretly recorded multiple women, including women who are not Plaintiffs in this action, changing clothes and taking showers in locker rooms between September 2012 and October 2013.

33.    Defendant Murphy's employment with Limestone College ceased in October 2014.

34.    At some point in 2019, the recordings of the Plaintiffs were uploaded and disseminated to countless pornographic websites, stripping the Plaintiffs of their innocence.

35.    On October 10, 2019, the Gaffney Police Department opened an investigation into the illegal video recordings which took place on Limestone College's campus. Upon information and belief, the investigation remains ongoing.

36.    On October 18, 2019, the Plaintiffs were first made aware that they were secretly videotaped while showering and changing their clothes in the Limestone College locker room; and that the recording was posted to several pornographic websites.

5



37.    Upon information and belief Defendant Murphy continues to possess, upload, forward and/or disseminate the nude videos of Plaintiffs and other female student athletes obtained by the use of the hidden camera in the Limestone locker room facility.

38.    Defendant Murphy maintained user accounts on both Pornhub and xHamster for many years.

39.    Defendant Murphy developed a large following of thousands of viewers who would regularly subscribe and watch the content he generated and posted on both Pornhub and xHamster.

40.    Defendant Murphy established these accounts and grew his following for the purpose of generating an income from creating lude sexual content that he filmed surreptitiously.

41.    Defendant Murphy regularly engaged in the surreptitious filming of women by spy camera to add to his catalog of content on the accounts found on both Pornhub and xHamster.

42.    Defendany Murphy gained an income from the content he provided on his accounts on the Pornhub and xHamster websites.

43.    Defendant Limestone failed to meet their duty owed to its students and those visiting when it failed to properly investigate Defendant Murphy during the hiring process.

44.    As a direct and proximate result of the secret and unauthorized videotaping, and the dissemination and publishing of the videos to other individuals and the general public on the Pornhub.com and other pornographic websites, Plaintiffs have sustained, and will continue to sustain, injuries and damages, including but not limited to anxiety, humiliation, embarrassment, serious mental and emotional distress and mental pain and suffering.

6



## FACTS
### (As to Defendant Pornhub and Defendant xHamster)

45.    Upon information and belief both Defendant Pornhub and Defendant xHamster promote the creation of lewd sexual content by providing payment to those who submit such media to their website.

46.    This lewd sexual content increases the viewership to their respective platforms which increases their own financial gain.

47.    Upon information and belief Defendant Pornhub and Defendant xHamster individually schemed to increase their financial positions by enlisting others to create sexually deviant content and shared the revenues such content generated with the providers.

48.    This scheme created a joint venture partnership and civil conspiracy between Defendants(and the Defendant Murphy) and the individuals who provided the Defendants with the lewd, sexual, and pornographic content which the Defendants used to make money and removes any protections granted to them as they are no longer merely hosts of said content.

49.    But for the Defendants monetization of the creation of "homemade/ spy cam" style lewd content, such content would likely have not been so heavily sought after.

50.    Upon information and belief the Defendants, after starting this practice, have received takedown notices by women who appeared on their websites but never consented to being filmed.

51.    Despite these takedown notices, which gave Defendant Pornhub and Defendant xHamster adequate notice of apparent issues involving their content, took no steps to mitigate the exposure of women even though they knew or should have known that the content they were being provided was filmed surreptitiously and without consent.

7



52.    Defendant Pornhub and Defendant xHamster, made no further efforts to monitor the uploads onto their websites despite a duty being created by the several takedown notices received.

53.    Upon information and belief Defendant Pornhub and Defendant xHamster provided payment to Defendant Murphy in exchange for the content he posted on his accounts found on their respective websites.

54.    Defendant Pornhub and Defendant xHamster rewarded Defendant Murphy for developing a large internet following for the purpose of making money and sharing spy camera footage of women without their consent.

