IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jane Does 1-9, | ) | C/A No. 7:20-cv-00947-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Collins Murphy; Limestone College; Hammy Media Ltd. d/b/a xHamster.com; MG Freesites, Ltd. d/b/a Pornhub.com; Sharon Hammonds; Brenda F. Watkins; MG Freesites II LTD; Mindgeek USA, Inc.; Mindgeek S.A.R.L.; MG Billing LTD; Trafficstars LTD; Wisebits LTD; Xhamster IP Holdings LTD; and Wisebits IP LTD, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| | | |
| Jane Doe, | ) | C/A No. 7:21-cv-03193-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Limestone University, formerly known as Limestone College; Collins Murphy; MG Freesites Ltd. d/b/a Pornhub.com; Hammy Media Ltd. d/b/a xHamster.com; Sharon Hammonds; Brenda F. Watkins; MG Freesites II LTD; Mindgeek S.A.R.L.; MindGeek USA, Inc.; MG Billing LTD; Trafficstars LTD; Wisebits LTD; Xhamster IP Holdings LTD; Wisebits IP LTD; and Limestone University, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant MG Freesites, Ltd.'s ("MG Freesites")

Motions to Stay. *Does 1-9* ECF No. 199; *Doe* ECF No. 101. Plaintiffs filed Responses in

Opposition, and MG Freesites filed Replies. *Does 1-9* ECF Nos. 202, 206;[1] *Doe* ECF Nos. 102, 104. For the reasons set forth below, the Motions are denied.

## BACKGROUND

These cases arise from incidents occurring in the fall of 2012 at Limestone University, formerly Limestone College, in Gaffney, South Carolina. *Does 1-9* ECF No. 193 at 17; *Doe* ECF No. 11 at 4. Plaintiffs were members of the women's field hockey teams at Bellarmine University and the Indiana University of Pennsylvania that traveled to Limestone for competition. *Id.* At the time, Defendant Collins Murphy ("Murphy") was working as the Director of Intramural Sports and Summer Conferences at Limestone when, on various occasions in the fall of 2012, he secretly placed a video camera in the locker room on campus designated for Plaintiffs' use and recorded Plaintiffs while dressing and showering without their knowledge or consent. *Does 1-9* ECF No. 193 at 17–18; *Doe* ECF No. 11 at 4. At some time in 2019, the recordings of Plaintiffs were uploaded and disseminated to countless pornographic websites. *Does 1-9* ECF No. 193 at 18; *Doe* ECF No. 11 at 4. MG Freesites allegedly participated in the creation of the videos and profited from their publication. *Does 1-9* ECF No. 193 at 19–20; *Doe* ECF No. 11 at 6–8.

Plaintiffs filed suit in this Court alleging claims for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591, 1595, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1964(c), invasion of privacy, intentional infliction of emotional distress, various types of

---

[1] Defendant Hammy Media Ltd. filed a Response in Support of the Motion to Stay in *Does 1-9*. ECF No. 203.

2

negligence, false light, and civil conspiracy. *Does 1-9* ECF No. 35 at 21–35; *Doe* ECF No. 91 at 22–36. MG Freesites filed Motions to Stay pursuant to the TVPRA, 18 U.S.C. § 1595(b). *Does 1-9* ECF No. 199; *Doe* ECF No. 101. Plaintiffs filed Responses in Opposition, and MG Freesites filed Replies. *Does 1-9* ECF Nos. 202, 206; *Doe* ECF Nos. 102, 104. The Motions are now before the Court.

