IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,**<br><br>Plaintiffs,<br><br>vs.<br><br>**COLLINS MURPHY et. al.,**<br><br>Defendants. | Case No.: 7:20-CV-00947-DCC |
| **JANE DOE,**<br><br>Plaintiff,<br><br>vs.<br><br>**COLLINS MURPHY et. al.,**<br><br>Defendants. | Case No.: 7:21-CV-03193-DCC |
| **JANE DOE 1 et. al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**COLLINS MURPHY et. al.,**<br><br>Defendants. | Case No.: 7:22-CV-03576-DCC |

**NOTICE OF MOTION AND MEMO IN SUPPORT OF AMENDED SCHEDULING ORDER**

In its Minute Entry of August 17, 2023, the Court directed the parties to meet and confer on a joint amended scheduling order within thirty (30) days. The parties have conferred and cannot agree.

Thus, the Plaintiffs respectfully request the Court to enter the attached Proposed Revised Scheduling dates. Defendants oppose this schedule in favor of one with tighter deadlines for discovery and disclosures. Since this case was filed over three years ago, Plaintiffs are as eager as any of the parties to see this case move to trial. However, any argument that the parties have had ample time to organize the case for streamlined disposition is misleading. The true nature of this complex and unusual case is far more complicated.

A reading of the Court's docket sheet, and reference to only a few of the 'tooth and nail' disputes will make the Plaintiffs' point that Defendants have vigorously opposed any and all efforts by the Plaintiffs to advance this litigation. Just to bring the Defendants before the Court, Plaintiffs were forced to follow the cumbersome and time-consuming requirements of the Hague Convention – delaying progress by months. The Defendants could have waived such service, but instead insisted upon it. Similarly, every porn site related Defendant in this case has filed multiple (and sometimes repetitive) briefs on procedural and jurisdiction issues, soaking up resources and effectively halting meaningful discovery.

Defendants refused to answer any general discovery under the shield of jurisdictional arguments, until the Court ordered otherwise. Plaintiffs have attempted through discovery to identify knowledgeable personnel and obtain relevant information from Defendant MindGeek S.A.R.L. alone since March of 2021 no less than three times. MindGeek largely objected citing foreign laws governing the dissemination of information to the United States, among other objections. Plaintiffs have pressed MindGeek to identify a 30(b)6 representative for more than a year. To date, they have yet to do so. Plaintiffs requested 30(b)6 depositions of Pornhub October 20, 2021. Defendants did not file an objection to the scope of Plaintiffs' requests on August 15, 2023 – and has stated they will not agree to proceed at this time.

Discovery for the Defendants is a simple matter – Plaintiffs were victimized schoolgirls. However, the complexities of the organizational operations of international pornography corporations is a bit more challenging to unravel. Given the number of sophisticated entitles involved and the technical nature of their operations, it is an unfortunate probability that initial 30(b)6 depositions are only one step in identifying the individuals with the critical knowledge in this matter. The timeline pressed by the Defendants will not allow for the objectives of discovery to be accomplished.

The disappointing progress of this case was not created by the Plaintiffs, and it would be unjust to extinguish their claims because the brush was too dense for them to hack through in time. The undersigned counsel is informed and believes a supporting memorandum is not required because an explanation of the Motion consistent with the requirements of Local Civil Rule 7.04 is contained herein and a memorandum would serve no further useful purpose.

**HAVING SEEN AND AGREED:**

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III*
J. Edward Bell, III (#1280)
Joshua M. W. Salley (#13214)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@edbelllaw.com
jsalley@edbelllaw.com
*Counsel for Plaintiffs*

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223

Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com
*Counsel for Plaintiffs*

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

*Counsel for Plaintiffs*

**WESLEY D. FEW, LLC**

*/s/Wesley D. Few*
Wesley D. Few, S.C. Bar No. 15565
P.O. Box 9398
Greenville, South Carolina 29604
864-527-5906 | wes@wesleyfew.com

**H. COOPER ELLENBERG**

Attorney at Law
H. Cooper Ellenberg *(Admitted Pro Hac Vice)*
1401 Doug Baker Blvd., Suite 107 492 Birmingham, Alabama 35242
(205) 908-1790 | cooper.ellenberg@gmail.com

*ATTORNEYS FOR PLAINTIFFS JANE DOE 1,*
*JANE DOE 2, JOHN DOE 1 AND JOHN DOE 2*
*Case No. 7:22-cv-03576-DCC*

September 25, 2023
Georgetown, SC