**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| JANE DOES 1-9 | ) | Civil Action No. 7:20-cv-00947-DCC |
| Plaintiff(s), | ) | |
| | ) | **DEFENDANTS' PROPOSED** |
| | ) | **AMENDED CONFERENCE** |
| v. | ) | **AND SCHEDULING ORDER** |
| | ) | |
| COLLINS MURPHY et al | ) | |
| Defendant(s). | ) | |
| | ) | Civil Action No. 7:21-cv-03193-DCC |
| JANE DOE | ) | |
| Plaintiff(s), | ) | **DEFENDANTS' PROPOSED** |
| | ) | **AMENDED CONFERENCE** |
| v. | ) | **AND SCHEDULING ORDER** |
| | ) | |
| COLLINS MURPHY et al | ) | |
| Defendant(s). | ) | |
| | ) | Civil Action No. 7:22-cv-03576 |
| JANE DOE 1 | ) | |
| Plaintiff(s), | ) | **DEFENDANTS' PROPOSED** |
| | ) | **AMENDED CONFERENCE** |
| v. | ) | **AND SCHEDULING ORDER** |
| | ) | |
| COLLINS MURPHY et al | ) | |
| Defendant(s). | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, the Court hereby establishes the following consolidated schedule for discovery in these related cases. This Scheduling Order is entered to administer the trial of this case in a manner consistent with the Federal Rules of Civil Procedure's goal of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

1. <u>Expert Disclosures</u>:

   A. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert on all non-damages related issues at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **February 2, 2024. Plaintiffs specifically reserve the right to name additional damages related experts during the next phase of discovery.**

    B. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert on all non-damages related issues at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **March 2, 2024. Defendants specifically reserve the right to name additional damages related experts during the next phase of discovery.**

2. <u>Records Custodians</u>: Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **March 2, 2024**. Objections to such affidavits must be made within 14 days after the service of the disclosures. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) (D.S.C.).

3. <u>Discovery</u>: All discovery except that related solely to compensatory damages, including Independent Medical Exams of Plaintiffs, Plaintiffs' and Defendants' Damages Expert Disclosures, and discovery related to those Damages Expert Disclosures shall be completed no later than **March 29, 2024.** All requests relevant to this phase of discovery shall be served in time for the responses thereto to be served by this date. De Bene Esse depositions must be completed by the discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.) and have had a telephone conference with Judge Coggins in an attempt to resolve the matter informally. The request for a telephone conference should be made within the time limit prescribed by local rule for filing such a motion. Attorneys should send a request for a telephone conference via e-mail to: [coggins_ecf@scd.uscourts.gov](mailto:coggins_ecf@scd.uscourts.gov)**

    **The parties shall set forth their respective positions in their request.**

    Within 15 days of the entry of this Order, each party shall designate at least one or more attorney representatives that will be present at any properly noticed deposition, allocating sufficient resources to avoid delays caused by scheduling conflicts. The parties shall consult and attempt to resolve any scheduling conflicts. In the event that deposition dates cannot be agreed upon after good-faith attempt, the party seeking the deposition shall request a telephone conference with the Court as described above.

4. <u>Motions</u>: All dispositive motions, *Daubert* motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than *Daubert* motions), shall be filed on or before **May 3, 2024. A hearing on all submitted motions will be held on _____.**

5. <u>Mediation</u>: Mediation shall be completed in this case on or before **February 16, 2024**. *See* Judge Coggins' Standing Mediation Order (setting forth mediation requirements).

Pending the outcome of the dispositive motions filed with the Court, the parties agree to reconvene and submit an additional scheduling order for the Court's consideration for the conclusion of discovery related solely to compensatory damages, including Independent Medical Exams of Plaintiffs, Plaintiffs' and Defendants' Damages Expert Disclosures, and any necessary discovery related to those Damages Expert Disclosures.

Defendants would propose the following dates:

Plaintiffs' Damages Expert Disclosures:
4 months following a ruling on any dispositive motions filed by the May 3, 2024 deadline.

Defendants' Damages Expert Disclosures:
6 months following a ruling on any dispositive motions filed by the May 3, 2024 deadline.

Compensatory Damages Discovery Deadline:
7 months following a ruling on any dispositive motions filed by the May 3, 2024 deadline.

Motion Deadline:
8 months following a ruling on any dispositive motions filed by the May 3, 2024 deadline.

Jury Trial:
Not before 9 months following a ruling on any dispositive motions filed by the May 3, 2024 deadline.

The parties' attention is specifically directed to Local Civil Rule 5.03 (D.S.C.) regarding the filing of confidential material. The parties' attention is also directed to the Court's website regarding instructions or other orders that may be applicable to your case.

_____
United States District Judge

Dated: _____

Spartanburg, South Carolina

Pursuant to Local Civil Rule 83.I.06 (D.S.C.), this Order is being sent to local counsel only.