IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>          Plaintiffs,<br><br>v.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG, FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTS. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD., XHAMSTER IP HOLDINGS LTD., WISEBITS IP LTD.,<br><br>          Defendants. | Civil Action Number: 7:20-cv-00947-DCC<br><br><br><br>**MEMORANDUM OF DEFENDANTS MG FREESITES, LTD AND MINDGEEK S.A.R.L. IN OPPOSITION TO PLAINTIFFS' MOTION AND IN SUPPORT OF DEFENDANTS' JOINTLY PROPOSED AMENDED SCHEDULING ORDER** |
| JANE DOE,<br><br>          Plaintiff,<br><br>vs.<br><br>LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., D/B/A PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,<br><br>          Defendants. | CASE NO.: 7:21-cv-03193-DCC<br><br><br>**MEMORANDUM OF DEFENDANTS MG FREESITES, LTD AND MINDGEEK S.A.R.L. IN OPPOSITION TO PLAINTIFFS' MOTION AND IN SUPPORT OF DEFENDANTS' JOINTLY PROPOSED AMENDED SCHEDULING ORDER** |

15862246.1

JANE DOE 1, JANE DOE 2, JOHN DOE 1, and
JOHN DOE 2,

          Plaintiffs,

    v.

COLLINS MURPHY; LIMESTONE
UNIVERSITY; BRENDA F. WATKINS;
SHARON HAMMONDS; and MG FREESITES,
LTD. D/B/A PORNHUB.COM,

          Defendants.

CASE NO. 7:22-CV-03576-DCC

**MEMORANDUM OF DEFENDANTS
MG FREESITES, LTD AND
MINDGEEK S.A.R.L. IN
OPPOSITION TO PLAINTIFFS'
MOTION AND IN SUPPORT OF
DEFENDANTS' JOINTLY
PROPOSED AMENDED
SCHEDULING ORDER**

MG Freesites, Ltd. and Mindgeek S.A.R.L. (hereinafter, "the Mindgeek Defendants") respectfully submit this memorandum in opposition to the motion and proposed scheduling order Plaintiffs submitted on September 25, 2023 (ECF 319), and in support of the appended proposed scheduling order (attached as Exhibit A) reached as a result of compromise efforts between *all of the other parties in this case* and agreed to by *all* Defendants.

As explained below, the Defendants' Joint Proposed Schedule should be adopted because it: 1) leaves ample time – a period of nearly seven months from this Court's August decision on jurisdictional matters – for Plaintiffs to reasonably pursue any remaining fact and jurisdictional discovery in this case, and 2) accounts for a complete case schedule, including a proposal for phased damages discovery. By contrast, Plaintiffs' proposal requests nearly a year of additional fact discovery, and confusingly omits any proposal for phased damages discovery, to which all parties (*including Plaintiffs*) had previously agreed.

**The Parties' Meet and Confer Efforts**

The Mindgeek Defendants (and, indeed, all Defendants) made a concerted and good faith effort to achieve consensus by all parties on a reasonable scheduling order governing this case. Unfortunately, Defendants' efforts were met with stonewalling and silence by Plaintiffs,

15862246.1

culminating in Plaintiffs' unilateral filing of the motion at issue here.  For context, the Mindgeek Defendants offer a brief summary of the parties' meet-and-confer efforts.

In response to the instructions the Court shared at the August 16, 2023 status conference, as well as the Court's August 17, 2023 Minute Order, counsel for all parties met and conferred regarding a new proposed scheduling order via videoconference on September 13, 2023.  During that videoconference, the parties focused on reaching agreement on the cut-off date for discovery in this case, as well as whether and how discovery should be phased to delay any undue imposition upon the Plaintiffs directly until absolutely necessary while prioritizing discovery related to certain Defendants' jurisdictional challenges and defenses under Section 230 of the Communications Decency Act ("CDA").

Specifically, counsel for the Mindgeek Defendants proposed a merits discovery cut-off of February 2023, with a second damages discovery phase to follow after the Court's adjudication of anticipated motions for summary judgment.  Other of the Defendants initially proposed even earlier deadlines of January 2024 and November 2023.  Plaintiffs' counsel stated they needed more time, and orally suggested a discovery cut-off of March 2023.  In that same meeting, the parties (including Plaintiffs) all agreed that a phased discovery plan is appropriate and warranted in this case, so that certain damages discovery (especially potential Rule 35 Independent Medical Exams of the Plaintiffs) would be done only after, and if, that need arose following the Court's resolution of significant, and potentially dispositive, threshold legal issues in this case, such as whether the website Defendants were entitled to immunity under Section 230.

