# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **JANE DOES 1-9,**<br><br>      **Plaintiffs,**<br><br>vs.<br><br>**COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, et al**<br><br>      **Defendants.** | C/A No. 7:20-CV-00947-DCC<br><br><br><br>**PLAINTIFF'S NOTICE OF**<br>**30(b)(5) and 30(b)(6) DEPOSITION** |

**TO:** Valentin D. Gurvits, BOSTON LAW GROUP, PC; Hannah Rogers Metcalfe, METCALFE & ATKINSON, LLC, Evan Fray-Witzer, LLP, CIAMPA FRAY-WITZER, LLP, counsel for WISEBITS IP LTD.

    YOU WILL PLEASE TAKE NOTICE that the Plaintiffs' attorney, pursuant to Rule 30(b)(5) and 30(b)(6) of the Federal Rules of Civil Procedure, will take the deposition(s) of a Wisebits IP Ltd. (Wisebits) officer, director, employee, agent and/or other representative who shall be designated to testify on behalf of Wisebits regarding all information known or reasonably available with respect to the subject matters identified below.

    Plaintiffs request that Wisebits provide written notice, at least five (5) business days before the deposition(s), of the name(s) and employment position(s) of the individuals designated to testify on behalf of Wisebits, at the time and place set forth hereinafter.

    **DATE**:

    **TIME**:

    **PLACE**:

    **COURT REPORTER:**

PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. Pro. 34, where requested, the person or persons so designated are required to produce copies of all correspondence, reports, records, writings, or other documentation as requested below.

Counsel for the Plaintiff hereby identifies and reserves the right to use any and all documents produced or made available in discovery by either party during these depositions, and hereby gives notice of the intent to question the witness(es) regarding any and all documents produced or made available by either party during the court of discovery, as well as those obtained pursuant to subpoena, FIOA, or records request.

The individuals designated will testify on behalf of the Defendants at the time and place set forth hereinafter, upon oral examination (via stenography an/or video) before a Notary Public or any other officer authorized by law to take depositions at which time you are notified to appear and take part in such examination regarding the following issues:

**DEFINITIONS:**

**Relevant Time Period** means from 2012 to the present, unless otherwise agreed by the parties or by order of the court.

**User** means an individual who accesses content by internet connection through servers or domains associated with Hammy Media, xHamster, or any affiliated website or domain.

**Moderation** means the process of review and analysis of content provided from any outside source for the purposes of implementing decisions regarding compliance with any set of standards or rules affecting the availability of public viewing of the content.

**Server** means a piece of computer hardware or software that provides functionality for other programs or devices, including caching or transmission of data.

**Algorithm** means an ordered set of instructions recursively applied to transform data input

into processed data output, as a mathematical solution, descriptive statistics, internet search engine result, or predictive text suggestions.

1. The ownership and control structure (including organizational chart) of Wisebits; particularly any common ownership or officers or controlling shareholders of Wisebits with any other Defendant or former Defendant in this case, during the relevant time period; as well as parent companies, subsidiaries, controlling shareholders, and affiliates.

2. All entities, domains, brands, companies, parents, subsidiaries and/or affiliates through which Wisebits is linked through common ownership, shareholder interest or control, management, revenue or profit sharing, or advertising agreement, during the relevant time period.

3. All services by which Wisebits generates revenues and profit for, by, from, or through xHamster.com and/or Hammy Media, along with the financial statements for Wisebits during the relevant time period. This topic would include explanation of items contained in the relevant financial statements.

4. Identify all companies, brands, domains, and/or other publicly accessible internet platforms in which Wisebits holds an ownership interest, during the relevant time period.

5. The relationship between Wisebits and Hammy Media as it relates to the operation of adult entertainment websites, particularly xHamster.com., during the relevant time period.

6. Ownership, control or interaction with the content delivery network for Hammy Media, including the locations of all CDN or cache servers that are used in the process of relaying, transmitting, accessing, archiving, or otherwise storing or facilitating the delivery of content for any Hammy Media brand or affiliate, during the relevant time period.

7. List all intellectual property rights owned or administered by Wisebits that involve

provision of adult entertainment content over the internet.

8. Describe all policies, procedures, or operations used to monitor the use of intellectual property rights held or administered through or by Wisebits to ensure compliance with applicable laws and regulations of locations where the intellectual property may be used or accessed.

9. Any and all means by which Wisebits promotes, markets, or contributes to the promotion or marketing of any adult entertainment website or brand, including xHamster.com.

10. Describe any connection, through common ownership, control, management, controlling stockholder interest or contract, between Wisebits and Trafficstars LTD.

11. Any holdings by Wisebits that have offices or places of business within the United States.

12. Identify any shared management between Wisebits and Hammy Media during the relevant time period.

PLEASE TAKE FURTHER NOTICE that these depositions are being taken for the purpose of discovery, for use at trial, and for all other purposes as we are permitted under the rules of this Court and all applicable statutes and laws.

