UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, <br><br> Plaintiffs, <br><br> vs. <br><br> COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD., <br><br> Defendants. | Case No.: 7:20-cv-00947-DCC <br><br><br> PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT TRAFFICSTARS LTD. |

**TO: HANNAH METCALF, ESQ. AND EVAN FRAYWITZER, ESQ., COUNSEL FOR DEFENDANT TRAFFICSTARS LTD.**

**YOU WILL PLEASE TAKE NOTICE** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are hereby required to answer separately and fully in writing under oath, within thirty (30) days, the following Interrogatories. These Interrogatories shall be deemed to be continuing so as to require Defendant to reasonably supplement or amend their answers thereto in accordance with Rule 26(e). If any part of the following Interrogatories cannot be answered in full, please answer to the extent possible and explain why the balance cannot be fully answered and, if known, who can supply the answer.

A. **SPECIAL INSTRUCTIONS**

In responding to the Plaintiff's Discovery Requests in this action, you are requested to follow the following instructions, which the Plaintiffs believe are consistent with the Federal Rules of Civil Procedure:

1. Unless otherwise requested, please produce for inspection and not copying, all requested documents and things at the offices of your lead counsel in South Carolina, at the time indicated in the Discovery Request. **You may produce copies for Plaintiffs without expense to Plaintiff in lieu of production of documents at your counsel's office.**

2. Where no discoverable matter exists which would be responsive to a Discovery Request, please so state.

3. Please respond to these Discovery Requests by furnishing all responsive information and/or material either in your possession, in your control, or accessible to you by reasonable inquiry. This includes discoverable information and/or material in the possession, custody, or control of your (a) agents, (b) employees; (c) attorneys, (d) corporate departments or divisions; (e) your parent or subsidiary corporations; (f) corporate affiliates; and (g) any other persons, firms, or corporations which because of your business relationship would readily respond to your inquiry in the ordinary course of business.

4. Where documents and things exist which fall within the descriptive terms of one of the Plaintiff's Discovery Requests, and production of the same will be made by you, please produce such documents and things in a manner corresponding to the numbered request in which they are described, so that identification with the appropriate request can readily be made.

5. In addition to the original of any such requested documents, any request for a document also includes:

   (a) any copy by whatever name called, which relates to the original, specifically including any material underlying, supporting, or used in the preparation of any such original document;

   (b) any and all attachments to the original;

   (c) any and all documents referred to in the original;

   (d) any and all subsequent additions, deletions, substitutions, amendments, or modifications to the original of any sort.

6. If you are unsure of the meaning of a word, phrase, or abbreviation used in any Discovery Request, please contact the undersigned counsel for the Plaintiffs in writing, specify the word or phrase whose meaning you claim is unclear, and ask for written clarification of the word or phrase in question. To the extent any ambiguity genuinely exists, such clarification will be promptly provided to you.

7. All documents made available for inspection at the offices of your lead counsel in South Carolina, or in lieu of such, documents produced to Plaintiffs without expense to Plaintiffs, shall be in the English language. If some documents are not in English, but rather some foreign language, these documents must be identified and a description of the document=s contents shall be specified to allow counsel for Plaintiffs the opportunity to determine whether such documents are responsive and which documents require translation.

8. To the extent the Defendants object to any Discovery Request based upon privilege, please provide a privilege log.

## B.     TABLE OF DEFINITIONS AND ABBREVIATIONS

Plaintiff provides the following definitions of words, phrases, and abbreviations used by Plaintiffs in propounding the Discovery Requests to help you understand the objectives of their discovery efforts and to locate and disclose all discoverable matter sought by the Discovery Requests without engaging in semantic arguments:

"*Document"* means and includes all Apapers@ of any kind or character, correspondence, writings, records, meeting minutes, reports, studies, evaluations, projections, analyses, presentations, memoranda, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, photographs, motion pictures, videotape, videodisc, audiotape or other sound recording, any method or medium by which information is utilized by computers, including e-mail, computer tapes, computer drives, computer discs, computer printouts, photocopies, microfilm, microfiche and any other data, sound or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by you through appropriate and necessary devices into reasonably usable and intelligible form.

"*Identify*," when used with respect to documents, things, or other items of real or demonstrative evidence, withheld because of claim of privilege or other objection, means to list and describe the items of which discovery is sought sufficiently for the Plaintiff to identify the items in a motion for in camera inspection:

(a)     State the type of document or thing, its date, title or heading, and subject matter;

(b)     Give an exhibit number for each if one has been assigned;

(c)     Identify all persons who participated in creating the document or thing;

(d)     Identify all persons to whom the document or thing has been given, shown, exhibited, distributed, made available or explained;

(e)     State the present location and identify the present custodian of the document or thing;

(f)     State the factual and legal basis for your refusal to produce the document or thing, including any claim of privilege, in sufficient detail to permit the Plaintiff and the Court to evaluate the validity of each refusal; and

(g)     Describe each item sufficiently to indicate the factual and legal grounds for its inclusion within the scope of the privilege claimed or objection asserted and sufficiently to enable Plaintiff to identify the item in a motion to compel production or a motion for in camera inspection by the Court.

