# EXHIBIT E

### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,** | **Case No.: 7:20-cv-00947-DCC** |
| **Plaintiffs,** | |
| **vs.** | |
| **COLLINS MURPHY et al,** | |
| **Defendants.** | |

### TRAFFICSTARS LTD.'S RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 33, TrafficStars, Ltd. ("TrafficStars") responds to Plaintiffs' Second Request for Production of Documents as follows. TrafficStars states that an agreement to produce those responsive documents in its care, custody, or control responsive to a particular discovery request is not a representation that any such documents exist.

### RESPONSES TO REQUEST FOR DOCUMENTS

### REQUEST NO. 1

Your company's certificate of incorporation, bylaws, rules, regulations, procedures, and any proposed amendments thereto, or changes of any kind during the Relevant time period.

### OBJECTION

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this

request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

Subject to the forgoing objections, TrafficStars will produce responsive documents which have been filed with the Department of Registrar of Companies.

**REQUEST NO. 2**

One copy of each of your most current employee lists and organizational charts; a copy of each organizational chart reflecting any changes during the Relevant time period and indicating the applicable dates such chart was accurate.

**OBJECTION**

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, TrafficStars will produce a document showing the names of each department within TrafficStars and the name of the department head.

**REQUEST NO. 3**

One copy of each annual or other periodic report of your company, separately for your company and each of its parents, divisions, or subsidiaries for each year during the Relevant time period.

**OBJECTION**

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1). TrafficStars also objects to this request to the extent that it purports to seek documents of companies or entities other than TrafficStars.

**RESPONSE**

Subject to the foregoing objections, TrafficStars will produce those documents in its care, custody, or control.

**REQUEST NO. 4**

All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the members of each board of directors of your company and of each committee or subgroup of each board created during the Relevant time period.

**OBJECTION**

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Pursuant to the foregoing objections, TrafficStars will not be producing documents in response to this request.

**REQUEST NO. 5**

For the relevant time period, all documents that report, describe, summarize, analyze, discuss, or comment on sharing of revenues from advertising in any form to users, user accounts, or third-party individuals or entities using websites owned by Traffic Stars LTD or Hammy Media, LTD.

**OBJECTION**

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

As TrafficStars does not share revenues with the users of its clients' websites, no such responsive documents exist.

**REQUEST NO. 6**

All documents that report, describe, summarize, analyze, discuss, or comment on complaints that advertising content is non-consensual, in whole or in part.

**OBJECTION**

TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023.

**RESPONSE**

Subject to the foregoing objections, TrafficStars will produce those documents in its care, custody, or control insofar as they relate to complaints concerning advertising placed on the xHamster.com website.

**REQUEST NO. 7**

For the relevant time period, all documents that list, set forth, report, describe, summarize, analyze, discuss, or comment on the categories, keywords, or key terms for organizing content for prospective advertisers that are creating advertising campaigns on Traffic Stars.

**OBJECTION**

TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023.

**RESPONSE**

Subject to the foregoing objections, TrafficStars will produce those documents in its care, custody, or control insofar as they relate to complaints concerning advertising placed on the xHamster.com website.

**REQUEST NO. 8**

All documents that describe the moderation process for the content advertising on Traffic Stars.

**OBJECTION**

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  TrafficStars also objects to this

request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

### RESPONSE

Pursuant to the foregoing objections, TrafficStars will not be producing documents in response to this request.

### REQUEST NO. 9

All documents that report, describe, summarize, analyze, discuss, or comment on the training of individuals to monitor or moderate advertising content on Traffic Stars.

### OBJECTION

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

### RESPONSE

Pursuant to the foregoing objections, TrafficStars will not be producing documents in response to this request.

### REQUEST NO. 10

All documents relating to any litigation or potential litigation claiming damages for the hosting of sexual or sexually advertising content depicting a non-consenting individual.

**OBJECTION**

TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

TrafficStars does not provide hosting services and, as such, no such responsive documents exist.

**REQUEST NO. 11**

Please produce all help desk tickets (such as Jira, Zendesk, or any other program used for this purpose) or reports in order to document, review, or request the removal of advertisements for suspected nonconsensual content.

**OBJECTION**

TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

No such responsive documents exist.

**REQUEST NO. 12**

Please produce all communications during the relevant time period that discuss hidden cam(era), spy cam(era), voyeur(ism), locker room, bathroom/shower videos, limestone college, or South Carolina.

**OBJECTION**

TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

No such responsive documents exist.

**REQUEST NO. 13**

Please produce all communications regarding banned/restricted advertising terms and categories for advertising the relevant time period and any internal/policy/ training materials created regarding these.

**OBJECTION**

TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, TrafficStars will produce those responsive documents in its care, custody, or control to the extent that such documents reference or relate to the xHamster.com website.

**REQUEST NO. 14**

For the relevant time period, please produce all documents related to accepted advertising campaigns that targeted North America.

**OBJECTION**

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  TrafficStars also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, TrafficStars will produce statistical documents that illustrate what percentage of advertisements placed by TrafficStars are geolocated towards the United States (or South Carolina).

**REQUEST NO. 15**

For the relevant time period, please produce all documents related to advertising campaigns that targeted North America and were rejected in the moderation process.

**OBJECTION**

TrafficStars objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, TrafficStars objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  TrafficStars also objects to this

request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Pursuant to the foregoing objections, TrafficStars will not be producing documents in response to this request.

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Hammy Media LTD*