UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CA No.: 7:20-cv-00947 |
| | ) |
| COLLINS MURPHY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CA No.: 7:21-cv-03193 |
| | ) |
| LIMESTONE UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY TO DEFENDANTS HAMMY MEDIA LTD d/b/a XHAMSTER.COM and TRAFFICSTARS LTD. RESPONSE IN OPPOSITION TO DKT. NOs. 189 and 365**

The Plaintiffs submit this Reply to Defendant's Hammy Media Ltd d/b/a XHamster.com and Trafficstars Ltd Response in Opposition to Plaintiff's Motion to Compel Discovery. As previously noted, the Plaintiffs have alleged that Defendants Hammy Media, Ltd. and Trafficstars, Ltd.(hereinafter collectively referred to as "Hammy Defendants") intentionally contributed to the creation of illegal content that they could then market to viewers and profit from. For example, in paragraph 42 of Plaintiffs Complaint, Plaintiffs allege:

> "The defendants' success is built, in large part, on the deliberate trafficking in illegal content. The defendants' business model succeeded in creating a bustling marketplace for child pornography, rape videos, trafficked videos, and every other form of nonconsensual content, and they knew it. They intentionally elected to not employ any effective monitoring of what was being uploaded, or process for removing content that was exploitive and illegal. To the contrary, in the rare instance where the defendants were forced to remove content from their platform, whistleblowers have confirmed that they subsequently would reupload the content to their platform."

As shown above, this case is about the business model and platform the Defendants built to allow illegal and nonconsensual videos of the Plaintiffs to be shared and the Defendants tactics to benefit financially. The Plaintiff's discovery requests at issue in this Motion are relevant to the Plaintiff's allegations and are proportional to the needs of this case. Defendants' refusal to comply with the discovery rules is merely an attempt to shield us from the necessary documents that are needed to defeat summary judgment.

## I.     PLAINTIFFS' MOTION WAS MADE TIMELY.

Defendants are incorrect regarding the timeline leading up to Plaintiffs' Motion to Compel. While it is true, that Plaintiffs and the MindGeek Defendants were also engaging in meet-and-confers to resolve discovery disputes, it is inaccurate that Plaintiffs deadline to file a Motion against the Hammy Defendants was February 15, 2024. In fact, the Hammy Defendants sent supplemental discovery responses on February 12, 2024. Then on February 21, 2024, the parties engaged in an informal status conference with the Court regarding outstanding discovery disputes. The primary focus of this status conference was on the issue of IME's. However, at that time, Plaintiffs indicated that there were still unresolved discovery disputes with the Hammy Defendants and requested to file a Motion to Compel on that issue. The Court indicated it would review any Motions to Compel filed. Plaintiffs proceeded to file their Motion to Compel. Thus, Plaintiff's Motion is proper and timely.

## II. PLAINTIFFS' DISCOVERY REQUESTS ARE PROPER AND PROPORTIONAL TO THE NEEDS OF THIS LITITAGTION.

The Defendants have failed to establish how any of Plaintiffs requests would result in "oppression" or "undue burden or expense". The Defendants maintain that revealing the identity of witnesses "could" result in harassment due to their involvement in the Porn industry. First speculative oppression is not the standard under Rule 26. Second, the discovery requests asking the Defendant to identify relevant witnesses are proper and discoverable information the Plaintiffs are entitled to.

The Defendants attempt to compare the current case to that of *Alvarado* and *Collens* is also misguided. In *Alvarado*, the Court denied a Defendants Motion to Compel on the grounds that the sought after discovery was not proportional to the case. *See*; *Alvarado v. GC Dealer Servs. Inc.*, No. 18CV2915SJFSIL, 2018 U.S. Dist. LEXIS 204147, 2018 WL 6322188, at *4. The Court weighed the benefit and value of the requests and determined that the requested documents presented limited value to the case and was not directed at the core issues presented regarding the Plaintiffs pay dispute. *Id*. Here, and as previously argued in Plaintiff's Motion, all discovery is proportional to the allegations contained Plaintiff's Complaint. Plaintiffs disputed Requests for Production and Interrogatories are directly related to core issues alleged, the business operations, personnel, and practices of the Defendants.

Similarly, the Defendants attempt to mislead the Court by citing the *Collens* case. In *Collens*, the Court declined to grant Plaintiffs request for a police officer's home address because it was determined that in the interest of public safety, the information was protected. See *Collens v. City of New York*, July 12, 2004, 222 F.R.D. 249. The Court determined that the Plaintiff only sought the requested information to determine the Defendant's affluence. *Id*.

