IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>  Plaintiffs,<br><br>vs.<br><br>COLLINS MURPHY et. al.,<br><br>  Defendants. | Case No.: 7:20-CV-00947-DCC<br><br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR EXTENSION OF TIME |
| JANE DOE,<br><br>  Plaintiff,<br><br>vs.<br><br>LIMESTONE UNIVERSITY et. al.,<br><br>  Defendants. | Case No.: 7:21-CV-03193-DCC<br><br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR EXTENSION OF TIME |

Plaintiffs, by and through their undersigned counsel, and pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, submit this Memorandum in Support of their Motion for Extension of Time to extend the discovery deadline by ninety (90) days.

## BACKGROUND

Since the April 16, 2024, status conference, the MindGeek defendants waited until May 13, 2024, less than 30 days before the discovery deadline, to produce a supplemental production of over 30,000 documents. Plaintiffs anticipate several additional supplemental productions from the MindGeek Defendants based upon the agreement of 11 custodians and 19 search terms. Additionally, Plaintiffs have served the MindGeek defendants with their Fifth Set of Discovery Requests which are narrowly tailored to address three distinct factual areas of the case: 1. The

content manipulation by MindGeek, 2. The SEO business model/monetization for Pornhub.com, and 3. The organizational/operational control of Pornhub.com. Following this production, the parties must then address the supplemental documents involving the disputed search terms and custodians.

Given the expected production of discovery documents, the need to finalize additional depositions, and the potential need for additional tailored written discovery, the current pending May 31, 2024 discovery deadline is likely not feasible. This concern was also discussed at our status conference with the Court. Following our discussions with the Court on May 3, 2024, the Plaintiffs asked the Defendants whether the parties could agree to conduct discovery after the May 31st deadline. The Hammy Media Defendants objected.

On May 15, 2024, after Plaintiffs' correspondence to the Court regarding a request for an extension to the discovery deadline, the MindGeek defendants made a proposal to Plaintiffs regarding the extension of the discovery deadline. Plaintiffs file this instant motion because, as outlined herein, to date Plaintiffs have been diligent in their discovery efforts, the remaining discovery is likely to result in the need for more narrowed investigation, and Plaintiffs' currently pending Motion to Compel all provide justification and good cause to extend the discovery deadline, as the current deadline of May 31, 2024 cannot be met, despite the most diligent efforts by all parties.

## **LEGAL STANDARD**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified "for good cause and with the judges consent." Fed. R. Civ. P. 16 (b)(4). The "good cause" standard for securing an amendment of the time-limits in a scheduling order does not require a litigant to go so far as to show "manifest injustice" or "substantial hardship." See Fed. R.

Civ. P. 26 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b). Instead, "the touchstone of 'good cause' under Rule 16(b) is diligence." See Fed. R. Civ. P. 16(b), advisory committee note, 1983 Amendment (The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension).

## **DISCUSSION**

The current discovery deadline of May 31, 2024 cannot be diligently met, despite the Plaintiffs' best efforts. As this Court is well aware, discovery in this matter has been contentious. The "overarching inquiry" when considering a motion to extend discovery is "whether the moving party was diligent in pursuing discovery." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Courts may also consider prejudice to the nonmoving party. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation omitted). The following outlines the discovery between the parties thus far:

### I.     PLAINTIFFS HAVE BEEN DILIGENT IN THEIR DISCOVERY EFFORTS.

As outlined in the Status Report, which was filed on January 12, 2024, Dkt. Entry 335, and the various Status Conferences held with the Court, Defendants have frustrated the discovery process by unilaterally determining the relevancy of discovery, which is not the appropriate inquiry, and delaying production of the same. The Plaintiffs have attempted to resolve these disputes by engaging in a "meet and confer" practice with Defendants, which has proven to be partially successful, but as outlined above, has resulted in a recent overflow of production which will require additional consideration.[1]

---

[1] Plaintiffs engaged in a "meet and confer" with the MindGeek Defendants on various discovery disputes on the following dates: 5/26/23, 6/23/23, 12/5/23, 3/4/24, 3/12/24, 5/10/24.

This Court should grant Plaintiffs' Motion for Extension of Time to conduct discovery because they have been diligent in their pursuit of discovery in this matter, as outlined below.

