# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD.,<br><br>　　　　Defendants. | Case No.: 7:20-cv-00947<br><br>**HAMMY MEDIA, LTD.; WISEBITS IP, LTD.; AND TRAFFICSTARS, LTD'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES** |
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM,<br><br>　　　　Defendants. | Case No.: 7:21-cv-03193<br><br>**HAMMY MEDIA, LTD.; WISEBITS IP, LTD.; AND TRAFFICSTARS, LTD'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES** |

*"At some point, discovery and litigation must end."*

　　　　　　　　　　　　　　　　　　　*Foster v. BNP Residential Props.,* 2008 U.S. Dist. LEXIS 136600, at *24 (D.S.C. Apr. 28, 2008)

Having already spent months engaging in scattershot discovery that had little, if anything, to do with the actual claims brought by Plaintiffs in this case (as opposed to Plaintiffs' misguided attempts to fight a battle against the adult entertainment industry in general), Plaintiffs now come before this Court to ask that they be allowed three more months to continue their fishing expedition. If allowed, this would extend discovery past even the date that Plaintiffs originally requested (see DE 319-1) and which this Court previously rejected (DE. 333 and 334). With respect to Hammy Media, Ltd., Wisebits IP, Ltd., and TrafficStars, Ltd. (collectively, the "Hammy Defendants") at least, this motion should be denied.

In support of this Opposition, the Hammy Defendants state as follows.

## ARGUMENT

At the risk of repeating a point recently made by the Hammy Defendants in another filing with this Court, this is not a particularly complex case from a factual standpoint. Briefly, the facts are as follows:

In the Fall of 2012, Plaintiffs, who were then members of Indiana University's field hockey team, traveled to Limestone College ("Limestone") to participate in a game against the Limestone College team. Unbeknownst to Plaintiffs, Collins Murphy ("Murphy"), an employee of Limestone, had surreptitiously placed cameras in the locker room and recorded Plaintiffs and their teammates as they changed their clothes and showered. *Seven years later* – in 2019 – the recordings of the Plaintiffs and their teammates were uploaded to "countless pornographic websites," including xHamster.com, which is owned and operated by Hammy Media Ltd. ("Hammy"). Plaintiffs believe the videos to have been uploaded to these websites by Murphy "and/or other third parties…"

Once Hammy was alerted to the existence of the videos by a police detective, it provided copies of the videos to the police as requested and deactivated access to them, retaining them in case they were needed as evidence.

The videos at question in this litigation were uploaded to the xHamster website by a user with the username "cwdistribution." At the time the cwdistribution account was created, it was possible for users to upload videos without first going through an identity verification process. xHamster does not know the identity of user "cdwdistribution." Hammy has since changed its systems so that uploads are accepted only from accounts which have gone through a rigorous verification process.

Hammy has never had any communications with the user who uploaded the videos and never paid any compensation of any sort to any user in connection with the videos at issue.

Plaintiffs brought claims against, *inter alia*, a number of Hammy related entities, three of which remain in the present litigation: Hammy Media, Ltd. (which operates the xHamster.com website); Wisebits IP, Ltd. (which is a holding company for certain intellectual property); and TrafficStars, Ltd., which provides advertising services to thousands of websites, including xHamster.com.

Previously, the Hammy Defendants brought motions to dismiss the claims against them on a variety of grounds, including the immunity provided to them pursuant to Section 230 of the Communications Decency Act. In denying those motions, this Cort stated:

> I want to caution the plaintiffs because I think you understand that there is a very narrow path to navigate for these claims to ever get to a jury. This idea of financial remuneration, whether it took place, the methodology under which it took place, how that relates to the publication and who published it, you've alleged those things, but you're going to have to elicit evidence in discovery to support those things. From the defense side, the defense, although I'm not granting their motion today, it's pretty clear from the case law that they sit in a position of strength. They have the protections of 230. There are questions about exactly how these entities work together, how they reach into this jurisdiction, whether or

> not your showing of purposeful availment is ultimately justified based upon the facts that will be demonstrated through discovery. Jurisdiction is something that can be raised at any -- any time and all of these other things can be raised on summary judgment. And in the interest of judicial economy, I will tell all of you now, as you do this targeted discovery to find out these things, and you get the answers, there's no reason that the defense has to wait until the close of all the evidence with respect to Limestone and Mr. Murphy and everything else before they come back with a motion.

*See* D.E. 306, p. 62.

Far from engaging in the "targeted discovery" envisioned by this Court, Plaintiffs have instead spent everyone's time and money on their crusade against the adult entertainment industry. In a way, this is understandable: the (very) little discovery that Plaintiffs actually directed at the relevant issues did nothing to take their claims outside of Section 230 immunity. Plaintiffs' counsels' intent, it seems is to scream "Pornography, BAD" as loudly as possible in the hope that this will prove a proper substitute for legal or factual arguments.

In their Motion seeking to extend the discovery deadlines, Plaintiffs say next-to-nothing about the Hammy Defendants. This, too, is understandable in a way. There is next-to-nothing for them to say. With the exception of some narrow discovery disagreements already pending before this Court, Plaintiffs have no outstanding discovery pending with respect to the Hammy Defendants.

Far from meeting the "good cause shown" standard that Plaintiffs claim to be applicable to their motion, they have shown no cause (good or otherwise) and, indeed, they have made no arguments at all about what relevant discovery they hope to pursue against the Hammy Defendants if their motion were granted. Instead, they ask this Court for a blank check without ever explaining what they will "spend" their time on or why they could not have taken such discovery before the end of the deadline set by this Court.

As some point, discovery and litigation must end. For this case – with respect to the Hammy Defendants at least – that time is now. Plaintiffs' motion to extend the discovery deadlines should be denied.

                    Respectfully Submitted,

                    /s/ Hannah Rogers Metcalfe
                    Hannah Rogers Metcalfe, Fed ID. 9943
                    Metcalfe & Atkinson, LLC
                    1395 South Church Street
                    Greenville, South Carolina 29605
                    (864) 214-2319

                    Evan Fray-Witzer (*pro hac vice*)
                    CIAMPA FRAY-WITZER, LLP
                    20 Park Plaza, Suite 505
                    Boston, Massachusetts 02116
                    Telephone: 617-426-0000
                    Facsimile: 617-423-4855
                    Evan@CFWLegal.com

                    Valentin D. Gurvits (*pro hac vice*)
                    Frank Scardino (*pro hac vice*)
                    BOSTON LAW GROUP, PC
                    825 Beacon Street, Suite 20
                    Newton Centre, Massachusetts 02459
                    Telephone: 617-928-1804
                    Facsimile: 617-928-1802
                    vgurvits@bostonlawgroup.com
                    frank@bostonlawgroup.com

                    *Attorney for Hammy Media, LTD, Trafficstars LTD, and Wisebits IP LTD*

May 31, 2024
Greenville, South Carolina