# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>COLLINS MURPHY, et al.,<br><br>　　　　　Defendants. | Case No.: 7:20-cv-00947-DCC |
| JANE DOE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>LIMESTONE UNIVERSITY, et al.,<br><br>　　　　　Defendants. | Case No.: 7:21-cv-03193-DCC |

## HAMMY MEDIA LTD'S, WISEBITS IP, LTD'S, AND TRAFFICSTARS, LTD'S NOTICE OF SUPPLEMENTAL LEGAL AUTHORITIES

Defendants Hammy Media, Ltd. ("Hammy") Trafficstars, Ltd. ("TL") and Wisebits IP, Ltd. ("WIL")(collectively, the "Hammy Media Defendants") hereby provide this honorable court with Notice of Supplemental Legal Authorities in support of their various Motions for Summary Judgment.

On June 24, 2025, a decision was issued by the United States District Court for the District of Northern California in *In re YouTube Trafficking Litigation*, 2025 U.S. Dist. LEXIS 119996 (N.D. Cal June 24, 2025), attached hereto at Exhibit 1. There, the Court noted that the allegations of the complaint "center on how Onision posted video content to his YouTube channels, how that content is said to have targeted and garnered underage audiences which gave him access to

underage fans, and how YouTube derived ad revenue from the online traffic to Onision's videos." *Id.* At *3.

Plaintiffs there argued that, because YouTube and Onision were parties to the YouTube Partnership Program (YPP), YouTube's revenue-sharing program, and because YouTube financially benefitted from Onision's posting of videos, the exception to Section 230 immunity for sex trafficking applied. In rejecting this argument, the Court relied on the Ninth Circuit's decision in *Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025):

> plaintiffs rely on allegations about YouTube's general video-search algorithms, control over ad revenue generated from viewership of Onision's content per the YPP agreement, and instances in which YouTube was notified via complaints that Onision was violating its terms of service. …The claim is directly foreclosed by *Grindr* because these allegations, taken as true, show no more than that YouTube "provided a platform that facilitated the sharing of [videos] between users" and "merely turn[ed] a blind eye to the source of its revenue."   …Plausible allegations that YouTube "generally benefitted from sex traffickers' use of [its platform]" do not establish that YouTube's "own conduct" violated section 1591. Consequently, plaintiffs' claims under Section 1595 are barred by Section 230.

*Id.* at *5-6.

Separately, on July 25, 2025, the Appellate Division of the Supreme Court of New York issued its opinion in *Patterson v. Meta Platforms, Inc.*, 2025 N.Y. App. Div. LEXIS 4403 (July 25, 2025), attached as Exhibit 2. In *Patterson*, Plaintiffs were survivors and family members of the victims of a racially-motivated shooting at a grocery store in Buffalo, N.Y. Plaintiffs alleged causes of action against a variety of different social media platforms including:

> negligence, unjust enrichment and strict products liability based on defective design and failure to warn. According to plaintiffs, the social media platforms in question are defectively designed to include content-recommendation algorithms that fed a steady stream of racist and violent content to the shooter, who over time became motivated to kill Black people. Plaintiffs further allege that the content-recommendation algorithms addicted the shooter to the social media defendants' platforms, resulting in his isolation and radicalization, and that the platforms were designed to stimulate engagement by exploiting the neurological vulnerabilities of users like the shooter and thereby maximize profits.

*Id.* at *4-5.

Relying in large part of precedent from the Fourth Circuit (including *Zeran v. America Online, Inc.,* 129 F.3d 327 (4th 1997); *Nemet Chevrolet Ltd. V. Consumeraffairs.com*, 591 F.3d 250 (2009); and *M.P. v. Meta Platforms, Inc.*, 591 F. 4th 516 (4th Cir. 2025)), the Court found the case "on all fours with M.P.," dismissing the claims against the social media platforms pursuant to Section 230 of the Communications Decency Act:

> As the Center for Democracy and Technology explains in its amicus brief, content-recommendation algorithms are simply tools used by social media companies "to accomplish a traditional publishing function, made necessary by the scale at which providers operate." Every method of displaying content involves editorial judgments regarding which content to display and where on the platforms. Given the immense volume of content on the Internet, it is virtually impossible to display content without ranking it in some fashion, and the ranking represents an editorial judgment of which content a user may wish to see first. All of this editorial activity, accomplished by the social media defendants' algorithms, is constitutionally protected speech.
>
> … While everyone of goodwill condemns the shooter's actions and the vile content that motivated him to assassinate Black people simply because of the color of their skin, there is in our view no reasonable interpretation of section 230 that allows plaintiffs' tort causes of action to survive as against the social media defendants, who are entitled to immunity under the statute as the publishers of third-party content on their platforms.

*Id.* at pp. 16; 22.

Respectfully Submitted,

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855

                              Evan@CFWLegal.com

                              Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorney for Hammy Media, LTD, Trafficstars LTD, and Wisebits IP LTD*

July 29, 2025
Greenville, South Carolina