55.    The content Defendant Murphy made an income from was similar to the content that both Defendant Pornhub and Defendant xHamster had previously received takedown notices for but they chose to ignore their similarity.

56.    By actively ignoring the trend that such takedown notices made aware to them, and by continuing to endorse and encourage the creation of such surreptitious sexual content, Defendant Pornhub and Defendant xHamster enabled the Plaintiffs to be harmed by Defendant Murphy.

57.    Defendant Pornhub and Defendant xHamster normalized the invasion of privacy conducted by their agent Defendant Murphy by creating an avenue for which he could be compensated for the uploading of such media.

58.    Defendant Pornhub and Defendant xHamster painted the Plaintiffs in a false light by allowing them to be present on their websites, permanently damaging their self-esteem, marital relationships, and the reputation.

8



59.     Defendant Pornhub's and Defendant xHamster's conduct in allowing those they have conspired with to upload sexually deviant media under the names "spy cam" or "hidden cam", without properly ensuring such content was created with authorization despite receiving several takedown notices from women who did not consent to similar content, both were the direct and proximate cause of the injuries suffered by the Plaintiffs.

<u>**FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS**</u>
**(Invasion of Privacy – Wrongful Intrusion upon Private Affairs)**

60.     Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

61.     Defendant Murphy, in his capacity as an employee and agent of Defendant Limestone, was given access to and/or control over the locker room facilities at Limestone.

62.     Utilizing that access, Defendant Murphy placed a hidden video camera in Defendant Limestone's locker room and captured video and images of the Plaintiffs their teammates, and other student athletes from around the nation, all while they were fully nude, or in various stages of undress.

63.     The secret and unauthorized videotaping by Defendant Murphy of the Plaintiffs and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiffs and the other women.

64.     The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights.

65.     The secret and unauthorized videotaping by Defendant Murphy was intentional.

66.     The secret and unauthorized videotaping by Defendant Murphy was motivated by the joint venture partnership between Defendant Murphy and Defendants Pornhub and xHamster respectively.

9



67.     The acts of Defendants, collectively, led to the wrongful intrusion of the Plaintiffs' private affairs.

68.     As a direct and proximate result of the conduct by Defendants, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.

69.     The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS
**(Invasion of Privacy – Wrongful Publicizing of Private Affairs)**

70.     Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

71.     The conduct of Defendants in secretly videotaping the Plaintiffs and theother student athletes while totally nude, or in various stages of undress, was done intentionally, and without consent, to Defendants' benefit.

72.      The secret and unauthorized videotaping by Defendants of the Plaintiffs

73.     and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiffs and the other women.

74.     The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights.

75.     The Plaintiffs have an enforceable right to their identities/personas.

76.     The Defendants use of Plaintiffs' identities/personas without permission in this manner allows for Defendants to be advantaged by the appropriation and publication of their private affairs.

10



77.    As a direct and proximate result of the conduct by Defendants, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.

78.    The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

### FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
**(Invasion of Privacy – Wrongful Appropriation of Personality)**

79.    Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

80.    The conduct of Defendants in secretly videotaping the Plaintiffs and the other student athletes while totally nude, or in various stages of undress, was done intentionally, and without consent, to Defendants' benefit.

81.    The secret and unauthorized videotaping by Defendants of the Plaintiffs and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiffs and the other women.

82.    The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights.

83.    The Plaintiffs have an enforceable right to their identities/personas.

84.    The Defendants use of Plaintiffs' identities/personas without permission in this manner allows for Defendants to be advantaged by the appropriation.

85.    As a direct and proximate result of the conduct by Defendants, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.



86.     The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

### FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Intentional Infliction of Emotional Distress)

87.     Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

88.     The conduct of Defendants in secretly videotaping the Plaintiffs and the other student athletes while totally nude, or in various stages of undress, was done intentionally to inflict severe emotional distress on the Plaintiffs and/or Defendants knew that such distress would likely result from such conduct.