## **DISCUSSION**

MG Freesites requests that this Court impose a mandatory stay in these cases because Plaintiffs have alleged claims against certain defendants pursuant to the TVPRA. *Does 1-9* ECF No. 199-1 at 1–2; *Doe* ECF No. 101-1 at 1–2. Specifically, MG Freesites contends that these cases satisfy the requirements of 18 U.S.C. § 1595(b) to impose a mandatory stay because a criminal investigation into the illegal video recording incidents at Limestone College is ongoing and arises out of the same occurrence in which Plaintiffs are the victims. *Does 1-9* ECF No. 199-1 at 7–8; *Doe* ECF No. 101-1 at 7–8. In the Motion, MG Freesites relies on a November 30, 2021, affidavit from the City of Gaffney Police Chief and a December 30, 2021, letter from the City Attorney for Gaffney received in response to its subpoena for the production of documents. *Does 1-9* ECF No. 199-1 at 4; *Doe* ECF No. 101-1 at 4. In particular, MG Freesites claims that the affidavit and letter indicate that there is an ongoing criminal investigation regarding the incident at Limestone College, that Murphy has been named a person of interest, and that the Gaffney Police Department believes that the production of materials in its law enforcement investigatory file will jeopardize its investigation. *Id.*

In contrast, Plaintiffs argue (1) there is not enough information about the criminal investigation to determine whether these cases "arise out of the same occurrence"; (2) there is no indication that these civil cases sufficiently overlap or will interfere with the criminal investigation; (3) the stay does not apply where a defendant is merely "a person of interest"; (4) the mandatory stay is intended to assist prosecutors rather than benefit civil defendants; and (5) the motion to stay is an attempt to delay these civil actions. *Does 1-9* ECF No. 202 at 5–13; *Doe* ECF No. 102 at 4–12.

The TVPRA provides that "[a]n individual who is a victim of [sex trafficking] may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in [sex trafficking])." 18 U.S.C. § 1595(a). "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." *Id.* § 1595(b)(1). The statute defines "criminal action" as including "investigation and prosecution," which are considered "pending until final adjudication in the trial court." *Id.* § 1595(b)(2). When the statute applies to a particular case, it is mandatory for the court to impose a stay. *See Sharma v. Balwinder*, 2021 WL 4865281, at *2 (N.D. Cal. Sept. 29, 2021) (noting the plain language of § 1595(b)(1) requires a stay of any civil action to which it is applicable). However, courts have found the statute does not apply in every instance and have declined to impose a stay where there is insufficient evidence that an active investigation and prosecution exist, that the criminal action arises out of the same occurrence as the civil action, and that the plaintiffs in the civil action are the victims of

4

the criminal action. *See e.g.*, *Tianming Wang v. Gold Mantis Constr. Decoration (CNMI), LLC*, 2020 WL 5983939, at *2–5 (D. N. Mar. I. Oct. 9, 2020); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2011 WL 5188424, at *2 (W.D. Ark. Oct. 11, 2011).

Having considered the arguments and submissions of the parties, the Court finds that MG Freesites has failed to provide sufficient evidence that the mandatory stay provision of 18 U.S.C. § 1595(b) applies to these cases. Specifically, there is insufficient evidence of a pending criminal action arising out of the same occurrence in which Plaintiffs are the victims. While it appears that the Gaffney Police Department opened an investigation into alleged "sex/peeping voyeurism or aggravated voyeurism" in October of 2019, it is unclear whether the investigation referenced in the police reports is still ongoing and is based on the same occurrences alleged in the civil complaints. *See Gold Mantis*, 2020 WL 5983939, at *2–5 (denying stay because there was insufficient evidence to show that there was a pending criminal proceeding); *Kolbek*, 2011 WL 5188424, at *2 ("It seems to the Court illogical, and contrary to the purpose of the statute, that a stay may be mandatorily imposed by force of a civil defendant who can only surmise as to whether a criminal investigation may be ongoing. The evidence of an ongoing investigation offered by the defendants in this case is weak. If such evidence were able to subject a civil case to an automatic stay, victims bringing actions under the TVPRA could often be denied justice, having their trial delayed indefinitely by a civil defendant who merely theorizes that an investigation might possibly be ongoing. Such an application of the statute would be nonsensical and contrary to the statute's purpose.").