Shortly after the parties' videoconference, counsel for the Mindgeek Defendants circulated a document that they understood reflected the parties' oral consensus.  This document included a plan for phased damages discovery, as well a March 1, 2023 cut-off for all

15862246.1

discovery (except that relating solely to compensatory damages). *See* Ex. B (the Mindgeek Defendants' 9.13.23 Scheduling Proposal). In response, Plaintiffs did not alter the proposal to phase damages discovery, but unexpectedly insisted for the first time that the cut-off for non-damages discovery be extended until July 31, 2024. *See* Ex. C (Plaintiffs' 9.18.23 Scheduling Proposal).

On September 20, counsel for the Mindgeek Defendants circulated a counter-proposal, which reflected all parties' apparent agreement on phased discovery in this case, but offered a compromise of a March 29, 2024 cut-off for all non-damages discovery. *See* Ex. D (Defendants' 9.20 Counter-Proposal). All of the other parties to the case quickly consented. However, Plaintiffs did not respond, despite several follow-up emails sent over the following days requesting feedback. Instead, on the evening of September 25, Plaintiffs unilaterally filed their Motion (ECF 19), without notice to the other parties. With their Motion, Plaintiffs submitted to the Court a proposed schedule holding fast to the dates they previously offered, but confusingly omitted from their proposal all of the phased damages discovery scheduling they had previously agreed to. *See* Ex. E (Plaintiffs' Filed Proposed Schedule) vs. Ex. C (Plaintiffs' 9.18.23 Scheduling Proposal).

### The Defendants' Proposed Schedule Is Reasonable and Practical

While the Mindgeek Defendants are cognizant of the number of parties and potential depositions involved in this case, they believe the Defendants' consensus proposal of nearly seven months of additional time to conduct merits and jurisdictional discovery is sufficient and congruent with the Court's previous scheduling orders related to discovery. Plaintiffs have already completed the deposition of Collins Murphy, and have met and conferred several times with each of the website Defendants to move forward scheduling any necessary 30(b)(6)

4

depositions in the coming weeks.  Defendants believe that, especially given the high number of attorneys involved, nearly seven months is more than enough time for Plaintiffs to schedule those depositions as well as any fact witnesses needed thereafter.  Defendants also believe that if there are any issues as to the scope of discovery that may require the Court's attention, those issues can and should be resolved before the Defendants' proposed March 29, 2024 deadline.

Furthermore, Defendants' proposed phased discovery schedule would allow the parties to focus in the coming months upon the threshold issues the Court emphasized in the August status conference, instead of having to undertake fact and damages discovery at the same time.  As described above, while Plaintiffs previously circulated a proposed schedule agreeing to this phased approach during the parties' meet and confer correspondence, *see* Ex. C, the scheduling order Plaintiffs proposed to the Court would require Defendants to schedule IMEs now, in order to meet a proposed April 1, 2024 deadline for *all* expert disclosures and reports.  Defendants do not wish to impose intensive damages discovery tasks upon the individual Plaintiffs in this case unless and until this is necessary.

### Plaintiffs' Motion Mischaracterizes the Record

In order to justify an additional ten months of fact discovery after this case has already been pending for nearly three years, Plaintiffs' motion argues "Defendants have vigorously opposed any and all efforts by the Plaintiffs to advance this litigation[.]"  Mot. 2.  The Mindgeek Defendants dispute that characterization, and have expended highly significant effort, time and attorneys' fees to date responding to Plaintiffs' *six iterations of amended complaints* and preparing substantive responses to *three rounds of written discovery* already served by Plaintiffs. Plaintiffs' motion includes a number of additional specific mischaracterizations of the record:

- Plaintiffs claim "[j]ust to bring the Defendants before the Court, Plaintiffs were forced to follow the cumbersome and time-consuming requirements of the Hague

Convention – delaying progress by months.  The Defendants could have waived such service, but instead insisted upon it."  Mot. 2.

**The Mindgeek Defendants dispute this characterization as the majority of Defendants, including the Mindgeek Defendants, did waive service and almost immediately began to engage in discovery with Plaintiffs.**

- Plaintiffs claim "every porn site related Defendant in this case has filed multiple (and sometimes repetitive) briefs on procedural and jurisdiction issues, soaking up resources and effectively halting meaningful discovery."  Mot. 2.

**In reality, the Mindgeek Defendants were forced to file a series of renewed motions to dismiss in answer to *Plaintiffs' decision to continuously file six versions of their Complaint over the course of two years.*  Additionally, it was only in Plaintiffs' Fifth Amended Complaint that they added various Mindgeek-affiliated entities without a connection to this dispute, thereby warranting a lengthy jurisdictional challenge (recently granted in large part by this Court).**

- Plaintiffs claim "Defendants refused to answer any general discovery under the shield of jurisdictional arguments, until the Court ordered otherwise."  Mot. 2.