[SIGNATURE BLOCK NEXT PAGE]

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge
Street Georgetown,
SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFF**

Georgetown, SC
October 20, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| **JANE DOES 1-9,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**COLLINS MURPHY et. al.,**<br><br>        Defendants. | Case No.: 7:20-CV-00947-DCC<br><br>**PLAINTIFF'S NOTICE OF 30(b)(5) and 30(b)(6) DEPOSITION** |
| **JANE DOE,**<br><br>        Plaintiff,<br><br>vs.<br><br>**COLLINS MURPHY et. al.,**<br><br>       Defendants. | Case No.: 7:21-CV-03193-DCC<br><br>**PLAINTIFF'S NOTICE OF 30(b)(5) and 30(b)(6) DEPOSITION** |

**TO: HANNAH METCALF, ESQ., EVAN FRAYWITZER, ESQ., AND VAL GURVITS, ESQ. COUNSEL FOR DEFENDANT WISEBITS IP, LTD.**

     YOU WILL PLEASE TAKE NOTICE that the Plaintiffs' attorneys, pursuant to Rule 30(b)(5) and 30(b)(6) of the Federal Rules of Civil Procedure, will take the deposition of Mr. Constantinos Christoforou, Wisebits IP, LTD.'s former Director, who shall be designated to testify on behalf of Hammy Media regarding all information known or reasonably available with respect to the subject matters identified in Exhibit "A.".

| | |
|---|---|
| **DATE**: | **Wednesday February 21, 2024** |
| **TIME**: | **9:00 AM (EST)** |
| **PLACE**: | **Remote** |
| **COURT REPORTER:** | **US Legal Support** |

PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. Pro. 34, where requested, the person or persons so designated are required to produce copies of all correspondence, reports, records, writings, or other documentation as requested in Exhibit "A".

Counsel for the Plaintiff hereby identifies and reserves the right to use any and all documents produced or made available in discovery by either party during these depositions, and hereby gives notice of the intent to question the witness(es) regarding any and all documents produced or made available by either party during the court of discovery, as well as those obtained pursuant to subpoena, FIOA, or records request.

The individuals designated will testify on behalf of the Defendants at the time and place set forth hereinafter, upon oral examination (via stenography an/or video) before a Notary Public or any other officer authorized by law to take depositions at which time you are notified to appear and take part in such examination regarding the following issues:

### Exhibit "A"

**DEFINITIONS:**

**Relevant Time Period** means from 2012 to the present, unless otherwise agreed by the parties or by order of the court.

**User** means an individual who accesses content by internet connection through servers or domains associated with Hammy Media, xHamster, or any affiliated website or domain.

**Moderation** means the process of review and analysis of content provided from any outside source for the purposes of implementing decisions regarding compliance with any set of standards or rules affecting the availability of public viewing of the content.

**Server** means a piece of computer hardware or software that provides functionality for other programs or devices, including caching or transmission of data.

**Algorithm** means an ordered set of instructions recursively applied to transform data input into processed data output, as a mathematical solution, descriptive statistics, internet search engine result, or predictive text suggestions.

**SUBJECT MATTER**

1. The ownership and control structure (including organizational chart) of Wisebits; particularly any common ownership or officers or controlling shareholders of Wisebits with any other Defendant or former Defendant in this case, during the relevant time period; as well as parent companies, subsidiaries, controlling shareholders, and affiliates.

2. All entities, domains, brands, companies, parents, subsidiaries and/or affiliates through which Wisebits is linked through common ownership, shareholder interest or control, management, revenue or profit sharing, or advertising agreement, during the relevant time period.

3. All services by which Wisebits generates revenues and profit for, by, from, or through xHamster.com and/or Hammy Media, along with the financial statements for Wisebits during the relevant time period. This topic would include explanation of items contained in the relevant financial statements.

4. Identify all companies, brands, domains, and/or other publicly accessible internet platforms in which Wisebits holds an ownership interest, during the relevant time period.

5. The relationship between Wisebits and Hammy Media as it relates to the operation of adult entertainment websites, particularly xHamster.com., during the relevant time period.

6. Ownership, control or interaction with the content delivery network for Hammy Media, including the locations of all CDN or cache servers that are used in the process of relaying, transmitting, accessing, archiving, or otherwise storing or facilitating the delivery of content for any Hammy Media brand or affiliate, during the relevant time period.

7. List all intellectual property rights owned or administered by Wisebits that involve provision of adult entertainment content over the internet

8. Describe all policies, procedures, or operations used to monitor the use of intellectual property rights held or administered through or by Wisebits to ensure compliance with applicable laws and regulations of locations where the intellectual property may be used or accessed.

9. Any and all means by which Wisebits promotes, markets, or contributes to the promotion or marketing of any adult entertainment website or brand, including xHamster.com.

10. Describe any connection, through common ownership, control, management, controlling stockholder interest or contract, between Wisebits and Trafficstars LTD.

11. Any holdings by Wisebits that have offices or places of business within the United States.

12. Identify any shared management between Wisebits and Hammy Media during the relevant time period.

PLEASE TAKE FURTHER NOTICE that these depositions are being taken for the purpose of discovery, for use at trial, and for all other purposes as we are permitted under the rules of this Court and all applicable statutes and laws.

                BELL LEGAL GROUP, LLC

                *s/J. Edward Bell, III*
                J. Edward Bell, III (1280)
                Joshua M. W. Salley (13214)
                Gabrielle A. Sulpizio (12715)
                BELL LEGAL GROUP, LLC
                219 North Ridge Street
                Georgetown, SC  29440
                TEL.: (843) 546-2408
                FAX: (8430 546-9604
                jeb@belllegalgroup.com
                Jsalley@belllegalgroup.com
                Gsulpizio@belllegalgroup.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**COUNSEL FOR PLAINTIFFS**

February 20, 2024
Georgetown, SC