***"Identify and produce"*** when used with respect to these requests, means to produce for inspection at lead counsel's office, to make available at the place where such documents are typically stored, or to produce copies to Plaintiffs without expense.

"*Person*" includes any individual, public or private corporation, partnership, government agency, incorporated association, or unincorporated association.

"*Plaintiff*" refers to the Plaintiff litigants in this action.

"*you*" and "*your*" mean and refer to the particular party to whom Plaintiffs' Discovery Requests are specifically directed and who is undertaking to respond to them.

## INTERROGATORIES

**INTEROGATORY 1:** Provide the names of every website on which Traffic Stars places advertisements.

**ANSWER:**

**INTEROGATORY 2:** For the calendar years 2013 to the present, what was the advertising revenue generated by Traffic Stars each year?

**ANSWER:**

**INTEROGATORY 3:** For the calendar years 2013 - present, how many advertisers used the Traffic Stars platform each year?

**ANSWER:**

**INTEROGATORY 4:** Of the number stated in answer to Interrogatory No. 3, how many advertisers represented themselves to be United States businesses?

**ANSWER:**

**INTEROGATORY 5:** For the calendar years 2013-present, how many ads were placed each year by the Traffic Stars platform?

**ANSWER:**

**INTEROGATORY 6:** For the calendar years 2013-present, how many ad campaigns were run each year by the Traffic Stars platform?

**ANSWER:**

**INTEROGATORY 7:** For the calendar years 2013-present, how many ad campaigns, in whole or in part, targeted United States traffic each year? For the purposes of this Interrogatory, "targeted" means specifically selecting the United States or any part thereof as a geographic area for geolocation of ads.

**ANSWER:**

**INTEROGATORY 8:** For the calendar years 2013-present, how many ad campaigns targeted South Carolina traffic each year?

**ANSWER:**

**INTEROGATORY 9:** Describe any business affiliation between xHamster and Traffic Stars, Ltd.

**ANSWER:**

**INTEROGATORY 10:** Describe any program or process through which any ad revenue can be shared with users of the xHamster and/or Traffic Stars platform.

**ANSWER:**

**INTEROGATORY 11:** For the calendar years 2013-present, how much gross revenue was generated by those participating in any ad revenue sharing program?

**ANSWER:**

**INTEROGATORY 12:** For the calendar years 2013-present, how much revenue was paid out to those participating in any ad revenue sharing program?

**ANSWER:**

**INTEROGATORY 13:** Describe any business association between Traffic Stars, Ltd and Cloudflare, Inc.

**ANSWER:**

**INTEROGATORY 14:** For the calendar years 2013-present, list any categories, tags, keywords, or key terms that could be selected by advertisers to direct presentation of their content and which contained the word "voyeur," "cam," "camera," "hidden," "spy," "secret," "locker room" or "public nudity."

**ANSWER:**

**INTEROGATORY 15:** For the calendar years 2013-2020, how many advertising campaigns whitelisted or otherwise included the category "Voyeur/Public Nudity," or any other category, tag, keyword, or key term that included the words "voyeur," "cam," "camera," "hidden," "spy," "secret," or "public nudity?"

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**ATTORNEYS FOR PLAINTIFF**

Georgetown, SC
November 15, 2023

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, <br><br> Plaintiffs, <br><br> vs. <br><br> COLLINS MURPHY et al, <br><br> Defendants. | Case No.: 7:20-cv-00947-DCC <br><br><br> **CERTIFICATE OF SERVICE** |

I do hereby certify that on this 15th day of November 2023, I served copies of the foregoing discovery requests, **PLAINTIFFS' FIRST SET OF INTERROGATORIES and PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT TRAFFIC STARS, LTD.,** on each of the below counsels of record in the above-captioned proceeding by electronic mail and US mail in the manner prescribed by the applicable Rule of Civil Procedure:

Hannah Rogers Metcalfe, Esq.
METCALFE & ATKINSON, LLC
1395 S. Church Street
Greenville, SC 29605
hmetcalfe@malawfirmsc.com

Val Gurvits, Esq.
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
vgurvits@bostonlawgroup.com

Evan Fray-Witzer, Esq.
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
evan@cfwlegal.com

*Counsel for Defendants Traffic Stars, Ltd., Wisebits, Ltd. and Hammy Media, Ltd.*

*/s/ Mikahlia L.*
_____
Mikahlia Lawrence
Paralegal
BELL LEGAL GROUP