Here, Plaintiffs are entitled to know who may possess relevant knowledge regarding core issues of this case. In addition, the Plaintiffs are entitled to know who may be in possession of documents that are relevant to the Plaintiffs allegations.

Defendants cannot explain why a discovery request directed at their business operations, in a lawsuit alleging that are engaged in criminal business practice, is not relevant. Instead, they assert that Plaintiffs will not be able to depose witnesses and that insisting on a time period which starts in 2012 is "illogical". This is troubling when their own deponent testified 2012 was a relevant time period. Defendants contend that the appropriate time frame for discovery should begin in 2019. This ignores Plaintiffs claims that the business model and success of Defendants years prior is what motivated Defendant Collins Murphy, and others, to create and upload illegal content. Further the videos of Plaintiffs were recorded in 2012.

In a case involving the business practices of a defendant, Plaintiffs' requests are relevant, and Defendants have failed to illustrate how the production of responsive documents would amount to an unfair burden regarding time or cost. This Court should grant Plaintiffs' Motion to Compel.

Defendants generally assert that Plaintiffs request for information regarding advertising is irrelevant. This is surprising when the Defendants profit structure is by way of advertising on their website. In addition, the Plaintiffs have provided an expert report solely on the marketing and advertising of these Defendants and how its relevant to this case. Again, this is an attempt to mislead the Court regarding the facts of this case and the allegations made against the Defendants.

A core piece of this case, which this Court clearly instructed Plaintiffs to explore, is the financial relationship between the Defendants and third parties regarding illegal content.

Information regarding the revenue generating aspect of the Defendants business is at the core of this inquiry and is related to the Defendant's advertising and marketing. Additionally, Search Engine Optimization is one of the primary tools any website utilizes to improve upon their relevance on the internet. It is one of the most utilized advertising and marketing tools in the industry. Ensuring that their website is at the top of the result of a search engine is a core element of the Defendants business model. Plaintiffs have alleged that the Defendants engage in a business practice of gathering the largest libraries of content to ensure that their search engine optimization is maximized. Plaintiffs' inquiries into this information are relevant and proportional to Plaintiffs claims.

The Defendants actions continue to disrupt discovery and shield the Plaintiffs from relevant documents. Discovery is nearing an end the Defendants tactic to delay is only dragging out this case. The discovery rules were not drafted such that Defendants could ultimately provide documents that they *want* to. To suggest that the documents that are responsive to Plaintiffs discovery requests ought to be withheld because the Defendants are worried they may be made uncomfortable by their production, is a glaring misunderstanding of the rules of discovery.

### III.     PLAINITFFS ARE ENTITLED TO DOCUMENT DISCOVERY.

Defendants throughout their Response in Opposition, Dkt. No. 365 and 189, rely heavily on the argument that the Plaintiffs appropriate avenue for retrieving the information they seek would have been through a 30(b)(6) deposition. Nowhere in the Federal Rules of Civil Procedure is it required that a Plaintiff's sole avenue for investigating claims would be that of a 30(b)(6) deposition. Plaintiff's discovery requests are appropriate and proper under the rules.

Accordingly, Plaintiffs respectfully requests an Order compelling the Defendants to provide full and complete responses to: (1) Plaintiffs' First Set of Interrogatories to Defendant

Trafficstars, Ltd., (2) Plaintiffs' First Set of Interrogatories to Defendant HammyMedia, Ltd., (3) Plaintiffs' Second Set of Requests for Production to Defendant HammyMedia, and (4) Plaintiffs' Second Set of Requests for Production to Defendant TrafficStars Ltd within 30 days of the Court's Order granting this Motion.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III*
J. Edward Bell, III (#1280)
Gabrielle Sulpizio (#12715)
Joshua M. W. Salley (#13214)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@edbelllaw.com
gsulpizio@belllegalgroup.com
jsalley@edbelllaw.com

**ATTORNEYS FOR PLAINTIFFS**

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**
Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com

**ATTORNEYS FOR PLAINTIFFS**

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull (admitted Pro Hac Vic)
Danielle Bianculli Pinter (admitted Pro Hac Vice)
Christen Price (admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004

6

bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**ATTORNEYS FOR PLAINTIFFS**

April 3, 2024
Georgetown, SC