### A. Plaintiffs' Discovery of the MindGeek Defendants.

On January 15, 2021, Plaintiffs served their first Set of Requests for Production and Interrogatories on the MindGeek defendants. To date, Plaintiffs have served a total of Five Sets of Requests for Production, Five sets of Interrogatories, and One Set of Requests for Admission. By May 10, 2024, the MindGeek Defendants had produced a total of 23,891 documents only. On May 13, 2024, MindGeek defendants made another supplemental production of 34,375 documents. Based on the previous agreements between counsel, Plaintiffs anticipate more supplemental production from the MindGeek defendants.

To date, Plaintiffs have taken five depositions of MindGeek employees. Plaintiffs have the deposition of Lauren Franklin Herbet currently scheduled for May 23, 2024. Plaintiffs are in the process of scheduling the following depositions: Braden Bulloch, individually and pursuant to Rule 30(b)(6), Matt Kilicci individually, and Ashley Walling individually.

### B. Plaintiffs' Discovery of Defendant Limestone University.

On January 14, 2021, Plaintiffs served their First Set of Requests for Production and Interrogatories on Defendant Limestone University. On March 9, 2021, Defendant Limestone University produced documents responsive to Plaintiffs First Set of Requests for Production. On April 8, 2021, Defendant Limestone University produced responsive written answers to Plaintiffs' First Set of Interrogatories. To date, Defendant Limestone has produced a total of 877 documents. On April 23, 2024, Plaintiffs took the deposition of Brenda Watkins. On April 26, 2024, Plaintiffs took the deposition of Robert Overton. Plaintiffs have noticed the deposition of Sharon Hammonds for May 30, 2024.

### C. Plaintiffs' Discovery of Defendant Collins Murphy.

On September 13, 2023, Plaintiffs took the deposition of Defendant Collins Murphy.

### D. Plaintiffs' Discovery of the Hammy Media Defendants.

On November 15, 2023, after the resolution of the Hammy Defendants dispositive motions, Plaintiffs served their First Request for Production and Interrogatories. In total, Plaintiffs have served Two Sets of Requests for Production and Two Sets of Interrogatories. Plaintiffs have taken a total of two depositions of Hammy Media employees/witnesses. Plaintiffs filed their Motion to Compel discovery and testimony on March 13, 2024. A hearing regarding the same was scheduled for May 29, 2024, however due to conflicts, this hearing has been continued.

### E. Plaintiffs Discovery of Third Parties.

On May 5, 2021, Plaintiffs subpoenaed SR&I Pre-employment Services LLC for document production.

On November 2, 2023, Plaintiffs subpoenaed Alderson Broadus University for document production.

On March 20, 2024, Plaintiffs subpoenaed Lumen for document production.

## II.     EXTENDING DISCOVERY IN THIS CASE IS APPROPRIATE.

As a preliminary matter, Plaintiffs will make reference to the Motions to Stay discovery which were filed by the MindGeek Defendants and the Hammy Media Defendants in June of 2022 and were not resolved until March of 2023, resulting in a six-month period where discovery was slow moving. Plaintiffs request for an extension of discovery, as evidenced by the procedural history of discovery, is justified as the Plaintiffs have been diligent in their pursuit of discovery. The presence of multiple defendants, attorneys, and motions practice has resulted in a slow-moving discovery

journey, however, over the last four months, discovery has begun to take shape and defendants have started to produce documents.

With the most recent discovery production this week of over 30,000 documents, Plaintiffs anticipate that discovery disputes may be ongoing and additional time is required to resolve them effectively and most efficiently.

Additionally, equity favors the granting of this motion because it helps guard against the miscarriage of justice by protecting the integrity of the truth-seeking process and by aiding the Court in discerning the gravity of the malfeasance committed by Defendants.

## CONCLUSION

Given the expected production of discovery documents, the need to finalize additional depositions, and the potential need for tailored additional written discovery, the current pending May 31, 2024 discovery deadline is likely not feasible. Because Plaintiffs have shown that they have been diligent in their discovery and that there is good cause to extend the deadline, this Court should grant Plaintiffs' Motion and extend the discovery deadline by ninety (90) days.

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III*
J. Edward Bell, III (#1280)
Joshua M. W. Salley (#13214)
Gabrielle A. Sulpizio (#12715)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
jsalley@belllegalgroup.com
gsulpizio@belllegalgroup.com

*Counsel for Plaintiffs*

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Chad Propst (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

*Counsel for Plaintiffs*

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull (admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

*Counsel for Plaintiffs*

May 17, 2023
Georgetown, SC