89.     Defendants' conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious and utterly intolerable in a civilized community.

90.     As a direct and proximate result of Defendants' wrongful conduct, the Plaintiffs have suffered, and continue to suffer, severe emotional distress.

91.     The emotional distress caused by Defendant's wrongful conduct was, and is, so severe such that no reasonable person could be expected to endure it.

92.     As a direct and proximate result of Defendants' wrongful and unlawful conduct, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.

93.     The wrongful conduct by Defendants was willful, wanton and undertaken in reckless disregard for the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of PUNITIVE damages.



**FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Negligent Hiring – Defendant Limestone)**

94. Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

95. Prior to being hired by Defendant Limestone, allegations of misconduct were made against Defendant Murphy.

96. The existence of these allegations gave notice to Defendant Limestone that there may be a potential undue risk presented to students in hiring Defendant Murphy.

97. The risk of Defendant Murphy could have been discovered through a reasonable investigation.

98. Defendant Limestone breached their duty by either failing to conduct a reasonable investigation into Defendant Murphy prior to hiring him, or by hiring Defendant Murphy despite being on notice that he presented a potential undue risk to female students.

99. This negligent hiring of Defendant Murphy by Defendant Limestone was the direct and proximate cause of the Plaintiffs' injuries.

**FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Negligent Supervision – Defendant Limestone)**

100. Plaintiffs incorporate by reference and reasserts all previous allegations contained

101. in this Complaint as if fully set forth herein.

102. Defendant Limestone had a duty of care to supervise its employees who had access to areas in which individual's privacy could be violated.

103. Defendant Limestone breached this duty by its failure to supervise Defendant

13



104.  Murphy who had access to the women's locker rooms and other facilities on campus.

105.  Defendant Murphy was acting within the scope of his employment when entering, or accessing the women's locker rooms, and thus Defendant Limestone was able to control or supervise his conduct.

106.  Defendant Limestone knew or should have known that having access to women's locker rooms presented a foreseeable risk to privacy.

107.  Defendant Limestone's failure to supervise Defendant Murphy enabled the placement of hidden cameras used to videotape the Plaintiffs while nude or in the stages of undress.

108.  Thus, the unfettered and unsupervised access to locker room facilities by Defendant Murphy was the result of Defendant Limestone's negligent supervision and is the direct and proximate cause of the Plaintiffs' injuries.

### FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Negligent Monitoring – Defendant Pornhub and Defendant xHamster)

109.  Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

110.  Defendant Pornhub and Defendant xHamster both operate and maintain pornographic websites.

111.  In maintaining such websites, Defendant Pornhub and Defendant xHamster have received takedown notices by viewers who have indicated that content present on their respective websites were obtained illegally or contained illegal images.

14



112.   Such notices gave Defendant Pornhub and Defendant xHamster notice of various issues regarding their websites and created a duty owed to viewers and users of their websites to properly monitor their content.

113.   Defendant Pornhub and Defendant xHamster breached this duty when they failed to take reasonable steps to monitor the content present on their websites.

114.   This breach in failing to reasonably monitor content on their websites resulted in the presence of illegally filmed pornographic content being present on their websites respectively.

115.   This failure to reasonably monitor was the direct and proximate cause of the injuries suffered by the Plaintiffs.

## FOR A EIGTH CAUSE OF ACTION AGAINST DEFENDANTS
### (False Light – Defendant Pornhub and Defendant xHamster)

116.   Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

117.   Defendant Pornhub and Defendant xHamster both operate and maintain pornographic websites.

118.   Both Defendants websites hosted videos of the Plaintiffs which exposed them in the various stages of undress and revealed their nude presence to numerous viewers under the guise of a "spy cam" or "hidden cam" porn film.

119.   These videos portray the Plaintiffs as sexual deviants/pornstars which the

120.   Plaintiffs are not as the videos were recorded surreptitiously.

121.   These videos of the Plaintiffs are highly offensive and embarrassing and has resulted in permanent mental anguish in the Plaintiffs.