Although MG Freesites claims that search warrants have been executed against it as part of an investigation and that Murphy was apparently named a person of interest in 2019,[2] there is no evidence that any arrest warrants or indictments have been issued by any law enforcement agency or prosecuting authority against any defendant in relation to the incidents alleged here.  *Cf. Lunkes v. Yannai*, 882 F. Supp. 2d 545, 546, 548–50 (S.D.N.Y. 2012) (granting motion to stay where a co-defendant in the civil action was prosecuted and convicted for human trafficking); *Doe v. Mindgeek USA Inc.*, 2021 WL 6618628, at *1, *3–4 (C.D. Cal. Dec. 28, 2021) (granting motion to stay where Plaintiff's alleged attacker had been arrested and Plaintiff did not dispute whether there was a pending criminal action against her alleged attacker).  Indeed, the fact that Gaffney's City Attorney and Police Department denied production of certain investigatory files in response to a subpoena does not persuade the Court that there is an ongoing criminal action and that it arises out of the same occurrences in which Plaintiffs are the victims. *See Kolbek*, 2011 WL 5188424, at *2 (rejecting Defendants' request for stay where the government denied production of certain files in response to a subpoena but did not deny that there was an ongoing investigation).  In so finding, the Court notes that the correspondence from Gaffney city officials, referencing a potentially related investigation (not prosecution), are now well over a year old, and there has been no supplemental filing

---

[2] Exhibit C to MG Freesites' Motions to Stay indicates that Murphy was declared a person of interest by the Gaffney Police Department after he was named as a defendant in a different civil lawsuit alleging similar conduct on another college campus in 2014. *Does 1-9* ECF No. 199-5 at 1–3; *Doe* ECF No. 101-2 at 10–12.

by any party to these actions regarding any development or even any activity in the referenced investigation in the last fourteen months.

Moreover, the legislative purpose of the TVPRA's mandatory stay is not to help civil defendants delay these cases but "to protect the victims of trafficking and strengthen the government's ability to prosecute perpetrators." *Kolbek*, 2011 WL 5188424, at *2; *see also id.* ("[T]he statute was not created to protect civil defendants. Nor was the statute amended, in providing for a private right of action and mandatory stay, in order to protect the rights of civil defendants. Rather, based on the legislative history, and the very name of the Act, the purpose of the Trafficking Victims Protection Act, as amended by the TVPRA, was to protect victims of trafficking and strengthen the government's ability to prosecute perpetrators."); *Plaintiff A v. Schair*, 744 F.3d 1247, 1254–55 (11th Cir. 2014) ("[T]he TVPA's legislative history indicates, the mandatory stay provision was added to § 1595 to alleviate the U.S. Department of Justice's concern that civil suits could hinder a *domestic* prosecutor's ability to try criminal cases 'unfettered by the complications of civil discovery.' There is no reason to believe that § 1595(b)'s stay provision was intended to protect an alleged sex-trafficking defendant's rights or interests in any way, much less in an *important* way." (citations omitted)). Thus, where there is no evidence that a related criminal action is actually pending, the imposition of a stay in civil cases does not further the legislature's stated purpose of protecting victims and assisting the government with prosecuting perpetrators. Accordingly, based upon the lack of sufficient evidence of an actually pending criminal action arising out of the same occurrence in which Plaintiffs are the victims, the Court denies MG Freesites' Motions to Stay at this time.

## **CONCLUSION**

For the reasons set forth above, Defendant MG Freesites Ltd.'s Motions to Stay [*Does 1-9* ECF No. 199] [*Doe* ECF No. 101] are **DENIED**. If the Gaffney Police Department and/or associated prosecuting authority are actually continuing to investigate any criminal action related to these cases, Defendant MG Freesites Ltd. may file renewed motions to stay without further leave of court. However, based on the evidence currently before this Court, the undersigned finds that these cases are not subject to a mandatory stay under 18 U.S.C. § 1595 and declines to otherwise impose or recognize a stay of these proceedings.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 9, 2023
Spartanburg, South Carolina