**The Mindgeek Defendants further dispute this characterization.  The Mindgeek Defendants have responded with documents and substantive interrogatory responses to each of the *three rounds* of extensive discovery requests Plaintiffs have served to date.  Where the Mindgeek Defendants have responded with objections, they have also offered to meet and confer to narrow the scope of Plaintiffs' requests.  To date, Plaintiffs have not responded to the Mindgeek Defendants' offers to meet and confer on any written discovery responses, nor have they moved to compel any further responses from the Mindgeek Defendants.**

- Plaintiffs claim they "have attempted through discovery to identify knowledgeable personnel and obtain relevant information from Defendant MindGeek S.A.R.L. alone since March of 2021 no less than three times."  Mot. 2.

**To the contrary, Plaintiffs have never served written discovery upon Mindgeek S.A.R.L., which only recently became a party in this case.**

- Plaintiffs claim they "have pressed MindGeek to identify a 30(b)6 representative for more than a year. To date, they have yet to do so. Plaintiffs requested 30(b)6 depositions of Pornhub October 20, 2021. Defendants did not file an objection to the scope of Plaintiffs' requests on August 15, 2023 – and has stated they will not agree to proceed at this time."  Mot. 2.

6

**Plaintiffs originally sent a *draft* 30(b)(6) notice to the Mindgeek Defendants identifying 8 proposed topics. Then on July 14, 2023, Plaintiffs shared a *draft* 30(b)(6) notice with the Mindgeek Defendants, which included for the first time <u>24</u> extremely broad topics seeking witnesses to cover all aspects of the businesses of any and all entities bearing any relationship to the Mindgeek Defendants. *See* Ex. F (Plaintiffs' draft 30(b)(6) notice). Plaintiffs served their first formal 30(b)6 notice on October 5, 2023 upon Mindgeek S.A.R.L.**

**On August 15, counsel for the Mindgeek Defendants responded to Plaintiffs' draft notice sharing their concern about the proprietary, let alone practicality, of offering a witness on all of the topics Plaintiffs identified. *See* Ex. G (Mindgeek Defendants' 30(b)(6) response). As is evident in that response, the Mindgeek Defendants agreed to provide a witness for a substantial number of Plaintiffs' proposed topics.**

**Mindgeek has since provided names and proposed dates for two 30(b)(6) deposition witnesses. Mindgeek identified the name and offered proposed dates for the first witness on August 15, *see* Ex. G, one month before Plaintiffs' motion representing to this Court that no witnesses had been identified. Plaintiffs to date have not responded, and nearly all of the available dates proposed for that witness have now passed. Mindgeek identified the name of a second witness and offered proposed dates on October 3, and Plaintiffs have agreed to schedule a deposition of that witness on October 19.**

In sum, the Mindgeek Defendants have responded substantively and promptly to Plaintiffs' repeated discovery demands over the past three years, both with substantive responses where the requests were deemed reasonable, and offers to compromise where not. Plaintiffs served their first set of discovery requests in January 2021, and have repeatedly failed to follow up on their own discovery. The Mindgeek Defendants thus have serious concerns with a schedule that again pushes merits discovery in this case out another ten months, and understand that the other parties in this case share that concern. The Defendants have reached a compromise position that a nearly seven-month period is more than reasonable. Even under Defendants' compromise proposal, Plaintiffs will have had a total of 38 months to conduct merits discovery in this case – and will have yet more time to conduct damages discovery.

## CONCLUSION

For the foregoing reasons, the Court should adopt the Defendants' jointly proposed scheduling order.

Respectfully submitted,

DATED: October 10, 2023

Greenville, South Carolina

TURNER, PADGET, GRAHAM AND LANEY, P.A.

By: s/ Mark B. Goddard
Mark B. Goddard | Attorney ID: 09194
email | mgoddard@turnerpadget.com
direct | 803-227-4334

J. Kenneth Carter | Attorney ID: 05108
email | kcarter@turnerpadget.com
direct | 864-552-4611

Post Office Box 1509

*Attorneys for Defendant MG Freesites, Ltd. and Mindgeek S.A.R.L.*

DATED: October 10, 2023

Los Angeles, California

MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Marc E. Mayer*
Marc E. Mayer | Attorney ID: ***pending***
email | mem@msk.com
direct | 310-312-3154

2049 Century Park East
18th Floor
Los Angeles, California 90067
facsimile | 864-282-5993

*Attorneys for Defendant MG Freesites, Ltd. and Mindgeek S.A.R.L.*

8

15862246.1