15



122.   The Defendants took no steps in verifying whether the videos were filmed with the consent of the girls, thus shared these videos with a reckless and wanton disregard for their offensiveness.

123.   This reckless and wanton disregard depicted the Plaintiffs in a false light and is the direct and proximate cause of their injuries.

**FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Civil Conspiracy- against Defendant Murphy and Defendant Pornhub)**

124.   Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

125.    The Defendants conspired for the purpose of creating sexually lewd content which directly invaded the Plaintiffs' rights to privacy guaranteed by the United States Constitution. More particularly, the Plaintiffs have been harmed as a direct and proximate result.

126.   During period alleged in this Complaint, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs. Such scheme was intended to, and, throughout timeframe alleged in this Complaint, did create content that was published on the Defendant Pornhub's website which exposed Plaintiffs to viewers on the internet for profit.

127.   As a direct and proximate result of the improper actions of the Defendants, Plaintiffs have been damaged in ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES.

**FOR A TENTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Civil Conspiracy- against Defendant Murphy and Defendant xHamster)**

128.   Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

16


EXHIBIT D

129.   The Defendants conspired for the purpose of creating sexually lewd content which directly invaded the Plaintiffs' rights to privacy guaranteed by the United States Constitution. More particularly, the Plaintiffs have been harmed as a direct and proximate result.

130.   During period alleged in this Complaint, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs. Such scheme was intended to, and, throughout timeframe alleged in this Complaint, did create content that was published on the Defendant xHamster's website which exposed Plaintiffs to viewers on the internet for profit.

131.   As a direct and proximate result of the improper actions of the Defendants, Plaintiffs have been damaged in ACTUAL, CONSEQUENTIAL AND PUNITIVE DAMAGES.

**FOR A ELEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(CONDUCTING THE AFFAIRS OF THE ENTERPRISE THROUGH A PATTERN OF**
**RACKETEERING ACTIVITY - 18 U.S.C. § 1962(c) and 1964(c) against Defendant**
**Murphy and Defendant xHamster)**

132.   Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

**THE ENTERPRISE**

133. From on or about 2014,  continuing through the filing of this Complaint, each Defendant was a "person" within the meaning of  18 U.S.C. § 1961(3).

134. From on or about 2014, continuing through the filing of this Complaint, defendants, and others known and unknown, including agents and employees of the defendants, formed an associated-in-fact enterprise within the meaning of 18 U.S.C. §§ 1961(4).

17



135. From on or about 2014, continuing through the filing of this Complaint, the Enterprise formed by these parties engaged in, and the activities of which affected, interstate and foreign commerce.

136. Defendants formed the Enterprise to execute and attempt to execute schemes to engage in the creation and dissemination of illegally obtained obscene footage of nonconsenting women. Defendants knowingly engaged in the illegal filming of women in all stages of undress for the specific purpose of exploiting their innocence for financial gain.

137. From on or about 2014, continuing through the filing of this Complaint, defendants, and each of them individually, together with others known and unknown to Plaintiffs, acting in concert, were each employed or were employed by and associated with the Enterprise and have in the past, continuously and currently continue to, in an ongoing manner, knowingly and intentionally conduct the activities of the enterprise, directly or indirectly, through a continued pattern of racketeering activity consisting of numerous acts of racketeering in the State of South Carolina and elsewhere. Their actions include multiple, related acts in violation of the following provisions of the United States Code: Wire Fraud, 18 U.S.C. § 1343;

138. From on or about 2014, the Enterprise has existed separate and apart from defendants' racketeering acts and their conspiracy to commit such acts. The Enterprise has an ascertainable structure and purpose beyond the scope and commission of defendants' predicate acts.

## THE PATTERN OF RACKETEERING

139. The Enterprise as described herein is at all relevant times a continuing enterprise because it continues to execute schemes to create and disseminate illegally obtained obscene footage of nonconsenting woman for the purpose of generating revenue. In furtherance of



schemes to create and disseminate illegally obtained obscene footage of nonconsenting woman for the purpose of generating revenue, Defendants continue to create videos under the moniker "Spy came videos" or "Hidden Cam Videos" and displays them as consensual recordings when they are not.

140.    The conduct of the racketeering enterprise has continued from its inception through the date of this Complaint and threatens to continue into the future, by virtue of repeated patterns of behavior by its members.

141.    The pattern of racketeering activity, as defined by 18 U.S.C. §§ 1961(1) and (5), presents both a history of criminal conduct and distinct threat of continuing criminal activity. Such activity consists of multiple acts of racketeering by each defendant herein, is interrelated, not isolated and is perpetrated for the same or similar purposes by the same persons. Such activity extends over a substantial period of time, before, up to and beyond the date of this Complaint. Such activities occurred after the effective date of 18 U.S.C. §§ 1961 et seq., and the last such act occurred within 10 years after the commission of a prior act of racketeering activity.

142.    Each defendant had a role in the racketeering activity that was distinct from the undertaking of those acting on its behalf. Each defendant also attempted to benefit, and did benefit, from their activity as alleged herein, and thus were not passive victims of racketeering activity, but active perpetrators.

143.    Defendants, despite receiving notice that the videos they have been creating violate the law, continued their scheme and resumed the creation of "Spy Cam Videos".

144.    Defendants have continued the pattern of exploiting women by illegally filming them and then monetizing the surreptitiously filmed content under the guise of legitimate

19



pornography. Since at least 2014 Defendants have advertised these "Spy cam" videos and continue to endorse the genre.

145. Defendant Pornhub and Defendant xHamster continue to work with and even rewarded Defendant Murphy for developing a large internet following for the purpose of making money and sharing spy camera footage of women without their consent.

146. Defendants maintained a presence worldwide to even include the illegal videos being disseminated in Japan and South America.

147. Defendants advertise their great successes to continue the pattern and practice of the illegal recording of women to then share under the guise of a specific genre.

148. This lewd, illegal, sexual content increases the viewership to their respective platforms which increases their own financial gain.

149. Defendants continue to conspire to create and disseminate surreptitiously filmed videos of women and pay members of the Enterprise to further this scheme.

150. As a direct and proximate result of the defendants' violations of 18 U.S.C. §1962(c), including injury by reason of the predicate acts constituting the pattern of racketeering activity.

151. As a result of the violations of 18 U.S.C. § 1962(c) by the defendants, Plaintiffs suffered substantial damages in an amount to be proved at trial.

152. Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to recover treble its general and special compensatory damages, plus interest, costs and attorneys' fees, incurred by reason of defendants' violations of 18 U.S.C. § 1962(c).



## DAMAGES

153.   As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants herein, Plaintiffs suffered injuries including, but not limited to:

1.     mental pain and anguish.

2.     loss of quality in the marital relationship.

3.     humiliation and embarrassment.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against each of the Defendants **Jointly** and **Severally**:

A.     for actual and consequential damages, including damages for emotional distress, pain and suffering, in an amount to be determined at trial;

B.     for punitive damages;

C.     special damages in an amount to be determined at trial;

D.     attorney's fees

E.     treble damages

C.     such other and further relief as this Court deems just and proper.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**



Respectfully submitted,

**BELL LEGAL GROUP, LLC**

_s/J. Edward Bell, III_
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFFS**

Georgetown, SC
January 28, 2020

22



| Attorney or Party without Attorney:<br>Marc E. Mayer<br>MITCHELL SILBERBERG & KNUPP LLP<br>2049 Century Park East 18th Floor<br>Los Angeles, CA 90067<br>  Telephone No:  310-312-2000 | | For Court Use Only |
|---|---|---|
| Attorney For:  Defendant<br>            MG Freesites, Ltd | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court for the District of South Carolina | | |
| Plaintiff:  JANE DOES 1-9,<br>Defendant:  COLLINS MURPHY | | |

| PROOF OF SERVICE | Hearing Date:<br>November 1, 2021 | Time: | Dept/Div: | Case Number:<br>7:20-CV-00947-TMC |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Fourth Amended Complaint

3. *a.   Party served:*      Gaffney Police Department
   *b.   Person served:*    Lorrie Smith, Clerk

4. *Address where the party was served:*   201 N Limestone St, Gaffney, SC 29340

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Oct 15 2021 (2) at: 11:00 AM

6. *Person Who Served Papers:*
   a. Nileshkumar Patel
   b. **FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
   c. (213) 250-1111

   **d.** *The Fee for Service was:*

7. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| 10/18/2021 | |
|---|---|
| *(Date)* | *(Signature)* |



PROOF OF
SERVICE

6234941
(4792330)





SARAH U. SHIFLETT

CITY ATTORNEY

205 WEST MEADOW STREET
GAFFNEY, SC 29341

TEL 864-489-0830
FAX 864-489-0840

## Office of the City Attorney

December 30, 2021

Marc E. Mayer, Esquire
Mitchell, Silberberg & Knupp, LLP
2049 Century Park East
18th Floor
Los Angeles, CA 90067

RE:    Rule 45 Subpoena in Jane Does 1-9 vs. Collins Murphy, et al
        7:20-CV-00947-TMC

Dear Mr. Mayer:

       I am responding to the Rule 45 subpoena which your firm served on the Gaffney
Police Department.   There is an ongoing criminal investigation regarding the incident
that occurred at Limestone College (now University) in the City of Gaffney, which
apparently is the subject of your civil lawsuit.  In that investigation, Collins Murphy has
been named a person of interest and I note that he is a Defendant in your civil suit.

       The Gaffney Police Department is informed and believes that the production of
materials in its law enforcement investigatory file will jeopardize its investigation.
Therefore, the current Chief of the Gaffney Police Department claims a qualified law
enforcement investigatory privilege against the production or release of the investigative
file.  Enclosed with this letter is the Affidavit of the Chief of Police verifying his
objection to the request.

       The City is informed and believes that the material you are seeking can be
obtained from parties to the lawsuit, other third parties or other means rather than
requiring the City to produce confidential investigative materials.  In the event you feel
you must obtain the City's file, the City requests that you obtain a Court Order protecting
the City and its investigation and the privacy and rights of all parties potentially impacted
by your request for production.

       I would ask that you copy all other parties to the lawsuit with this letter and a
copy of the Affidavit, as I am not sure who those other parties and attorneys might be.
Thank you for your attention in this matter and please do not hesitate to contact me with
questions.



With kindest regards, I am,

Very truly yours,

Sarah U. Shiflett

SUS/se

cc:    Mr. James R. Taylor, City of Gaffney Administrator
       Chief Gerald Knight, Gaffney Police Department
       R. Taylor Speer, Esquire

2

EXHIBIT E

STATE OF SOUTH CAROLINA )    IN THE FEDERAL DISTRICT COURT
                                    )          CASE NO.# 7:20-CV-00947-TMC
COUNTY OF CHEROKEE          )
                                    )
                                    )
Jane Does 1- 9                      )
                                    )
            Plaintiffs,             )
                                    )
      vs.                           )          AFFIDAVIT of GERALD KNIGHT
                                    )       CHIEF OF POLICE, CITY OF GAFFNEY
Collins Murphy, et al,              )
                                    )
            Defendants.             )
_____ )

1.      I am Gerald Knight and I am the current Chief of Police for the City of
Gaffney, having been appointed to this position on July 2, 2021.

2.      I have reviewed a document in the above referenced case entitled
"Subpoena to Produce Documents, Information or Objects or to Permit Inspection
of Premises in a Civil Action" and an Exhibit "A" dated October 12, 2021, a copy
of which is attached.

3.      The aforementioned document was received by the Gaffney Police
Department in October 15, 2021.

4.      Although I have not been provided additional information about the civil
lawsuit, the City of Gaffney has an ongoing criminal investigation regarding the
matter that appears to be the subject of this civil lawsuit.

5.      Based on my 30 years of law enforcement experience with the Prince
George's County Police Department, which is the fourth largest law enforcement
agency in the State of Maryland and consists of more than 1,500 police officers
and 300 civilians who provide a full range of law enforcement services to nearly
900,000 residents and business owners, I would submit that a criminal


EXHIBIT E

investigation is a time-consuming and complex matter and the contents of an investigatory file must be handled with extreme care in order to avoid compromising the investigation.

6.     I would further submit that based on my experience, the production of materials obtained in a criminal investigation can jeopardize the investigation by revealing confidential information to targets of the investigation and others.

7.     Also in this case, there are numerous victims, some of whom are unidentified and I feel that the production of the materials sought is not in the best interests of the victims, potential subjects or members of the public.

8.     Due to these facts and my experience, I object to the production of the materials requested in the attached subpoena and wish to claim a qualified law enforcement investigatory privilege against the production of these materials.


     FURTHER affiant sayeth not.

Gerald Knight


SWORN to before me this 3 0TH
day of November, 2021
_____ (SEAL)
Sarah U. Shiflett
Notary Public for South Carolina
My commission expires: 1 / 2 4 / 2 0 2 3


2

EXHIBIT E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTH CAROLINA

JANE DOES 1-9, )
          *Plaintiff* )
       v. )     Civil Action No. 7:20-CV-00947-TMC
)
COLLINS MURPHY, et al. )
          *Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Gaffney Police Department, 201 North Limestone Street Gaffney, SC 29340 United States of America

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

       See Exhibit A

| Place: Turner Padget Graham and Laney P.A., 200 East Broad Street, Suite 250 Greenville, SC 29601 (864) 552-4618, c/o R. Taylor Speer | Date and Time: November 1, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2021

       *CLERK OF COURT*
                             OR

_____      _____
  *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*
                                             Marc E. Mayer

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant MG Freesites, Ltd. _____ , who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / mem@msk.com / Telephone: 310-312-2000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1355480081

American LegalNet, Inc.
www.FormsWorkFlow.com



EXHIBIT E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:20-CV-00947-TMC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

13554608.1





AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---





| Attorney or Party without Attorney:<br>Marc E. Mayer<br>MITCHELL SILBERBERG & KNUPP LLP<br>2049 Century Park East 18th Floor<br>Los Angeles, CA 90067<br>  Telephone No: 310-312-2000 | | For Court Use Only |
|---|---|---|
|   Attorney For:  Defendant<br>          MG Freesites, Ltd | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court for the District of South Carolina | | |
| Plaintiff:  JANE DOES 1-9,<br>Defendant:  COLLINS MURPHY | | |

| PROOF OF SERVICE | Hearing Date:<br>November 1, 2021 | Time: | Dept/Div: | Case Number:<br>7:20-CV-00947-TMC |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Fourth Amended Complaint

3.   *a.*  *Party served:*   Gaffney Police Department
     *b.*  *Person served:*  Lorrie Smith, Clerk

4. *Address where the party was served:*   201 N Limestone St, Gaffney, SC 29340

5. *I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Oct 15 2021 (2) at: 11:00 AM

6. *Person Who Served Papers:*
   a. Nileshkumar Patel
   b. FIRST LEGAL
     1517 W. Beverly Blvd.
     LOS ANGELES, CA 90026
   c. (213) 250-1111

                                         d. *The Fee for Service was:*

7. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

                              10/18/2021

                                  (Date)                              (Signature)



PROOF OF
SERVICE

6234941
(4792330)

